**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email:  lrosen@rosenlegal.com

*Liaison Counsel for Movants and [Proposed]*
*Liaison Counsel for the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN JOSEPH ABADILLA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PRECIGEN, INC. F/K/A INTREXON CORPORATION, RANDAL J. KIRK, AND RICK L. STERLING, <br><br> Defendants. | Case No. 5:20-cv-06936-BLF <br><br> **OPPOSITION OF CHRIS LORINO, MICHAEL LORINO, GEORGE SHEHATA, AND HAROLD B. OBSTFELD TO COMPETING LEAD PLAINTIFF MOTIONS** <br><br> <u>CLASS ACTION</u> <br><br> Judge: Beth Labson Freeman <br> Hearing: May 13, 2021 <br> Time: 9:00 AM <br> Ctrm: 3 – 5th Floor (San Jose) |
| GANG CHEN, On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PRECIGEN, INC. F/K/A INTREXON CORPORATION, RANDAL J. KIRK, and RICK L. STERLING, <br><br> Defendants. | Case No. 5:20-cv-07442- BLF |

[Additional caption on next page]

1

| JOSEPH SEPPEN, On Behalf of All Others Similarly Situated, | ) | Case No. 5:20-cv-07586- BLF |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| PRECIGEN, INC. F/K/A INTREXON CORPORATION, RANDAL J. KIRK, RICK L. STERLING, and JOEL LIFFMANN, | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN OPPOSITION TO**

**COMPETING LEAD PLAINTIFF MOTIONS**

Movants Chris Lorino, Michael Lorino, George Shehata, and Harold B. Obstfeld ("Movants") respectfully submit this Memorandum of Law in Opposition to competing lead plaintiff motions.

Only one movant claims a larger financial interest than Movants. The claimed financial interests are listed below:

| Raju Shah, "for [him]self and [his] wife" | $413,484.49 | Dkt. Nos. 11-5 ¶ 2, 11-4. |
|---|---|---|
| Movants | $405,155.58 | Dkt. No. 23-3. |
| Kenneth R. Clayton | $134,293.08 | Dkt. No. 16-4. |
| Joseph Seppen | "approximately $90,000" | Dkt. No. 22 at 9. |

While Mr. Shah asserts a larger financial interest by $8,328.91 he has not properly established his financial interest and improperly inflates it.  Mr. Shah includes losses suffered by his wife.  However, absent an assignment of claims at or before the filing of his lead plaintiff

OPPOSITION OF CHRIS LORINO, MICHAEL LORINO, GEORGE SHEHATA, AND HAROLD B. OBSTFELD TO COMPETING LEAD PLAINTIFF MOTIONS
5:20-cv-06936-BLF

motion, Mr. Shah does not have standing to represent his wife's losses. *See Petrie v. Elec. Game Card*, 308 F.R.D. 336, 346 (C.D. Cal. 2015) (husband lacked standing, even though he made the investment decisions, because the shares were in wife's account); *In re Bard Associates, Inc.*, 2009 WL 4350780, at *2 (10th Cir. Dec. 2, 2009) (standing is required at the time the lead plaintiff motion is filed, thus assignment of claims is at the time the lead plaintiff motions were filed). No assignment of claims was submitted with Mr. Shah's motion. Thus, he lacks standing to represent losses incurred by his wife—and such losses should be excluded from his financial interest.

Additionally, even if Mr. Shah may arguably have standing for his wife's shares (he does not), "courts in securities class actions have found that the uncertain standing of a class representative creates unique legal issues for that plaintiff and destroys its typicality and adequacy as a class representative." *South Ferry LP No. 2 v. Killinger*, 271 F.R.D. 653, 659 (W.D. Wash. 2011) (citing *In re IMAX Sec. Litig.*, 2009 WL 1905033, at *3 (S.D.N.Y. June 29, 2009) (plaintiff atypical and inadequate class representative, regardless of whether assignments cured its deficient standing, because its standing issues "could ultimately severely prejudice the class, either at the class certification stage or on some subsequent appeal")). "Where it is predictable that a major focus of the litigation will be on an arguable defense unique to the named plaintiff ... then the named plaintiff is not a proper class representative." *Koos v. First Nat'l Bank*, 496 F.2d 1162, 1164 (7th Cir. 1974).

Moreover, even if a timely assignment exists, the failure to include that information in Mr. Shah's sworn certification and the failure to file the assignment with the Court render Mr. Shah's submissions inaccurate and incomplete—and weigh against his appointment as lead plaintiff. *E.g.*, *Nasin v. Hongli Clean Energy Techs. Corp.*, 2017 WL 5598214, at *3 (D.N.J. Nov. 21, 2017) (holding "deficient certifications will subject [lead plaintiff movant] to a unique defense that renders them 'incapable of adequately representing the class' and, as a result, they are not the presumptively most adequate lead plaintiff.") (internal citation omitted); *Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, 2015 WL 1345931, at *2-3 (S.D.N.Y. Mar. 19, 2015) (finding that discrepancies in movant's financial data precluded the court from

3

verifying movant's claimed losses, which undermined movant's adequacy as lead plaintiff); *Karp v. Diebold Nixdorf, Inc.*, 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019) (same).

In contrast, Movants have lost $405,155.58. Dkt. No. 23-3. Movants have also clearly established their financial interest and are not subject to unique standing issues.

Movants form a small, four-person group which includes two brothers, a medical doctor, and an attorney who has "successfully prosecuted securities fraud and shareholder derivative suits and other complex commercial litigation in federal and state courts throughout the country." See Dkt. No. 23-4 ¶ 2-5.

Movants should be appointed co-Lead Plaintiffs and their selection of Pomerantz LLP and Edelson Lechtzin LLP as co-Lead Counsel and The Rosen Law Firm, P.A. as Liaison Counsel should be approved.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court issue an Order: (1) consolidating the related actions; (2) appointing Movants as co-Lead Plaintiffs of the Class; and (3) approving Pomerantz LLP and Edelson Lechtzin LLP as co-Lead Counsel and The Rosen Firm, P.A. as Liaison Counsel.

Dated: December 18, 2020.                    Respectfully submitted,

                                             **THE ROSEN LAW FIRM, P.A.**
                                             */s/Laurence M. Rosen*
                                             Laurence M. Rosen, Esq. (SBN 219683)
                                             355 South Grand Avenue, Suite 2450
                                             Los Angeles, CA 90071
                                             Telephone: (213) 785-2610
                                             Facsimile: (213) 226-4684
                                             Email: lrosen@rosenlegal.com

4

*Liaison Counsel for Movants and [Proposed]*
*Liaison Counsel for the Class*

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
(pro hac vice application forthcoming)
J. Alexander Hood II
(pro hac vice application forthcoming)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
(pro hac vice application forthcoming)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

**EDELSON LECHTZIN LLP**
Eric Lechtzin
3 Terry Drive, Suite 205
Newtown, PA 18940
Telephone: 267-408-8445
Email: elechtzin@edelson-law.com

*Counsel for Movants and [Proposed]Co- Lead*
*Counsel for the Class*

5

OPPOSITION OF CHRIS LORINO, MICHAEL LORINO, GEORGE SHEHATA, AND
HAROLD B. OBSTFELD TO COMPETING LEAD PLAINTIFF MOTIONS
5:20-cv-06936-BLF

**BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC**
Peretz Bronstein
(pro hac vice application forthcoming)
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
peretz@bgandg.com

*Additional Counsel for Movants*

OPPOSITION OF CHRIS LORINO, MICHAEL LORINO, GEORGE SHEHATA, AND
HAROLD B. OBSTFELD TO COMPETING LEAD PLAINTIFF MOTIONS
5:20-cv-06936-BLF

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On December 18, 2020 I electronically filed the following **OPPOSITION OF CHRIS LORINO, MICHAEL LORINO, GEORGE SHEHATA, AND HAROLD B. OBSTFELD TO COMPETING LEAD PLAINTIFF MOTIONS** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on December 18, 2020.


/s/Laurence M. Rosen
Laurence M. Rosen

OPPOSITION OF CHRIS LORINO, MICHAEL LORINO, GEORGE SHEHATA, AND
HAROLD B. OBSTFELD TO COMPETING LEAD PLAINTIFF MOTIONS
5:20-cv-06936-BLF