Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Ave., Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for Movant Kenneth R. Clayton, M.D.*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN JOSEPH ABADILLA, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PRECIGEN, INC F/K/A INTREXON CORPORATION, RANDAL J. KIRK, and RICK L. STERLING,<br><br>Defendants. | No.  3:20-cv-06936-BLF<br><br>CLASS ACTION<br><br>**NON-OPPOSITON OF KENNETH R. CLAYTON, M.D. TO THE COMPETING MOTION OF MOVANT SHAH AND OPPOSITION TO THE OTHER COMPETING MOTIONS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Date: Thursday, May 13, 2021<br>Time: 9:00 a.m.<br>Courtroom: 3, 5th Floor<br>Judge: Hon. Beth Labson Freeman |
| GANG CHEN, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PRECIGEN, INC F/K/A INTREXON CORPORATION, RANDAL J. KIRK, and RICK L. STERLING,<br><br>Defendants. | No.  4:20-cv-07442-JST<br><br>CLASS ACTION |

010959-11/1419784 V4

JOSEPH SEPPEN, Individually and On Behalf Of All Others Similarly Situated,

Plaintiff,

v.

PRECIGEN, INC F/K/A INTREXON CORPORATION, RANDAL J. KIRK, and RICK L. STERLING,

Defendants.

No.  3:20-cv-07586-JD

CLASS ACTION

010959-11/1419784 V4

Four motions for appointment as lead plaintiff are pending before this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

The PSLRA creates a presumption that the "most adequate plaintiff" for the purposes of these motions is the person or group that has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(B)(iii)(I). Here, "the relief sought by the class" consists of recovery for investment losses suffered as a result of transactions in Precigen securities from May 10, 2017 to September 25, 2020.

Dr. Kenneth R. Clayton applied for appointment as lead plaintiff on December 4, 2020, stating that he suffered losses of $134,293.08. However, based on a review of the competing motions, it appears that another movant, Raju Shah, has the largest financial interest in this litigation with losses of $413,484.49 and is the presumptive most adequate plaintiff". But, if this Court finds Mr. Shah is not a proper lead plaintiff, Dr. Clayton should be appointed for the reasons set forth below.

The next largest movant is a group of four individuals represented by four counsel and is not the type of "group" permitted by the PSLRA (the "Lorino" Group). The individual members have dissimilar losses ranging from $30,591.46 to $145,508.40.

Courts interpreting the PSLRA have held that courts should approve only those groups of lead plaintiffs that are "capable of actively overseeing the litigation and monitoring its counsel." *See Doherty v. Pivotal Software, Inc.*, No. 3:19-cv-03589-CRB, 2019 WL 5864581, at *6 (N.D. Cal. Nov. 8, 2019). Courts, including those in this District, adopt this interpretation of the PSLRA and regularly appoint only groups of lead plaintiff movants which have proven themselves able to effectively manage the litigation and counsel. *See e.g., In re Network Assocs. Sec. Litig.*, 76 F. Supp. 2d 1017, 1026 (N.D. Cal. 1999) (A "group of persons" within the meaning of the Act should, like an

NON-OPPOSITION TO MOVANT SHAH'S MOTION AND OPPOSITION TO THE OTHER COMPETING MOTIONS TO CONSOL. REL. CASES, APPOINT LEAD PL. AND APPROVE COUNSEL                                                                                                    - 1
Case No.: 3:20-cv-06936-BLF
010959-11/1419784 V4

institution or single large investor, be able to actively oversee the conduct of the litigation and monitor the effectiveness of counsel. In short, the Act's allowance for a "group of persons" as lead plaintiff must be interpreted by reference to the Act as a whole and to the Act's purpose.") (*citing* Amicus Brief of SEC, *Parnes, et al., v. Digital Lightwave, Inc*., at 12, 15, No. 99-11293 (11th Cir. Aug. 25, 1999)); *Markette v. Xoma Corp.*, No. 4:15-cv-03425-HSG, 2016 WL 2902286, at *8 (N.D. Cal. May 13, 2016); *Eichenholtz v. Verifone Holdings, Inc*., No. 3:07-cv-06140-EMC, 2008 WL 3925289, at *8 (N.D. Cal. Aug. 22, 2008).

In *Veal v. LendingClub Corp.*, No. 5:18-cv-02599-BLF, 2018 WL 5879645, at *3 (N.D. Cal. Nov. 7, 2018), this Court has further set out the scrutiny to be applied to groups:

> In appointing a group as lead plaintiff, courts must be wary of lawyers' attempts to group unrelated plaintiffs to ensure the lawyers get appointed as lead counsel. *See Bodri v. Gopro, Inc.*, No. 16-CV-00232-JST, 2016 WL 1718217, at *4 (N.D. Cal. Apr. 28, 2016) ("Northern District of California courts have generally found that appointing a group of unrelated investors undercuts the primary purpose of the PSLRA: to eliminate lawyer-driven litigation. (internal quotation marks and citation omitted). To avoid this potential pitfall, district courts analyze the following criteria to make sure the group would sufficiently adequately represent the class: "descriptions of [the group's] members, including any pre-existing relationship among them, an explanation of how its members would function collectively, and a description of the mechanism that its members and the proposed lead counsel have established to communicate with one another about the litigation." *In re Versata*, 2001 WL 34012374, at *5 (alteration in original) (quoting *In re Network Associates, Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1026 (N.D. Cal. 1999).

Unlike as this Court found in *Lending Club*, where the movants were previously married to each other, here, counsel for the Lorino Group proffers a group of four individuals who have no pre-existing relationship and do not appear to know all four of their counsel, let alone control the litigation efficiently or effectively. Their pleadings contain no evidence of how they came together, nor any mechanism the proposed counsel have established to communicate with each other. There is no commitment to regular communications, updates or conferences. Compounding these concerns is the Lorino Group's inexplicable request for two different law firms  to be approved as co-lead

plaintiff, a third law firm as liaison counsel, and a fourth law firm as separate additional counsel for two of the four members of the group. *See* ECF No. 21 at 12-14. The Lorino Group's Joint Declaration does not discuss the need for, their awareness of, or how they came to have or approve representation by four different law firms. ECF No. 23-4. Nor do they explain what roles the different law firms will play, or how they will manage counsel to avoid duplication. *Id*. Rather, the Lorino Group's declaration seems to indicate they are only aware of the existence of two of the four counsel. These circumstances undermine the group's claims regarding the "efficient prosecution of the Action." *Id.* at ¶ 13. *See In re Gemstar-Tv Guide Int'l Sec. Litig*., 209 F.R.D. 447, 451 (C.D. Cal. 2002) ("Allowing [movant group] to serve as lead plaintiff in this action and to be represented by two different law firms would defeat the purpose of choosing a lead plaintiff and undermine the objectives of the PSLRA," one of which is "to prevent lawyer-driven litigation.").

The other remaining movant – Joseph Seppen– has suffered losses (around $90,000 for which he provides no calculation) which is substantially less than Dr. Clayton's losses. Therefore, while Raju Shah appears to be the presumptive most adequate, if the court finds he is not, then Dr. Clayton should be appointed lead plaintiff and his counsel approved.

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

DATED: December 18, 2020

*/s/ Reed R. Kathrein*
REED R.KATHREIN

Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
Wesley Wong (314652)
15 Hearst Ave., Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
wesleyw@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOLS SHAPIRO LLP

1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Counsel for Movant Kenneth R. Clayton, M.D.*