JOHN T. JASNOCH (CA 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone:  619/233-4565
619/233-0508 (fax)
jjasnoch@scott-scott.com

*Attorneys for Lead Plaintiff Movant Raju Shah*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN JOSEPH ABADILLA, Individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br>     v.<br><br>PRECIGEN, INC. F/K/A INTREXON CORPORATION, RANDAL J. KIRK, and RICK L. STERLING,<br><br>               Defendants. | Case No. 5:20-cv-06936-BLF<br><br>**RAJU SHAH'S REPLY MEMORANDUM OF POINTS & AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>Date:          May 13, 2021<br>Time:         9:00 a.m.<br>Courtroom.:  3 – 5th Floor<br>Judge:        Hon. Beth Labson Freeman |
| GANG CHEN, Individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br>     v.<br><br>PRECIGEN, INC. F/K/A INTREXON CORPORATION, RANDAL J. KIRK, and RICK L. STERLING,<br><br>               Defendants. | Case No. 4:20-cv-07442-BLF |
| JOSEPH SEPPEN, Individually and On Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br>     v.<br><br>PRECIGEN, INC. F/K/A INTREXON CORPORATION, RANDAL J. KIRK, RICK L. STERLING, and JOEL LIFFMANN,<br><br>               Defendants. | Case No. 3:20-cv-07586-BLF |

Lead Plaintiff Movant and putative Class member, Raju Shah, respectfully submits this memorandum of law in response to the opposition filed by the Group Movant (ECF No. 43) (hereinafter "Group Opp."), and in further support of his motion for appointment as lead plaintiff and approval of lead counsel (ECF No. 11).

**SUMMARY OF ARGUMENT**

There are now only two lead plaintiff movants, Shah and the four member Group Movant. *See* ECF Nos. 11 and 21, respectively.[1]  In its opposition, the Group Movant concedes that Shah's claimed loss of $413,484 is the largest of any movant.  *See* ECF No. 43 at 2 (agreeing that Shah "asserts a larger financial interest").  Therefore, pursuant to the PSLRA, Shah is the presumptive lead plaintiff and must be appointed lead plaintiff unless the Group Movant comes forward with concrete evidence establishing that Shah is not adequate or typical within the meaning of Federal Rule of Civil Procedure 23.   Group Movant has wholly failed to meet this exacting standard.

Instead, without legal or factual basis, the Group Movant claims that Shah is disqualified because Shah's declaration submitted in support of his motion states he purchased his Precigen shares "for the benefit of myself and my wife."  ECF No. 11-4, ¶2.  From this background fact, Group Movant makes a giant speculative leap to conclude that Shah does not have standing to prosecute this case.  Group Opp at 2-3.  The Group Movant's argument is supported by zero evidence and incorrect on the law.

Contrary to the Group Movant's bald assertions, Shah's declaration merely refers to the fact that he purchased Precigen stock from a joint account he holds with his wife.  *See* ECF No. 11-4, ¶2.  Shah has an ownership interest in the securities claims arising from this joint account

---

[1]   Unless otherwise defined herein, all capitalized terms shall maintain the same meaning as those set forth in Shah's motion (ECF No. 11).  Competing movants Kenneth R. Clayton, M.D. (ECF No. 16) and Joseph Seppen (ECF No. 22) have filed notices of non-opposition to Shah's motion (though Clayton specifically opposes the proposed appointment of Group Movant on certain grounds) (ECF Nos. 45 and 46, respectively).

RAJU SHAH'S REPLY MEMORANDUM OF POINTS & AUTHORITIES IN FURTHER SUPPORT OF HIS
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
CASE NO. 5:20-cv-06936-BLF

and, thus, may properly seek to be appointed lead plaintiff on the basis of his losses. *See, e.g.*, *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830, 2010 WL 5173851, at \*11 (W.D. Tenn. Dec. 15, 2010) ("*Regions*") (applying *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 108 (2d Cir. 2008), in the context of PSLRA lead plaintiff contest and holding that a lead plaintiff movant "*has standing to bring an action on behalf of . . . his joint account because he has a direct ownership interest in [it].*").[2]

The Group Movant cannot dispute that Shah has an ownership interest in his joint account and does not cite to any authority holding that, contrary *Regions*, the owner of a joint account is somehow disqualified from being a lead plaintiff. Therefore, the Court should reject the Group Movant's meritless argument and grant Shah's lead plaintiff motion in full.

## ARGUMENT

### A.　Group Movant Concedes That Shah Has Asserted the Largest Financial Loss

Pursuant to the PSLRA, the movant who asserts the largest financial interest in the case in the "presumptive lead plaintiff" and must be appointed lead unless competing movants come forward with evidence establishing that the presumptive lead plaintiff is not adequate or typical. *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). Here, the Group Movant concedes that Shah has asserted the largest financial loss. *See* Group Opp. at 2.

### B.　Group Movant Has Failed to Rebut Shah's Lead Plaintiff Presumption

In opposing Shah's lead plaintiff motion, Group Movant baselessly speculates that Shah does not have standing. The purported basis for that speculation is the following statement in Shah's declaration: "I have over 33 years of investing experience and I purchased Precigen stock for myself and my wife, Rekha Shah, based on my analysis of the stock." ECF No. 11-4, ¶2. From this sentence, Group Movant speculates that the losses Shah asserted in his motion are "his wife's

---

[2]　　Unless otherwise noted, all emphasis is added.

losses."[3]  Group Opp. at 2-3.  Group Movant's speculation is unsupported by any evidence, incorrect on the facts and law, and disingenuous.  Nothing about this sentence raises questions about Shah's standing and, in any event, Shah can easily clear up any misunderstanding.

The standard for rebutting a lead plaintiff presumption is high.  Speculation will not suffice; there must be "'***proof***' sufficient to rebut that presumption." *Chupa v. Armstrong Flooring, Inc*., No. 2:19-CV-09840, 2020 WL 1032420, at \*3 (C.D. Cal. Mar. 2, 2020).  This standard requires "evidence, not just argument, demonstrating how appointing the presumed lead plaintiff 'will affect the litigation' to the disadvantage of the class." *Id*. (discussing *In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig*., No. 16-CV-02672 CRB (JSC), 2016 WL 5930844, at \*5 (N.D. Cal. Oct. 11, 2016)); *see also Roofers' Pension Fund v. Papa*, No. 16-2805, 2017 WL 1536222, at \*5 (D.N.J. Apr. 27, 2017) (without a "substantiated allegation or reason to believe that . . . [a] sworn declaration . . . is incorrect or false[,]" objector has "not established a probability that the [Defendants] would focus much, if any, time during the litigation establishing standing; or that such time would be spent at the expense of issues that are common and controlling for the rest of the class").

The Group Movant has failed to rebut the presumption because its attack on Shah's standing is factually and legally deficient.  Shah purchased his stock in a joint account he owned with his wife. *See* Declaration of Raju Shah, submitted herewith ("Shah Reply Decl."), ¶¶1-2.  It cannot seriously be disputed that Shah has an ownership interest in his joint account or securities claims arising from his account.  Shah's ownership interest confers the requisite standing and makes him a suitable lead plaintiff.  This issue was examined *Regions*, a case addressing a PSLRA

---

[3]  Group Movant's argument flows from a disingenuous quoting of this sentence.  Group Movant does not actually quote or discuss the sentence.  Group Opp at 2.  Rather, it condenses it to "for [him]self and [his] wife,"  and attaches that language to Shah's name in the chart it provides comparing movant losses.  Group Movant then goes on to assert that Shah is bringing his wife's claims.

leadership contest where one of the lead plaintiff movants asserted claims arising from a number of accounts, including a joint account. *See* 2010 WL 5173851, at \*10-11. In evaluating the issue of a movant's standing, the *Regions* Court reasoned that, "for a party to suffer an injury, it must have 'legal title to, or a property interest in, the claim.'" *Id.* at \*10 (citing *Huff*, 549 F.3d at 108).[4] *Regions* held that the movant at issue satisfied this standard with respect to a joint account because he had a a "direct ownership interest" in that account. *Id.* at \*11 (citing *Huff* at 108). There is no reason to depart from the straight-forward analysis of *Regions*, which applied established appellate authority. As in *Regions*, Shah has standing to assert claims on behalf of his joint account and is an appropriate lead plaintiff.

None of the cases cited by Group Movant support its argument that Shah lacks standing or is disqualified as a lead plaintiff. In *Petrie v. Elec. Game Card*, the account at issue was ***solely*** in the name of the wife, yet the husband was asserting ownership/standing. 308 F.R.D. 336, 346 (C.D. Cal. 2015). As such, *Petrie* clearly does not apply here, where Shah owns the account in question. *In re Bard Assocs., Inc.*, *South Ferry LP No. 2 v. Killinger*, and *IMAX Secs. Litig.* all addressed the issue of a financial advisor, who had no proprietary interest in the claims asserted, seeking to serve as a class representative on behalf of a client.[5] These decisions are plainly inapt because Shah has a property interest in the claims he is asserting. *See Regions*, 2010 WL 5173851, at \*10-11. Finally, as no assignment was necessary here and there was no deficiency or error in

---

[4]    The Ninth Circuit has expressed agreement with *Huff*. *See Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1043 (9th Cir. 2015), *as amended on denial of reh'g and reh'g en banc* (Apr. 28, 2015).

[5]    *In re Bard Assocs., Inc.*, No. 09-6243, 2009 WL 4350780, at \*2 (10th Cir. Dec. 2, 2009), *South Ferry LP No. 2 v. Killinger*, 271 F.R.D. 653, 659 (W.D. Wash. 2011), and *IMAX Secs. Litig.*, No. 06 Civ 6128, 2009 WL 1905033, at \*3 (S.D.N.Y. June 29, 2009) all discuss *Huff* in a way that supports Shah's argument herein.

Shah's original certification, the remainder of the Group Movant's argument and authority is similarly inapposite.

To the extent the Group Movant's argument is premised on the factual assumption that Shah's wife was the *sole* owner of the account, it is simply incorrect. There is no basis to claim that Shah's wife, alone, owned the account. Furthermore, Shah provides herewith an additional declaration making clear that the account is a joint account and that his wife supports his motion. Shah Reply Decl., ¶¶1-3.

Holding shares in a joint account does not make Shah unique, and neither does the fact that he made his investment to benefit his family, as well as himself. Neither of these facts undermines standing to bring securities fraud claims or Shah's suitability as a lead plaintiff in any way.

## CONCLUSION

For all of the foregoing reasons, and the reasons set forth in his opening and opposition papers, Raju Shah respectfully requests that the Court grant his motion for consolidation and appointment of lead plaintiff and lead counsel in full, and deny all competing motions.

Respectfully submitted,

DATED:  December 28, 2020        **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

   *s/ John T. Jasnoch*
JOHN T. JASNOCH (CA 281605)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
jjasnoch@scott-scott.com

THOMAS L. LAUGHLIN, IV (*pro hac vice*)
RHIANA L. SWARTZ (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212/233-6444
Facsimile:  212-233-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com

*Attorneys for Lead Plaintiff Movant Raju Shah and Proposed Lead Counsel for Plaintiffs*

5

RAJU SHAH'S REPLY MEMORANDUM OF POINTS & AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
CASE NO. 5:20-cv-06936-BLF

BRIAN J. SCHALL
**THE SCHALL LAW FIRM**
1880 Century Park East, Suite 404
Los Angeles, CA 90067-1604
Telephone: (310) 301-3335
Facsimile: (310) 388-0192
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Movant Raju Shah*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2020, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

Executed on December 28, 2020, at San Diego, California.

    *s/ John T. Jasnoch*
    JOHN T. JASNOCH (CA 281605)

RAJU SHAH'S REPLY MEMORANDUM OF POINTS & AUTHORITIES IN FURTHER SUPPORT OF HIS
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
CASE NO. 5:20-cv-06936-BLF