**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Liaison Counsel for Movants and [Proposed]*
*Liaison Counsel for the Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN JOSEPH ABADILLA, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PRECIGEN, INC. F/K/A INTREXON CORPORATION, RANDAL J. KIRK, and RICK L. STERLING, <br><br> Defendants. | Case No. 5:20-cv-06936-BLF <br><br> <u>CLASS ACTION</u> <br><br> **REPLY MEMORANDUM OF CHRIS LORINO, MICHAEL LORINO, GEORGE SHEHATA, AND HAROLD B. OBSTFELD TO COMPETING LEAD PLAINTIFF MOTIONS** <br><br> Judge: Beth Labson Freeman <br> Hearing: May 13, 2021 <br> Time: 9:00 AM <br> Ctrm: 3 – 5th Floor (San Jose) |
| GANG CHEN, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PRECIGEN, INC. F/K/A INTREXON CORPORATION, RANDAL J. KIRK, and RICK L. STERLING, <br><br> Defendants. | Case No. 4:20-cv-07442-JST |

*[Additional caption on next page]*

REPLY MEMORANDUM OF CHRIS LORINO, MICHAEL LORINO, GEORGE SHEHATA, AND HAROLD B. OBSTFELD TO COMPETING LEAD PLAINTIFF MOTIONS
5:20-cv-06936-BLF

| JOSEPH SEPPEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PRECIGEN, INC. F/K/A INTREXON CORPORATION, RANDAL J. KIRK, RICK L. STERLING, and JOEL LIFFMANN,<br><br>Defendants. | Case No. 3:20-cv-07586-JD |
|---|---|

## MEMORANDUM OF LAW IN REPLY TO
## <u>COMPETING LEAD PLAINTIFF MOTIONS</u>

Movants Chris Lorino, Michael Lorino, George Shehata, and Harold B. Obstfeld ("Movants"), respectfully submit this Reply in further support of their lead plaintiff motion.

The Opposition briefs demonstrate that Movants have the largest financial interest, with losses of $405,155.58 (Dkt. No. 23-3), that Movants are otherwise typical and adequate under Fed. R. Civ. P. 23(a), and thus, Movants are the presumptive lead plaintiff. Although one movant, Raju Shah, purports to have a larger financial interest, as shown in Movants' Opposition brief (Dkt. No. 43), Mr. Shah has attempted to assert losses suffered on a joint account with his wife, but she is not seeking appointment as co-lead. Despite her absence, Mr. Shah has not established that he "has 'unrestricted decision making authority' over the account[] at issue," and he has not indicated why his wife "face[s] a barrier in bringing [her] own claims." *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830, 2010 WL 5173851, at *10, *12 (W.D. Tenn. Dec. 15, 2010). As a result, Mr. Shah may be subject to unique defenses concerning his decision-making authority and standing to advance claims on behalf of his wife that could render him atypical and inadequate to represent the proposed class. Thus, his motion should be denied.

The only challenge to Movants' motion is by Mr. Shah, who questions the cohesiveness of Movants' group of four investors. (Dkt. No. 42). For the following reasons, Mr. Shah has failed to rebut that Movants are the presumptive lead plaintiff.

First, Mr. Shah does not dispute (nor can he) that "[t]he PSLRA expressly recognizes that groups of individuals may serve as lead plaintiffs." *In re Versata, Inc., Sec. Litig.*, No. C 01-1439 SI, 2001 WL 34012374, at *3 (N.D. Cal. Aug. 20, 2001) (citing 15 U.S.C. § 78u4(a)(3)(B) (stating that lead plaintiff may be a "member or members" of the putative class, or a "person or group of persons")).

Second, although the case cited by Mr. Shah observes that courts should exercise care when appointing a group of investors as lead plaintiff, here Movants have taken every step needed to assure the Court that it will function collectively as a group. Thus, the case Mr. Shah cites fails

1

REPLY MEMORANDUM OF CHRIS LORINO, MICHAEL LORINO, GEORGE SHEHATA, AND HAROLD B. OBSTFELD TO COMPETING LEAD PLAINTIFF MOTIONS
5:20-cv-06936-BLF

to support his position. Specificaly, in *Veal v. LendingClub Corp.*, No. 18-CV-02599-BLF, 2018 WL 5879645 (N.D. Cal. Nov. 7, 2018), this Court appointed a group of investors as lead plaintiff. While the Court expressed concerns about appointing a group, it quoted with approval cases setting forth guidelines to ensure cohesiveness, stating:

> [D]istrict courts analyze the following criteria to make sure the group would sufficiently adequately represent the class: "descriptions of [the group's] members, including any pre-existing relationship among them, an explanation of how its members would function collectively, and a description of the mechanism that its members and the proposed lead counsel have established to communicate with one another about the litigation."

*Veal*, 2018 WL 5879645, at *3 (quoting *In re Versata*, 2001 WL 34012374, at *5 (alteration in original) (quoting *In re Network Associates, Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1026 (N.D. Cal. 1999)). Here, Movants have followed *Veal's* instructions by submitting a Joint Declaration explaining in detail how the members understand the Lead Plaintiff's responsibility to direct their counsel and how they would function collectively. (Dkt. # 23-4 at ¶¶ 6-14).

Faced with this showing of cohesiveness, Mr. Shah resorts to arguing that two members of the group, Mr. Shehata and Mr. Obstfeld, do not have a pre-litigation relationship. (Dkt. No. 42 at 3 n. 4). However, this Court has recognized that, "'[r]equiring a pre-litigation relationship, though appealing in its simplicity, is too rigid; it is not the only way, or necessarily the best way, to ensure that the lead plaintiffs will actively represent the interests of the purported class.'" *Markette v. XOMA Corp.*, No. 15-CV-03425-HSG, 2016 WL 2902286, at *8 (N.D. Cal. May 13, 2016) (quoting *Versata*, 2001 WL 34012374, at *5). Instead, "[t]he beneficial characteristics sought in a group with a pre-existing relationship—cohesiveness, an ability to direct litigation, and collective confluence with the interests of the class—can be found in unrelated groups on a case-by-case basis." *Id*.

Here, Movants' members have the sophistication and leadership experience needed to direct this litigation. As shown in Movant's Joint Declaration, Mr. Obstfeld has 40 years of

2

REPLY MEMORANDUM OF CHRIS LORINO, MICHAEL LORINO, GEORGE SHEHATA, AND HAROLD B. OBSTFELD TO COMPETING LEAD PLAINTIFF MOTIONS
5:20-cv-06936-BLF

experience as an investor and he is a Harvard-educated lawyer with extensive experience litigating shareholder claims. (Dkt. # 23-4 at ¶ 5). Mr. Shehata is a medical doctor who has been investing in the securities markets for 39 years. *Id*. at ¶ 4. Michael Lorino is president of a telecommunications company and has 25 years of investing experience, and Chris Lorino is an engineer who is the operations manager of an oil and gas company and also and has 25 years of investing experience. *Id*. at ¶¶ 2-3.

Finally, Mr. Shah criticizes Movants for not offering an explanation for the number of counsel representing Movants. (Dkt. No. 42 at 3 n. 4). However, "[t]he PSLRA imposes no such requirement, and courts often approve co-lead counsel where that is the representation structure the lead plaintiff has chosen." *Robb v. Fitbit Inc.*, No. 16-CV-00151-SI, 2016 WL 2654351, at *7 (N.D. Cal. May 10, 2016) (approving co-lead counsel arrangement) (citing *Versata*, 2001 WL 34012374 at *7) (additional citations omitted). Accordingly, the Court should approve Movants' choice of counsel.

## IV.    CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court issue an Order: (1) consolidating the related actions; (2) appointing Movants as co-Lead Plaintiffs of the Class; and (3) approving Pomerantz LLP and Edelson Lechtzin LLP as co-Lead Counsel, and The Rosen Firm, P.A. as Liaison Counsel.

Dated: December 28, 2020                Respectfully submitted,


                                        **THE ROSEN LAW FIRM, P.A.**

                                        /s/Laurence M. Rosen
                                        Laurence M. Rosen, Esq. (SBN 219683)
                                        355 South Grand Avenue, Suite 2450
                                        Los Angeles, CA 90071
                                        Telephone: (213) 785-2610
                                        Facsimile: (213) 226-4684
                                        Email: lrosen@rosenlegal.com

                                        *Liaison Counsel for Movants and [Proposed]*
                                        *Liaison Counsel for the Class*

3

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
(*pro hac vice* application forthcoming)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

**EDELSON LECHTZIN LLP**
Eric Lechtzin (SBN 248958)
Marc H. Edelson
(*pro hac vice* application forthcoming)
3 Terry Drive, Suite 205
Newtown, PA 18940
Telephone: 267-408-8445
elechtzin@edelson-law.com
medelson@edelson-law.com

*Counsel for Movants and [Proposed] Co-Lead
Counsel for the Class*

4

REPLY MEMORANDUM OF CHRIS LORINO, MICHAEL LORINO, GEORGE SHEHATA,
AND HAROLD B. OBSTFELD TO COMPETING LEAD PLAINTIFF MOTIONS
5:20-cv-06936-BLF

**BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC**
Peretz Bronstein
(pro hac vice application forthcoming)
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
peretz@bgandg.com

*Additional Counsel for Movants Chris Lorino and
Michael Lorino*

5

**PROOF OF SERVICE**

I, Eric Lechtzin, hereby declare under penalty of perjury as follows:

I am a Managing Partner of Edelson Lechtzin LLP, with offices at 3 Terry Drive, Suite 205, Newtown, PA 18940. I am over the age of eighteen.

On December 28, 2020 I electronically filed the following **REPLY MEMORANDUM OF CHRIS LORINO, MICHAEL LORINO, GEORGE SHEHATA, AND HAROLD B. OBSTFELD TO COMPETING LEAD PLAINTIFF MOTIONS** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on December 28, 2020.


*/s/Eric Lechtzin*
Eric Lechtzin

6

REPLY MEMORANDUM OF CHRIS LORINO, MICHAEL LORINO, GEORGE SHEHATA, AND HAROLD B. OBSTFELD TO COMPETING LEAD PLAINTIFF MOTIONS
5:20-cv-06936-BLF