**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARTIN JOSEPH ABADILLA,<br><br>Plaintiff,<br><br>v.<br><br>PRECIGEN, INC., et al.,<br><br>Defendants. | Case No. 20-cv-06936-BLF<br><br>**ORDER ON MOTIONS TO APPOINT LEAD PLAINTIFF AND APPROVE SELECTION OF LEAD COUNSEL**<br><br>[Re: ECF 11, 16, 21, 22] |

Now before the Court are four dueling motions for appointment of lead plaintiff and approval of selection of lead counsel. ECF 11, 16, 21, 22. Based on the reasons explained below, the Court GRANTS Plaintiff Raju Shah's motion at ECF 11 and DENIES the remaining motions at ECF 16, 21, and 22.

**I.      BACKGROUND**

On October 5, 2020, Plaintiff Martin Joseph Abadilla filed a securities class action suit in this Court alleging violations of various securities laws against Precigen, Inc. ("Precigen" or the "Company") f/k/a Intrexon Corporation ("Intrexon"), Precigen Chairman and CEO Randal J. Kirk, and Precigen CFO Rick K. Sterling (collectively, "Defendants"). Compl., ECF 1. The complaint alleges that between May 10, 2017 and September 25, 2020, Defendants made materially false and misleading statements or failed to disclose material adverse facts that

> (1) the Company was using pure methane as feedstock for its announced yields for its methanotroph bioconversion platform instead of natural gas; (2) yields from natural gas as a feedstock were substantially lower than the aforementioned pure methane yields; (3) due to the substantial price difference between pure methane and natural gas, pure methane was not a commercially viable feedstock;

> (4) the Company's financial statements for the quarter ended March 31, 2018 were false and could not be relied upon; (5) the Company had material weaknesses in its internal controls over financial reporting; and (6) as a result of the foregoing, Defendants' public statements were materially false and misleading at all relevant times.

*Id*. at ¶¶ 1, 31. Shortly after plaintiff filed the instant complaint, two other securities fraud suits were filed against Precigen alleging substantially the same facts and legal theory. *See Seppen v. Precigen, Inc. et al*, No. 20-cv-07586-BLF; *Chen v. Precigen, Inc. f/k/a Intrexon Corporation et al*, No. 20-cv-07442-BLF. On March 4, 2021, the Court consolidated the three cases. ECF 51.

On December 4, 2020, four plaintiffs filed a motion for appointment as lead plaintiff and approval of selection of counsel: (1) Raju Shah, (2) Kenneth R. Clayton, (3) Chris Lorino, Michael Lorino, George Shehata, and Harold B. Obstfeld ("Lorino Plaintiffs"), and (4) Joseph Seppen. *See* ECF 11, 16, 21, 22.

## II. LEGAL STANDARD

### A. Lead Plaintiff

The Private Securities Litigation Reform Act of 1995 ("PSLRA") governs the procedure for selection of lead plaintiff in all private class actions under the Securities Exchange Act of 1934. 15 U.S.C. § 78u-4(a)(3). Pursuant to the PSLRA, the court shall appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," also referred to as the "most adequate plaintiff." *Id*. at § 78u-4(a)(3)(B)(i).

The PSLRA "provides a simple three-step process for identifying the lead plaintiff." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). First, the pendency of the action, the claims made, and the purported class period must be publicized in a "widely circulated national business-oriented publication or wire service." *Id*.; *see also* 15 U.S.C. § 78u-4(a)(3)(A)(i)(I). This notice must be published within 20 days of the filing of the complaint. Id. It must also alert members of the purported class that they have 60 days to move for appointment as lead plaintiff. 15 U.S.C. §

2

78u-4(a)(3)(A)(i)(II).

Second, the court must identify the presumptive lead plaintiff. To do so, the court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730. The court must then determine whether that individual, "based on the information he has provided in his pleadings and declarations," satisfies the requirements of Rule 23(a), "in particular those of 'typicality' and 'adequacy.'" *Id*. If the plaintiff with the largest financial interest satisfies these requirements, he becomes the "presumptively most adequate plaintiff." *Id*.; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Finally, the other plaintiffs must have "an opportunity to rebut the presumptive lead plaintiff's showing that [he] satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730. Unless a member of the purported plaintiff class provides proof that the presumptive plaintiff "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class," the court must appoint the presumptively most adequate plaintiff as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 732

### B. Lead Counsel

Under the PSLRA, the lead plaintiff has the right, subject to court approval, to "select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Court*, 586 F.3d 703, 711 (9th Cir. 2009) (citation omitted). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id*. at 712 (citations omitted).

### III.  DISCUSSION

#### A.  Procedural Requirements

Pursuant to the PSLRA, the Rosen Law Firm published notice of the pending action on

October 5, 2020 the same date the complaint was filed. *See* 15 U.S.C. § 78u4(a)(3)(A)(i); ECF 9, Exh. 1 (notice of action). The notice announced the pendency of this action, listed the claims, specified the class period, and advised putative class members that they had 60 days from the date of the notice to file a motion to seek appointment as lead plaintiff in the lawsuit. *Id*. Thus, the notice complied with the PSLRA's requirements. *See* 15 U.S.C. § 78u–4(a)(3)(A). All four plaintiffs filed motions for appointment as lead plaintiff on December 4, 2020, the last day within the 60-day deadline. All plaintiffs have met the statutory notice requirements.

### B. Greatest Financial Loss

The Court must next identify the presumptive lead plaintiff—the prospective lead plaintiff with the greatest financial interest in the litigation. *See Cavanaugh*, 306 F.3d at 730. To determine which movant has the largest financial interest, the court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit" through "accounting methods that are both rationally and consistently applied." *Cavanaugh*, 306 F.3d at 730. Each movant has supplied information regarding shares purchased during the class period, the price of those shares, and their approximate losses:

- Plaintiff Shah: $413,484.49. ECF 11 at 7, Exh. C.
- Lorino Plaintiffs: $405,155. ECF 21 at 7; ECF 23 at Exh. 3.
- Plaintiff Clayton: $134,293.08. ECF 16 at 7, Exh. C.
- Plaintiff Seppen: $90,000. ECF 22 at 7; ECF 26 at Exh. B.

After each movant filed their opening brief, Seppen and Clayton filed statements of non-opposition acknowledging that they each appeared not to possess the largest financial interest as required by the PSLRA. ECF 44 at 3 ("based on a review of the competing motions, it appears that another movant, Raju Shah, has the largest financial interest in this litigation with losses of $413,484.49 and is the presumptive most adequate plaintiff. But, if this Court finds Mr. Shah is

not a proper lead plaintiff, Dr. Clayton should be appointed for the reasons set forth below."); ECF 46 at 1 ("Mr. Seppen does not oppose the lead plaintiff motions of movants with larger financial interests. However, the Court may determine that lead plaintiff movants with financial interests larger than that of Mr. Seppen are incapable or inadequate to represent the class in this litigation, including for the reasons raised in the previously-filed opposition briefs").

The Court first considers the financial loss of Shah. The Lorino Plaintiffs argue that Shah's motion improperly includes the losses of his wife. *See* ECF 43 at 2-4; *see also* ECF 46 at 1. Shah responds that the Lorino Plaintiffs' argument is "without legal or factual basis." ECF 48 at 1. Shah explains that while he submitted a declaration in support of his motion stating that he purchased his Precigen shares "for myself and my wife," he purchased the Precigen stock from a joint account he shares with his wife. ECF 48 at 1-2 (quoting ECF 11, Exh. D ¶ 2). Shah argues that he has an ownership interest in all losses flowing from those purchases. *Id*. His declaration and associated exhibits further support his ownership interest in the losses. *See* ECF 11, Exh. B (detailing Raju Shah's stock purchases), C (detailing Raju Shah's losses), D ("I have over 33 years of investing experience and I purchased Precigen stock for myself and my wife . . . I purchased Precigen securities . . . and suffered substantial losses."). According to Shah, this is a "giant speculative leap" by the Lorino Plaintiffs. ECF 48 at 1.

The Court agrees. The Lorino Plaintiffs point to no evidence to support their belief that Shah and his wife suffered independent losses. *See* ECF 49 at 1. Instead, their argument appears to be predicated solely on the statement in Shah's declaration that he purchased shares for himself and his wife. The Court has reviewed Shah's motion and accompanying evidence and is satisfied that he has an ownership interest in the $413,484.49 loss. ECF 11 at Exhs. B-D; *see In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830, 2010 WL 5173851, at *11 (W.D. Tenn. Dec. 15, 2010) (citing *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 108 (2d Cir. 2008)) (holding that a lead plaintiff movant "has standing to bring an action on behalf of .

. . his joint account because he has a direct ownership interest in [it]."). The Lorino Plaintiffs' authority to the contrary is inapt as it involves a situation where a husband made investment decisions with his wife's *individual* account. *See Petrie v. Elec. Game Card*, 308 F.R.D. 336, 346 (C.D. Cal. 2015) (husband lacked standing where shares were held solely in his wife's name). Accordingly, the Court finds that Shah is the movant with the largest financial interest.

## C. Rule 23 Requirements

Upon determining the movant with the largest financial interest, the court "must then focus its attention on that plaintiff and determine ... whether he satisfies the requirements of Rule 23(a)." *Cavanaugh*, 306 F.3d at 730; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) requires satisfaction of four factors to serve as a class representative:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The typicality and adequacy requirements of Rule 23 are the main focus of this determination. *See Cavanaugh*, 306 F.3d at 730. Examination of the remaining requirements is deferred until the lead plaintiff moves for class certification.

The plaintiff with the largest financial stake in the controversy that preliminarily satisfies the typicality and adequacy requirements is presumed to be the "most adequate plaintiff." *Cavanaugh*, 306 F.3d at 730. The adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation. Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir.2003). The test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v.*

*Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992) (citing *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D.Cal.1985)).

As determined above, Shah is the plaintiff with the largest financial stake in the controversy. Shah presumably meets the adequacy requirement because there is no evidence that Shah is antagonistic to the class members and he has selected counsel that has significant experience in securities class action cases. *See* ECF 11 at 7-8. Shah shares substantially similar questions of law and fact with the members of the class because the claims arise from the same alleged course of conduct by defendants. *Id*. His claims are presumptively typical of the members of the class. Thus, Shah is the presumptive lead plaintiff.

The Court must then "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)). The presumption of adequacy "may be rebutted only upon proof ... that the presumptively most adequate plaintiff" does not satisfy the adequacy or typicality requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Cavanaugh*, 306 F.3d at 729 fn. 2. If the presumptive lead plaintiff does not meet the typicality or adequacy requirement, the court determines whether the plaintiff with the next highest stake in the litigation has made a prima facie showing of typicality and adequacy. *Cavanaugh*, 306 F.3d at 731. "If so, it must declare that plaintiff the presumptive lead plaintiff and repeat step three of the process by giving other plaintiffs an opportunity to rebut that showing. This process must be repeated sequentially until all challenges have been exhausted." *Id*.

The Court has already rejected the Lorino Plaintiffs and Seppen's sole objection to Shah's ability to meet Rule 23's typicality and adequacy requirements. *See* ECF 49 ("Shah may be subject to unique defenses concerning his decision-making authority and standing to advance claims on behalf of his wife . . ."); *see also* ECF 46 ("Shah's asserted financial interest appears to include losses suffered by his wife"). And the remaining movant does not otherwise challenge Shah's

7

showing. *See* ECF 44 at 3. The Court has thus found, in Shah, the Plaintiff with the largest financial stake who fulfills the requirements of Rule 23.

### D. Lead Counsel

No parties have objected to Shah's selection of Scott+Scott as lead counsel. The Court has reviewed the resume of the firm and is satisfied that Shah has made a reasonable choice of counsel. *See* Scott+Scott Firm Profile, ECF 11, Exh. E. Accordingly, the Court APPROVES Shah's selection of Scott+Scott as lead counsel.

### IV.  ORDER

For the foregoing reasons, Shah's motion to appoint lead plaintiff and approval of selection of counsel at ECF 11 is GRANTED. The competing motions at ECF 16, 21 and 22 are DENIED.

Dated: April 8, 2021

_____
BETH LABSON FREEMAN
United States District Judge