UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION


MARTIN JOSEPH ABADILLA, ET AL.,

                        CASE NO.  CV-20-06936 BLF

      PLAINTIFFS,

                        SAN JOSE, CALIFORNIA

   VS.

                        JULY 6, 2023

PRECIGEN, INC., ET AL.,

                        PAGES 1 - 19

      DEFENDANTS.


TRANSCRIPT OF ZOOM PROCEEDINGS

BEFORE THE HONORABLE BETH LABSON FREEMAN

UNITED STATES DISTRICT JUDGE


A-P-P-E-A-R-A-N-C-E-S

FOR THE PLAINTIFFS:   SCOTT+SCOTT ATTORNEYS AT LAW LLP
                      BY:  WILLIAM C. FREDERICKS
                         KRISTEN M. ANDERSON
                      230 PARK AVENUE, 17TH FLOOR
                      NEW YORK, NEW YORK 10169


FOR THE DEFENDANTS:   WILSON SONSINI GOODRICH AND ROSATI PC
                      BY:  EVAN L. SEITE
                      650 PAGE MILL ROAD
                      PALO ALTO, CALIFORNIA 94304

                      NORTON ROSE FULBRIGHT US LLP
                      BY:  PETER A. STOKES
                      98 SAN JACINTO BOULEVARD, SUITE 1100
                      AUSTIN, TEXAS 78701


OFFICIAL COURT REPORTER:    IRENE L. RODRIGUEZ, CSR, RMR, CRR
                         CERTIFICATE NUMBER 8074


PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY,
TRANSCRIPT PRODUCED WITH COMPUTER.

SAN JOSE, CALIFORNIA                              JULY 7, 2023

P R O C E E D I N G S

(COURT CONVENED AT 9:02 A.M.)

THE COURT:  GOOD MORNING EVERYONE.  THANK FOR JOINING ON ZOOM.  LET'S CALL THE CASE AND GET YOUR APPEARANCES.

THE CLERK:  CALLING CASE 20-6936, ABADILLA VERSUS PRECIGEN, INC., ET AL.

COUNSEL, IF YOU WOULD PLEASE STATE YOUR APPEARANCES AND IF WE COULD BEGIN WITH PLAINTIFFS AND MOVE TO DEFENDANTS.

MR. FREDERICKS:  GOOD MORNING, YOUR HONOR.

WILLIAM FREDERICKS FROM SCOTT & SCOTT ATTORNEYS AT LAW LLP.

THE COURT:  GOOD MORNING.

MS. ANDERSON:  KRISTEN ANDERSON.

MR. SEITE:  GOOD MORNING, YOUR HONOR.

EVAN SEITE OF WILSON, SONSINI, GOODRICH & ROSATI ON BEHALF OF DEFENDANTS PRECIGEN AND MR. KIRK.

THE COURT:  GOOD MORNING.

MR. STOKES:  GOOD MORNING, YOUR HONOR.

THIS IS PETER STOKES OF NORTON, ROSE, FULBRIGHT HERE ON BEHALF OF DEFENDANT ROBERT WALSH.

THE COURT:  WELCOME.  ALL RIGHT.  THIS IS THE TIME SET FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT.

MR. FREDERICKS, THANK YOU FOR VERY THOROUGH AND WELL DONE PAPERS.  IT WAS A PLEASURE TO WORK THROUGH THEM.  MY COMMENTS

ARE ALMOST NIT-PICKING, BUT THE LITTLE DETAILS DO HELP US OUT.

BUT I WANT TO GIVE YOU THE OPPORTUNITY TO MAKE YOUR PRESENTATION.

MR. FREDERICKS:  THANK YOU, YOUR HONOR.

WE TRY VERY HARD IN THE NORTHERN DISTRICT TO TOUCH ALL OF THE BASES BECAUSE THERE ARE SOME EXTRA BASES THAT THE NORTHERN DISTRICT REQUIRES, AND SO I THANK THE COURT FOR ITS OPENING COMMENTS AND HOPEFULLY WE CAN SPEEDILY ADDRESS ANY ISSUES THAT THE COURT MAY STILL HAVE.

I'LL JUST SAY VERY BRIEFLY THAT THIS CASE IS ABOUT THREE YEARS OLD.  WE'RE VERY GLAD TO HAVE BROUGHT IT DOWN, FROM PLAINTIFFS' PERSPECTIVE, TO A SUCCESSFUL LANDING.

WE HAVE A $13 MILLION ALL CASH SETTLEMENT IN FRONT OF YOUR HONOR.  AS WE POINT OUT IN OUR PAPERS, WE THINK THAT THIS IS A SUPERIOR RECOVERY BOTH IN TERMS OF MEDIAN RECOVERY AND CERTAINLY WELL JUSTIFIED BASED ON A PERCENTAGE OF RECOVERY, AT LEAST A PERCENTAGE OF REASONABLY RECOVERABLE DAMAGES.

YOUR HONOR IS ALREADY FAMILIAR WITH THE SUBSTANCE OF THE CASE FROM HAVING WRITTEN A PRIOR OPINION IN THE MATTER.  THE COMPANY -- THE CORPORATE DEFENDANT IS PRECIGEN WHICH HAD A NUMBER OF DEVELOPMENTAL STAGE TECHNOLOGIES AND FOUR DIFFERENT BUSINESS LINES.  THIS CASE INVOLVES ONE OF THOSE FOUR BUSINESS LINES, ITS METHANE BIOCONVERSION PROGRAM, WHICH SOUGHT TO CONVERT NATURAL GAS USING CERTAIN ORGANISMS INTO VARIOUS CHEMICAL BYPRODUCTS OF VALUE.

THE PLAINTIFFS ALLEGE THAT THROUGHOUT THE THREE YEAR CLASS PERIOD DEFENDANTS MISREPRESENTED IN VARIOUS RESPECTS THE ALLEGED SUCCESSES OF THE PROGRAM.

DEFENDANTS, OF COURSE, TOOK A VERY DIFFERENT VIEW AND DENIED ANY LIABILITY.  JUST IN TERMS OF GOING THROUGH THE CHECKLIST OF SETTLEMENT ITEMS FOR THE COURT.  AS YOUR HONOR KNOWS, COURTS TYPICALLY AT THE PRELIMINARY APPROVAL STAGE LOOK AT SETTLEMENT THROUGH TWO PRISMS.  ONE IS KIND OF THE PROCEDURAL PROCESS THROUGH WHICH THE SETTLEMENT WAS REACHED AND THE OTHER IS THE MERITS.

ON THE PROCEDURAL FRONT WE'RE HAPPY TO REPORT THAT THE SETTLEMENT WAS THE PRODUCT OF A MEDIATION SUPERVISED BY RETIRED U.S. DISTRICT JUDGE LAYN PHILLIPS.  THE SETTLEMENT IS FULLY CONSISTENT WITH THE MEDIATOR'S PROPOSAL THAT HE MADE.

JUDGE PHILLIPS IS CERTAINLY ONE OF THE PREEMINENT MEDIATORS IN THIS SPACE.  SO AT A SIMPLE PROCEDURAL LEVEL, WE WENT THROUGH THE USUAL PROCESS, MITIGATION STATEMENTS, ET CETERA.  SO I DON'T THINK THERE'S ANY ISSUE WHATSOEVER OF CONCLUSION OR PROCEDURAL IMPROPRIETY HERE, AND OF COURSE EXPERIENCED COUNSEL REPRESENTING ALL SIDES.

BRIEFLY IN TERMS OF THE MERITS, AS I PREVIOUSLY ALLUDED TO, THE $13 MILLION SETTLEMENT COMPARES FAVORABLY TO SETTLEMENTS, WHETHER BY THE MEDIAN BASIS OR PERCENTAGE OF RECOVERY, AND WE THINK THAT'S A PARTICULARLY STRONGER SOLVE HERE GIVEN THE VERY REAL LITIGATION RISKS THAT WERE PRESENT.

YOUR HONOR HAD ALREADY DISMISSED THE CASE.  WE WISHED THE COURT HAD NOT, BUT THAT IS SORT OF HOW WE -- HOW THE BREAK SOMETIMES FALL.  YOU KNOW, THERE WAS A PRIOR S.E.C. CONSENT ORDER ENTERED INTO THE CASE, WHICH WAS CERTAINLY HELPFUL FOR PLAINTIFFS, BUT AS DEFENDANTS POINT OUT, THAT CONSENT ORDER ONLY FOUND THAT THREE STATEMENTS FROM THE VERY, VERY EARLY PART OF THE CLASS PERIOD, 2017, WERE FALSE AND MISLEADING.  YOU MADE NO FINDINGS OF SCIENTER, AND DEFENDANTS WERE VERY VIGOROUS IN THEIR DEFENSE OF OTHER STATEMENTS AS NOT BEING FALSE OR MISLEADING OR BEING SIMPLY INACTIONABLE AS OPINION OR FORWARD LOOKING STATEMENTS OR PUFFERY.

IN TERMS OF LOSS CAUSATION, THIS CASE HAD ALL OF THE USUAL PROBLEMS OF LOSS CAUSATION IN TERMS OF DEFENDANTS ARGUING THAT PARTICULAR CORRECT DISCLOSURE DATES WERE EITHER NOT STATISTICALLY SIGNIFICANT IN SOME INSTANCES OR ON DATES THAT THEY WERE SIGNIFICANT, THAT THERE WERE CONFOUNDING FACTORS.

AND ALTHOUGH WE VIEW DAMAGES HERE AT A REASONABLE RANGE OF 135 TO SORT OF 270 SOMETHING, BUT DEFENDANTS CERTAINLY NEVER CONCEDED THAT DAMAGES WERE ANYWHERE NEAR THAT LEVEL, EVEN IF WE HAD SUCCEEDED ON LIABILITY.

AND OF COURSE, THE ONE FACTOR I HAVEN'T TOUCHED UPON IS ONE THAT YOUR HONOR IS WELL FAMILIAR WITH IN SECURITIES LITIGATION UNDER 10(B), SCIENTER.

SCIENTER IS ALWAYS DIFFICULT TO PROVE, AND IN ANY CASE HERE THERE WAS NO INSIDER SELLING.  FOR EXAMPLE, THE MAIN

DEFENDANT, MR. KIRK, ALTHOUGH HE'S INDEPENDENTLY WEALTHY, HE WAS THE CHAIRMAN AND CEO AT THE RELEVANT TIMES.

HE WAS CERTAINLY MORE REMOVED THAN OTHERS WHO WERE CLOSER TO THE MVP PROGRAM.  SO WE WOULD HAVE HAD PARTICULARLY CHALLENGING SCIENTER PROBLEMS WITH RESPECT TO MR. KIRK.

I'LL JUST SAY THAT I THINK THAT, YOU KNOW, OUR PLAN OF ALLOCATION IS VERY STANDARD AND VERY PLAIN VANILLA AND WITH THE ASSISTANCE OF OUR DAMAGES EXPERT, PRO RATA RECOVERY, DEPENDING ON WHEN PEOPLE PURCHASED DURING THE CLASS PERIOD, SO THE RECOVERIES ARE GREATER OR LESSER DEPENDING ON HOW MUCH INFLATION WAS IN THE STOCK PRICE AS THE CLASS PERIOD WENT ON AND THIS INFLATION, AS WE'VE ALLEGED, GRADUALLY SEEKED OUT OF THE CLASS OR WAS INCREASED.

WE THINK THAT THIS CASE IS TEXTBOOK FOR CLASS CERTIFICATION.  THE COURT WILL MAKE A FINAL DETERMINATION OF CLASS CERTIFICATION AT FINAL APPROVAL, BUT NUMEROSITY, TYPICALITY, COMMONALITY, ADEQUACY ARE ALL CLEAR PREDOMINANCE. THIS IS REALLY PRETTY PLAIN VANILLA IN THE 10(B) CONTEXT SO I WON'T BUT LABOR IT FOR THE COURT HERE.

THE NOTICE PLAN, WE SUBMITTED AN AFFIDAVIT FROM AMY WALTER -- I'M SORRY, MR. WALTER OF AB DATA OUTLINING THE PROPOSED NOTICE PLAN.  AGAIN, IT'S VERY STANDARD AT LEAST FOR WHAT MY FIRM DOES.  MAIL NOTICE, PUBLICATION NOTICE WILL CREATE A WEBSITE.  DEFENDANTS ARE GOING TO GIVE US THEIR SHAREHOLDER LIST.  YOU KNOW, THERE'S OTHER DATABASES WHICH WE'LL GET NOTICE

OUT THROUGH THE INTERNET AND THROUGH A BROKERAGE SYSTEM.  I THINK THE ACRONYM IS LENS, WHICH IS ALSO A WAY FOR BROKERAGE FIRMS TO BE AWARE OF CLASS ACTION SETTLEMENTS.

YOU KNOW, WE THINK THE NOTICE, AGAIN, HAS ALL OF THE REQUISITE INFORMATION IN IT.  WE SOMETIMES ARE A LITTLE BIT OVERINCLUSIVE, BUT I WOULD JUST ADD, YOUR HONOR, THAT WE ALSO NOW HAVE A PRACTICE AT OUR FIRM OF GENERALLY TRYING TO PUT TOGETHER A ONE PAGE SUMMARY SHEET AT THE BEGINNING SO THAT PEOPLE CAN SORT OF LOOK ON ONE PAGE WITHOUT HAVING TO READ A 16 PAGE DOCUMENT, AND WE FOUND A LOT OF JUDGES AND COURTS THESE DAYS LIKE THAT SORT OF PLAIN ENGLISH.

SO WITH THAT, YOUR HONOR, WE'RE VERY PROUD TO PRESENT THE SETTLEMENT.  WE THINK IT MEETS ALL OF THE REQUISITE REQUIREMENTS FOR APPROVAL.  WE WELCOME ANY COMMENTS THAT THE COURT MAY HAVE FOR, YOU KNOW, IMPROVING THE NOTICE OR ANYTHING ELSE.

WE DO HAVE A PROPOSED WINDOW, A DATE WINDOW FOR THE FINAL FAIRNESS HEARING.  I'VE DISCUSSED THIS WITH DEFENSE COUNSEL, MR. SEITE.  WE WERE HOPING TO GET THIS ON CALENDAR SOME TIME IN MIDDLE TO LATE OCTOBER.  THAT WILL ACTUALLY GIVE EVEN A LITTLE BIT EXTRA TIME FOR THE NOTICE TO GO OUT AND WILL AVOID US HAVING TO DO FINAL APPROVAL PAPERS IN THE LAST WEEK OF AUGUST.

THE COURT:  THAT WOULD BE GOOD.

MR. FREDERICKS:  SO I'LL STOP THERE, YOUR HONOR. THANK YOU AGAIN FOR YOUR COMMENTS UPFRONT.

THE COURT:  ALL RIGHT.  GOOD.

MR. SEITE, COMMENTS THAT YOU WOULD LIKE TO MAKE?

MR. SEITE:  NONE FOR ME, YOUR HONOR.  THANK YOU.

THE COURT:  ALL RIGHT.  MR. STOKES?

MR. STOKES:  NONE FOR ME AS WELL, YOUR HONOR.

THE COURT:  ALL RIGHT.  GOOD, THANK YOU.

SO LET ME GO THROUGH A FEW THINGS.  AS I SAID, YOUR PAPERS WERE PUT TOGETHER WELL.  IT WAS EASY FOR ME TO FOLLOW.

ONE OF THE THINGS THAT I LOOK FOR, I LOOK FOR ANY RED FLAGS OF TERMS THAT I THINK WOULD BE PROBLEMATIC, AND I DON'T SEE ANY OF THOSE.

THE TOTAL SETTLEMENT, YOU'VE JUSTIFIED THE PRO RATA DISTRIBUTION IS, AS YOU SAY, STANDARD.  I DID FIND THIS TO BE A VERY STANDARD SETTLEMENT.  I ALWAYS LIKE THAT.

THE ATTORNEYS' FEES AT THE NINTH CIRCUIT BENCHMARK IS FINE.  WE'LL SEE WHAT THE CLASS MEMBERS THINK ABOUT IT, AND I'LL SEE YOUR ACTUAL BILLING, BUT NOTHING STANDS OUT THERE.

THE LEAD PLAINTIFF INCENTIVE AWARD IS STANDARD, I GUESS EVEN BECOMING MODEST IN THESE DAYS, AND SO THAT LOOKS FINE.

COSTS LOOK PARTICULARLY HIGH.

WHAT I'D LIKE TO DO, LET ME JUST GO THROUGH SOME OF THE DOCUMENTS HERE.  I NOTICE IN THE SETTLEMENT AGREEMENT -- THE SETTLEMENT AGREEMENT IS FINE.  I DON'T HAVE ANY REQUESTED CHANGES, BUT I NOTICE THAT AT -- WELL, LET ME JUST BACK UP. THE INCONSISTENCY I SAW, WHICH IS COMMON, IS THAT IT'S UNCLEAR

WHETHER ALL OF THE DOCUMENTS THAT CLASS MEMBERS NEED TO SEND CAN BE POSTMARKED BY THE DEADLINE OR MUST BE RECEIVED.

AND YOU'VE GOT INCONSISTENCIES.  I'M GOING TO TRY TO POINT THEM OUT TO YOU.

SO I'LL NOTE IN THE SETTLEMENT AGREEMENT AT PAGE 10 -- NO, I'M SORRY, AT PAGE 17 AT 4.6 YOU'VE TALKED ABOUT CLAIMS MUST BE POSTMARKED OR RECEIVED WITHIN THE TIME PERIOD, AND THAT'S FINE.

AND I NOTE THAT AT PAGE 25 AT 8.2, THE OPT OUT MUST BE SUBMITTED ALONG WITH -- AS MUST THE OBJECTIONS IN 8.3 AND 8.5 SAYS THAT THESE MUST BE POSTMARKED BY THE DEADLINE FOR OBJECTING OR SUBMITTING REQUESTS.

SO THAT'S ALL FINE, POSTMARK OR RECEIPT IS WHAT YOU HAVE IDENTIFIED.  THE PROBLEM THAT I HAVE IS IN THE NOTICE.  AND THEN LET ME TURN TO THE NOTICE BECAUSE THAT'S WHERE I'M GOING TO TURN TO THE LONG FORM NOTICE.  I'M ON THE FIRST PAGE.

SO YOU'VE ANSWERED ONE OF MY QUESTIONS.  THIS FIRST PAGE THAT SAYS, "DEAR RECIPIENT," THIS IS YOUR SUMMARY?

MR. FREDERICKS:  YES.

THE COURT:  THAT'S GREAT, BECAUSE I GOT A LITTLE THROWN BY SEEING THE CAPTION ON PAGE 2, AND SO I WAS A LITTLE BIT CONFUSED BY THAT.  NOW I UNDERSTAND IT PERFECTLY.

SO AT PAGE 2 UNDER IMPORTANT DATES YOU SHOW THAT THE CLAIM FORM MUST BE POSTMARKED BY A CERTAIN DATE, BUT THEN YOU SHOW THE DEADLINE FOR OBJECTIONS MUST BE RECEIVED.  AND DO YOU SEE THAT -- THAT'S WHY I POINT IT OUT IN THE SETTLEMENT AGREEMENT.

AND THE DEADLINE FOR REQUESTING EXCLUSIONS ALSO SAYS RECEIVED.

SO ARE YOU INTENDING TO MODIFY THAT TO SAY POSTMARKED OR RECEIVED?

MR. FREDERICKS:  YOUR HONOR, AND I'LL ALSO LET MR. SEITE CHIME IN, WE USUALLY PRIME AHEAD RECEIPT OF EXCLUSIONS BY A PARTICULAR DATE THAT IS A LITTLE EARLY.  AND POSTMARKED OBJECTIONS -- USUALLY OBJECTIONS ARE NOT AS CONSEQUENTIAL AS OPT-OUT REQUESTS BECAUSE CONCEIVABLY IF THERE ARE A LARGE NUMBER OF OPT-OUT REQUESTS THAT THE PARTIES NEED TO HAVE SOONER NOTICE.

SO, MR. SEITE, I SAY THAT UNLESS YOU OR THE COURT HAS OBJECTION THAT WE GO THROUGH AND CLARIFY THROUGHOUT THE PRELIMINARY ORDER AND THE NOTICE THAT OBJECTIONS MUST BE POSTMARKED BY A CERTAIN DATE BUT REQUESTS FOR EXCLUSION MUST BE RECEIVED BY A PARTICULAR DATE.

MR. SEITE:  I DON'T HAVE ANY OBJECTION TO THAT.

THE COURT:  ALL RIGHT.  SO, MR. FREDERICKS, LET ME JUST ADD ANOTHER WRINKLE HERE, AND IT'S ALL VERY EASILY SOLVED. I HAVE HAD CIRCUMSTANCES -- I UNFORTUNATELY INHERITED A CASE WITH THIS DEFICIENCY YEARS AGO BECAUSE IT CAME TO ME WHEN IT CAME BACK FROM THE NINTH CIRCUIT, AND SO THAT WAS NEVER GOOD.

AN OBJECTOR -- I THINK IT WAS AN OBJECTION -- HAD FOUND THE DISCREPANCY BETWEEN THE SETTLEMENT AGREEMENT AND THE NOTICE AND CLAIMS RIGHTS UNDER THE SETTLEMENT AGREEMENT WHICH WERE AT ODDS WITH THE NOTICE.

SO I'M MORE THAN GLAD TO HAVE THIS -- THE EXCLUSIONS RECEIVED BY THE DEADLINE, BUT THEN I NEED YOU TO MODIFY THE SETTLEMENT AGREEMENT.

I JUST NEED THE CONSISTENCY.  I ACTUALLY DON'T CARE WHAT YOU DO.

MR. FREDERICKS:  I THINK IF IT'S EASIER FOR US TO JUST CONFORM TO THE SETTLEMENT AGREEMENT, IF THE SETTLEMENT AGREEMENT IS NOT INTERNALLY INCONSISTENT --

THE COURT:  THE SETTLEMENT AGREEMENT IS COMPLETELY CONSISTENT.  SO I'M SORRY, I JUST -- I THINK IT, IT LEAVES OPEN THE POSSIBILITY OF SOMEONE CLAIMING THEIR EXCLUSION WAS TIMELY UNDER THE SETTLEMENT AGREEMENT.  OKAY?

SO I WILL -- SO YOU WILL MODIFY THAT TO BE CONSISTENT WITH THE SETTLEMENT AGREEMENT THAT ALLOWS FOR POSTMARKS.

THEN LET'S -- LET ME GO ON TO PAGE 3.  THIS IS YOUR CHART OF YOUR LEGAL RIGHTS.  AND AGAIN, THIS TALKS ABOUT RECEIPT VERSUS MAILING, AND THEN I'VE GOT ONE THAT IS AN OBJECT.  IT SAYS, "OR MAILED TO THE COURT BEFORE A CERTAIN DATE."  THAT NEEDS TO SAY "POSTMARKED" BECAUSE YOU COULD GET SOMEONE -- I MEAN, WHO KNOWS?  PEOPLE ARE VERY CREATIVE.

SO IN "EXCLUDE YOURSELF," YOU'RE GOING TO MODIFY THAT.  IN "OBJECT," YOU'RE GOING TO MODIFY THAT.

ON PAGE 6, PARAGRAPH 9, HOW COULD I OBTAIN PAYMENT?  THIS IS MAIL -- THIS IS THE CLAIM FORM.  SO THIS IS POSTMARKED -- IT HAS TO BE POSTMARKED NO LATER THAN OR ELECTRONICALLY SUBMITTED.

THAT'S ALL FINE.

THEN AT PAGE 8 WE'VE GOT UNDER OPT OUT, RIGHT ABOVE THE PRECIGEN ADDRESS, AGAIN, IT SAYS RECEIVED, AND YOU'LL MAKE THAT CONSISTENT?  THAT'S PARAGRAPH 12.

MR. FREDERICKS:  YEP.

THE COURT:  ON PAGE 9, "HOW DO I TELL THE COURT IF I DON'T LIKE THE SETTLEMENT?"  PARAGRAPH 17?

MR. FREDERICKS:  YEAH, THE LAST SENTENCE FILED OR POSTMARKED, YEAH.

THE COURT:  RIGHT.  SO THESE COME TO THE COURT, WHICH IS VERY COMMON, AND THAT'S FINE.  I CAN'T PROMISE YOU THAT WE WILL SAVE THE ENVELOPES TO KNOW IF SOMETHING IS PROPERLY POSTMARKED.  WE TYPICALLY DON'T REJECT OBJECTIONS BECAUSE THEY'RE A FEW DAYS LATE, SO IF YOU WANT TO LEAVE THIS, I'M FINE WITH IT.

MR. FREDERICKS:  YOUR HONOR, IT'S OUR PRACTICE TO DEAL WITH ALL OBJECTORS AS WELL.

THE COURT:  RIGHT.  AND MINE, TOO.  SO THAT'S GOOD. THAT WE CAN LEAVE.

THEN ON THE PROOF OF CLAIM FORM, THIS DOESN'T SAY -- IT SAYS IT MUST BE MAILED BEFORE A CERTAIN DATE, BUT AGAIN, AS OPPOSED TO "MAIL," IF YOU WOULD CHANGE THAT TO "POSTMARK."

MR. FREDERICKS:  VERY GOOD.

THE COURT:  AND THEN I'M MOVING ON TO THE SUMMARY NOTICE.  AND ON PAGE 2, THE THIRD FROM THE BOTTOM PARAGRAPH

TALKS ABOUT EXCLUSIONS RECEIVED.

MR. FREDERICKS:  YES.

THE COURT:  AND THE NEXT PARAGRAPH TALKS ABOUT OBJECTIONS RECEIVED.

OKAY.  SO THAT WAS MY FLYSPECK READING, NOT THE MOST FUNNEST THING I DO IN MY JOB, BUT IT'S IMPORTANT.

MR. FREDERICKS, I'M GOING TO ASK THAT YOU HAVE SOMEONE AT YOUR FIRM WHO IS REALLY GOOD AT INCONSISTENCIES GO BACK THROUGH.  I MAY HAVE MISSED SOMETHING.  I DID PRETTY WELL, BUT I DON'T WANT TO BE THE FINAL ON IT.  YOU HAVE MORE RIDING ON THESE BEING PERFECT THAN I DO.

MR. FREDERICKS:  WELL, HAPPILY WITH MODERN TECHNOLOGY WE OUGHT TO BE ABLE TO SEARCH POSTMARKED, RECEIVED, AND MAILED AND WE OUGHT TO BE CATCH EVERYTHING, WE HOPE.

THE COURT:  THAT'S EASY TO DO THAT.

MR. FREDERICKS:  AND JUST TO CLARIFY, WE'LL GO THROUGH IT, AND WE'LL EITHER MAKE IT CONSISTENT OR IF IT MAKES SENSE TO MAKE IT POSTMARKED OR RECEIVED, WE'LL DO IT IN A WAY THAT IS MORE PERMISSIVE.

THE COURT:  THAT'S FINE.  YES.  GREAT.  AND CONSISTENT WITH THE SETTLEMENT AGREEMENT.  GOOD.  OKAY.

SO THOSE WERE MY DETAILED REQUESTS.

NOW, LET ME THEN STEP BACK AWAY FROM THIS BECAUSE I DO NEED TO MAKE CERTAIN FINDINGS TODAY.

BASED UPON ALL OF YOUR PAPERS AND THE AFFIDAVIT THAT YOU

HAVE SUBMITTED IN YOUR PRESENTATION, I DO FIND THAT THIS IS A SETTLEMENT THAT IS LIKELY TO BE APPROVED.  IT IS A $13 MILLION NON-REVERSIONARY SETTLEMENT.  IT WAS OBTAINED THROUGH AN ARM'S LENGTH SETTLEMENT NEGOTIATIONS.  AND I DO AGREE THAT JUDGE PHILLIPS IS ONE OF THE PREEMINENT MEDIATORS IN THIS SPACE, AND I HAVE GREAT RESPECT FOR THE WORK THAT HE DOES.

THE DISTRIBUTION PLAN LOOKS TO BE FAIR AS WELL.  AND WE'VE CERTAINLY BEEN THROUGH QUITE A BIT IN THE MOTION TO DISMISS AND THERE WERE HURDLES, ALTHOUGH YOU HAD THE OPPORTUNITY TO AMEND, AND ALTHOUGH YOU MAY WELL HAVE GOTTEN THROUGH THE PLEADING STAGE, WINNING AT TRIAL IS ANOTHER MATTER.

SO I AGREE WITH YOU THERE WERE RISKS AT PROCEEDING TO TRIAL.  THERE WAS CERTAINLY THE DELAY AND THIS SETTLEMENT I THINK IS CLEARLY WITHIN THE RANGE OF APPROVED SETTLEMENTS.  IN FACT, I THINK IT'S A VERY GOOD SETTLEMENT.

AND SO I THINK THAT OF COURSE I'LL LISTEN TO ANY OBJECTORS IF THEY FEEL OTHERWISE BEFORE MAKING A FINAL DETERMINATION, BUT THIS CERTAINLY IS GREEN LIGHTED AT THIS STAGE.

YOU ARE ASKING THAT I APPOINT AB DATA AS CLAIMS ADMINISTRATOR, AND I'M SATISFIED THAT YOU'VE USED A BIDDING PROCESS AND THAT YOU HAVE PICKED AN EXPERIENCED COMPANY TO MANAGE THIS.  THIS IS A SPECIALIZED FIELD OF CLAIMS ADMINISTRATION.

IN TERMS OF THE FEES, PER CLAIM FEE STRUCTURE IS PERFECTLY APPROPRIATE, ESPECIALLY IN A CASE LIKE THIS.  AND ALTHOUGH THE

ESTIMATE OF TOTAL FEES IS UPWARDS IN THE $600,000 RANGE, I APPRECIATE THAT I'M ONLY -- IF I APPROVE THIS, I'M ONLY AUTHORIZING UP TO 300,000 WITHOUT FURTHER COURT ORDER AND THAT WAY I CAN HAVE -- MAKE SURE THAT I CAN APPROVE THE FEES.  AND I THINK THAT MAKES PERFECT SENSE TO GIVE YOU THE GO AHEAD ON THE FIRST $300,000 BASED ON THIS ESTIMATE, AND THEN YOU'LL COME BACK TO ME IF YOU NEED -- IF AB DATA NEEDS MORE AND AT THE VARIOUS STAGES.  SO THAT SEEMS FINE.

I WILL APPOINT HUNTINGTON NATIONAL BANK AS THE ESCROW AGENT TO MANAGE THIS.  I HAVE REVIEWED THE NOTICE PROVISIONS. THE NOTICE FORM ITSELF IS APPROVED.  I THINK IT ACCURATELY AND CLEARLY DESCRIBES TO THE CLASS MEMBERS WHAT THE SETTLEMENT IS ABOUT.

THE NOTICE PLAN ITSELF IS REALLY THE GOLD STANDARD OF NOTICE.  IT INVOLVES MAIL, BROKERAGE ACCOUNT, ADVISEMENT AND ADS IN THE VARIOUS PERIODICALS THAT ARE VERY LIKELY TO BE SEEN BY THE INVESTORS.

I WILL PRELIMINARILY APPROVE THE CASE FOR SETTLEMENT PURPOSES ONLY.  IT'S THE SAME DESCRIPTION IN THE COMPLAINT AS WHAT YOU'RE REQUESTING NOW, AND SO THAT IS APPROPRIATE.

I WILL APPOINT MR. SHAH AS THE LEAD PLAINTIFF AND CLASS REPRESENTATIVE AND SCOTT & SCOTT AS CLASS COUNSEL FOR THIS SETTLEMENT.

YOU HAVE REQUESTED AND YOU WILL BE REQUESTING OF THE CLASS FEES UP TO WHAT IS 25 PERCENT, THAT IS THE NINTH CIRCUIT

BENCHMARK, AND THAT'S PERFECTLY REASONABLE.  WE'LL WAIT AND SEE IF ANY OF THE CLASS MEMBERS HAVE ANY COMMENT ON THAT, BUT I HAVE NO REASON TO QUESTION THE BENCHMARK.

MR. FREDERICKS:  YOUR HONOR, SORRY TO INTERRUPT.  I THINK YOU MEANT TO SAY WE WERE REQUESTING A FEE OF UP TO 25 PERCENT.  I THINK YOU SAID UPWARDS OF 25 PERCENT.

THE COURT:  I'M SORRY, UP TO, YES, THANK YOU.

AND YOUR COSTS, I'LL WAIT TO SEE THE DETAIL ON THEM, BUT THE NUMBER ITSELF DOESN'T LOOK UNUSUAL.

THE INCENTIVE AWARD AT $5,000 AGAIN LOOKS FINE.  WE'LL WAIT AND SEE IF ANYONE COMPLAINS ABOUT IT.

I THINK THAT TAKES CARE OF ALL OF THE THINGS THAT I NEED TO DO NOW.

MR. FREDERICKS, YOU DID PROVIDE TO ME A VERY COMPLETE PROPOSED ORDER FOR PRELIMINARY APPROVAL, AND IT LOOKS FINE. AFTER WE SETTLE ON YOUR FINAL APPROVAL HEARING DATE, IF YOU WOULD FILL IN ALL OF THE BLANKS IN THAT ORDER AND SEND ME A CLEAN COPY OF IT, I'LL SIGN IT AS SOON AS I GET IT AND THEN -- SO IF YOU SEND THAT TO ME THIS AFTERNOON, I'LL SIGN IT TODAY.

MR. FREDERICKS:  THANK YOU, YOUR HONOR.

THE FORMS OF NOTICE AND THE PROOF OF CLAIM FORM ARE TECHNICALLY PART OF THE ORDER, SO WE'LL TRY TO CLEAN IT ALL UP AND SEND YOU A COMPLETE PACKAGE.

THE COURT:  THAT'S FINE.

MR. FREDERICKS:  AS SOON AS --

THE COURT: OKAY. I'M HERE EVERY DAY. I'M NOT GOING ANYWHERE, SO I WILL CERTAINLY DO THAT.

SO YOU WERE ASKING FOR A HEARING DATE IN MID TO LATE OCTOBER.

TIFFANY, I THINK WE CAN ADD THAT THESE ARE NOT -- HOPEFULLY THIS WON'T BE TIME CONSUMING. IF THERE ARE LOTS OF OBJECTORS, WE MIGHT CHANGE THE HEARING DATE TO ACCOMMODATE EVERYONE BUT I KNOW I'M AWAY AT THE END OF -- THE VERY END OF OCTOBER.

THE CLERK: OCTOBER 19TH, YOUR HONOR, ON THURSDAY AFTERNOON YOU HAVE A FINAL PRETRIAL CONFERENCE IN METRICS.

THE COURT: CAN WE SET IT IN THE MORNING?

THE CLERK: YES. IT LOOKS LIKE YOU HAVE THREE MOTIONS HEARING IN THE MORNING, SO I THINK THAT WILL WORK.

THE COURT: IS OCTOBER 19TH AVAILABLE AND ENOUGH TIME FOR YOU TO GET EVERYTHING DONE?

MR. FREDERICKS: YES, YOUR HONOR. AND, IN FACT, IF WE WANTED TO MOVE THIS AS QUICKLY AS POSSIBLE, WE COULD HAVE EVEN DONE IT IN SEPTEMBER, BUT FOR VARIOUS REASONS, WE THOUGHT OCTOBER WOULD BE GOOD. IT ALSO MEANS THAT WE DON'T HAVE TO SUBMIT OUR FINAL APPROVAL PAPERS IN THE LAST WEEK OF AUGUST.

THE COURT: WELL, WE ALL UNDERSTAND THAT. OKAY.

MR. FREDERICKS: OCTOBER 19TH WOULD BE GREAT.

THE COURT: OKAY. OCTOBER 19TH. THAT WILL BE SET AT 9:00 A.M. AND YOU PROPERLY INDICATED IT WILL BE DONE ON

ZOOM AND THAT IS CORRECT, NO ONE NEEDS TO TRAVEL FOR THAT.

ALL RIGHT.  I THINK THAT TAKES CARE OF EVERYTHING THEN UNLESS ANYONE ELSE WOULD LIKE TO RAISE AN ISSUE.

MR. FREDERICKS:  YOUR HONOR, YOUR DISCUSSION OF EXPENSES AND NOTICE EXPENSES JUST RAISED ONE ITEM IN MY MIND.

THE COURT:  UH-HUH.

MR. FREDERICKS:  MOST BROKERS TODAY WHO WANT TO HAVE PERSONAL DEALINGS WITH THEIR CLIENTS AND SEND OUT NOTICES DIRECTLY, MOST THESE DAYS DO NOT ASK FOR REIMBURSEMENT OR MORE THAN DE MINIMIS REIMBURSEMENT ON THEIR COSTS.

A SUBSTANTIAL CHUNK OF THAT $600,000 COST ESTIMATE IS I THINK A RATHER GENEROUS BUDGET, ANTICIPATING A LOT OF BROKERS WILL ASK REIMBURSEMENT.

I WILL JUST SAY THAT AS WE DO IN EVERY CASE, WE ALWAYS PUSH BACK WHENEVER THERE'S A REQUEST AND RESERVE THE RIGHT TO GO TO YOUR HONOR TO BASICALLY SAY, YOU KNOW, WHY DOES GOLDMAN SACHS NEED, YOU KNOW, AN EXTRA DOLLAR?

SO WE'LL DO THAT AS WELL.  AND I'M HOPEFUL THAT THE COST OF NOTICE WILL, THEREFORE, BE LESS THAN WHAT IS IN THE ESTIMATE BUT, YOU KNOW, WE DO WHAT WE CAN AND I THINK OUR CLAIMS ADMINISTRATORS HAVE TRIED TO DO IT HERE.

THE COURT:  SO I ACTUALLY WASN'T AWARE OF THAT.  I HAVE NEVER SEEN AN ITEMIZED REQUEST.

THE CLAIMS ADMINISTRATORS ARE VERY COGNIZANT OF THEIR NEEDING TO BE ACCURATE, SO I USUALLY CAN APPROVE IT WITHOUT

LOOKING AT THE DETAIL AFTERWARDS.  SO THAT'S INTERESTING FOR ME TO NOTE.  YES, ABSOLUTELY.  I MEAN, IF THE CLAIMS ADMINISTRATOR THINKS THAT THE CHARGES ARE TOO HIGH AND IT'S -- YOUR ABOVE THE AMOUNT THAT YOU HAVE FREE REIN ON, THEN CERTAINLY THE BROKERAGE HOUSE CAN EXPLAIN TO ME WHY IT'S REASONABLE, I'LL BE MORE THAN GLAD TO LISTEN.

MR. FREDERICKS:  THANK YOU, YOUR HONOR.  THAT STATEMENT, I THINK, WILL ACTUALLY BE HELPFUL.

THE COURT:  OKAY.  ALL RIGHT.  THEN I THINK THAT'S FINE, AND I WILL BE LOOKING FOR THOSE, THE TURNAROUND ON THE PROPOSED ORDER.  AS I SAY, I WANT A -- YOU NEED ME TO SIGN IT BEFORE YOU COULD GET STARTED, AND SO WE'LL BE LOOKING FOR IT ON THE DOCKET.

AND JUST PUT IT ON THE REGULAR DOCKET, NOT IN THE PROPOSED ORDER BOX, OKAY?

MR. FREDERICKS:  VERY GOOD.  WILL YOUR HONOR WANT AN ADDITIONAL WORD COPY OR JUST IN CASE YOU WANT TO FILE?

THE COURT:  WE'LL REACH OUT TO YOU IF WE NEED IT. I'VE ALREADY REVIEWED THIS.  I'M NOT REALLY EXPECTING THERE TO BE AN ISSUE.

MR. FREDERICKS:  THANK YOU VERY MUCH, YOUR HONOR.

THE COURT:  ALL RIGHT.  THANK YOU ALL.

MR. SEITE:  THANK YOU, YOUR HONOR.

THE CLERK:  THIS COURT IS ADJOURNED.

(COURT CONCLUDED AT 9:34 A.M.)

CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

_____
IRENE RODRIGUEZ, CSR, RMR, CRR
CERTIFICATE NUMBER 8074

DATED:  JULY 7, 2023

UNITED STATES COURT REPORTERS