1
2
3
4
5
6
7
8             **UNITED STATES DISTRICT COURT**
9           **NORTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11   MARTIN JOSEPH ABADILLA, et al., | Case No.: 5:20-cv-06936-BLF |
| 12      Plaintiffs, | <u>CONSOLIDATED CLASS ACTION</u> |
| 13   v. | |
| 14   PRECIGEN, INC., et al., | |
| 15      Defendants. | |
| 16 | |
| 17 | |
| 18   *This Document Relates to:* | |
| 19   *ALL CONSOLIDATED ACTIONS* | |
| 20 | |
| 21 | |
| 22 | |

23       **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION**
24   **FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT,**
        **FOR ISSUANCE OF NOTICE TO THE CLASS,**
25      **AND FOR SCHEDULING OF FAIRNESS HEARING**
26
27
28

1   WHEREAS, (a) Lead Plaintiff Raju Shah ("Lead Plaintiff") in the above-captioned class

2 action (the "Action"), on behalf of himself and the Settlement Class (as defined below) and (b)

3 defendants Precigen, Inc. (f/k/a Intrexon Corporation) ("Precigen"), former Precigen chief

4 executive officer Randal J. Kirk ("Kirk"), and former Precigen officer Robert F. Walsh III

5 ("Walsh," and collectively, with Precigen and Kirk, the "Defendants"), have entered into the

6 Stipulation and Agreement of Settlement, dated as of March 1, 2023 (the "Stipulation") , which is

7 subject to review under Rule 23 of the Federal Rules of Civil Procedure ("FRCP") and which,

8 together with the exhibits annexed thereto, sets forth the terms and conditions for the resolution,

9 discharge, release, settlement, and dismissal of the Action and all claims set forth therein upon and

10 subject to the terms and conditions hereof, and the Court having read and considered the

11 Stipulation, the exhibits thereto, and the related submissions, and finding that substantial and

12 sufficient grounds exist for entering this Order, and the  Parties having consented to the entry of

13 this Order;

14   NOW, THEREFORE, IT IS HEREBY ORDERED that:

15   1.  Pursuant to Rules 23(a) and (b)(3) of the FRCP and for the purposes of the

16 Settlement only, the Action is hereby preliminarily certified as a class action on behalf of a Class

17 (the "Settlement Class") consisting of all Persons or entities who purchased or otherwise acquired

18 publicly traded shares of the common stock of Precigen Inc. (f/k/a Intrexon Corporation)

19 ("Precigen") (ticker: PGEN, formerly XON) between May 10, 2017 and September 25, 2020,

20 inclusive (the "Class Period"), and were damaged thereby, provided, however, that the following

21 are excluded from the Settlement Class: (i) Defendants; (ii) the past and current officers, directors,

22 partners, and managing partners of Precigen (and any of Precigen's subsidiaries or affiliates,

23 including but not limited to MBP Titan LLC); (iii) the immediate family members, legal

24 representatives, heirs, parents, subsidiaries, successors, successors, and assigns of any excluded

25 Person; and any entity in which any excluded Person(s) have or had a majority ownership interest,

26 or that is or was controlled by any excluded Persons.  Also excluded from the Settlement Class

27 will be any Person who files a valid and timely request for exclusion from the Settlement Class in

28 accordance with this Order.

2.      This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for class certification under FRCP Rule 23(a) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class he seeks to represent; (d) Lead Plaintiff and Lead Counsel have and will continue to fairly and adequately protect the interests of the Settlement Class.  In addition, the Court finds, preliminarily and for purposes of this Settlement only, that this Action satisfies the requirements for class certification under FRCP Rule 23(b)(3) in that common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy among the Parties.

3.      In so finding, the Court has considered each of the following additional factors under FRCP Rule 23(b)(3) and finds that they also support class certification, namely:

      a.      the (lack of) interest of members of the class in individually controlling the prosecution of separate actions;

      b.      the extent and nature of any litigation concerning the controversy already begun by or against class members;

      c.      the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

      d.      the (lack of) difficulties likely to be encountered in managing a class action, given, inter alia, that the proposed class is being settled in the context of a settlement (such that, if the Settlement is approved, there will be no class action litigation as to the Parties for the Court to manage).

4.      Pursuant to FRCP Rules 23(c)(1) and 23(g), preliminarily and for purposes of the Settlement only, Lead Plaintiff is certified as the class representative ("Class Representative") of the Settlement Class and Scott+Scott Attorneys at Law LLP ("Class Counsel") is appointed as class counsel for the Settlement Class.

5. The Court preliminarily finds that: (a) the Stipulation resulted from good faith, arm's length negotiations conducted under the auspices of an independent mediator, the Hon. Layn Phillips (U.S.D.J., ret.), who has extensive experience in mediating class action litigations of this type; and (b) the terms of the proposed Settlement are sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class Members and the scheduling of a Fairness Hearing to be held following the issuance of such notice pursuant to FRCP Rule 23(e).

6. The Court therefore directs the issuance of notice of the Settlement to the Settlement Class Members and the scheduling of a Fairness Hearing, as set forth below.

7. The Court hereby schedules the Fairness Hearing, to be held before the Court, on October 19, 2023 at 9:00 a.m. for the following purposes:

(a) to determine finally whether the requirements for class action treatment under FRCP Rule 23 are satisfied;

(b) to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to determine whether the Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and releasing the Released Claims as against the Released Defendant Persons (and Released Defendant Claims as against the Released Plaintiff Persons) as set forth in the Stipulation;

(d) to determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e) to consider Plaintiff's Counsel's Fee and Expense Application for an award of attorney's fees and expenses (including any awards to the Class Representative pursuant to 15 U.S.C. §78u-4(a)(4));

  (f)  to consider any valid objections or requests to "opt out" submitted to the Court, as further provided for herein and in the accompanying proposed forms of Notice; and

  (g)  to rule upon such other matters as the Court may deem appropriate.

8.  The Fairness Hearing will be held remotely, including by dial-in conference call or video-conferencing means. Class Counsel shall cause the Claims Administrator to provide prominent notice of such arrangements (including relevant details and instructions as to how Settlement Class Members may dial in or log in and, to the extent applicable, be heard at the Fairness Hearing) on a website to be established by the Claims Administrator in this matter for the purposes of facilitating the dissemination of the Notice and other information about this Action (the "Settlement Website").

9.  The Court also reserves the right to adjourn the Fairness Hearing to a later date or time without further notice to the Settlement Class Members other than entry of an Order on the Court's docket (provided that the time or the date of the final Fairness Hearing shall not be set at a time or date earlier than the time and date set forth in ¶7 above). In such event, however, Class Counsel are directed to instruct the Claims Administrator to post notice of any such adjournment on the Settlement Website.

10.  Following the Fairness Hearing, the Court reserves the right to approve the Settlement without modification, or with such modifications as the Parties may agree, without further notice, and to enter its Judgment approving the Settlement and dismissing the Action on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorney's fees and expenses.

11.  The Court approves the form and substance of: (a) the Notice; (b) the Proof of Claim and Release Form; and (c) the Summary Notice, which are Exhibits 1, 2, and 3, respectively, to this Order.

12.  The Court finds that Class Counsel have the authority to act on behalf of the Settlement Class as to all acts or consents that are required by or may be given pursuant to the Stipulation, or that are reasonably necessary to consummate the Settlement.

13.     For settlement purposes only, A.B. Data, Ltd. is appointed as the Claims Administrator to supervise and administer the notice procedure and the processing of claims.

14.     To the extent they have not already done so, Class Counsel shall provide wire instructions for the Escrow Account and an IRS Form W-9 for the Settlement Fund to Wilson Sonsini Goodrich & Rosati, P.C. ("Precigen's Counsel") within five (5) business days of the date of this Order.  By or before the later of the thirtieth (30th) calendar day after (a) these wire instructions have been provided to Precigen's Counsel; and (b) entry of this Order on the Court's docket, Precigen shall pay or cause to be paid the Settlement Amount of U.S. $13,000,000.00 (thirteen million U.S. Dollars) by wire into the Escrow Account.

15.     The Claims Administrator shall cause the Notice and Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, by the twenty-first (21st) calendar day after entry of this Order (or, if later, by the fifth (5th) business day of the date on which at least the first $300,000 of the Settlement Amount has been paid by or on behalf of Defendants by wire into the Escrow Account) (the "Notice Mailing Date"), to all Settlement Class Members who can be identified with reasonable effort, including nominees or custodians who purchased or acquired shares of Precigen common stock during the Class Period as record owners but not as beneficial owners.  In accordance with ¶4.3 of the Stipulation, to the extent it has not already done so, Precigen shall provide (at its expense) to the Claims Administrator the last known names and addresses of all persons who, based on the records of Precigen or Precigen's stock transfer agent, are likely members of the Settlement Class, for the purpose of assisting the Claims Administrator in identifying and giving notice to the Settlement Class.  Nominees or custodians receiving the Notice are hereby directed, within seven (7) calendar days of receipt of the Notice, to provide the Claims Administrator with lists of the names, last known addresses, and email addresses (to the extent known) of such beneficial owners, in which case the Claims Administrator is directed to send the Notice and Proof of Claim form promptly to such identified beneficial owners.  Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed.  Additional copies of the Notice shall be made available to any record holder requesting

1   such for the purpose of distribution to beneficial owners.  The Claims Administrator shall, if

2   requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable

3   out-of-pocket expenses, which expenses would not have been incurred but for the sending of such

4   notice or the requirement to identify their beneficial holders, subject to further order of this Court

5   with respect to any dispute concerning such reimbursement.

6       16.   Class Counsel shall, at least seven (7) calendar days before the Fairness Hearing,

7   serve upon counsel for the Defendants, and file with the Court, proof of the mailing of the Notice

8   and Proof of Claim and Release Form as required by this Order.

9       17.   Class Counsel, through the Claims Administrator, shall cause the Stipulation and

10  its exhibits, this Order, and a copy of the Notice and Proof of Claim and Release Form to be posted

11  on the Settlement Website to be established by the Claims Administrator for the Settlement within

12  fourteen (14) calendar days after entry of this Order.

13      18.   Class Counsel, through the Claims Administrator, shall cause the Summary Notice

14  to be published: (a) electronically once on the PRNewswire; and (b) in print once in Investor's

15  Business Daily, within thirty (30) business days of entry of this Order.  Class Counsel shall, at

16  least seven (7) calendar days before the Fairness Hearing, serve upon counsel for the Defendants

17  and file with the Court proof of publication of the Summary Notice.

18      19.   The Court finds that the forms and methods set forth herein of notifying the

19  Settlement Class Members of the Settlement and its terms and conditions meet the requirements

20  of due process, FRCP Rule 23, and all other applicable laws and rules, and constitute the best

21  notice practicable under the circumstances, and shall constitute due and sufficient notice to all

22  persons and entities entitled thereto, and are reasonably calculated under the circumstances to

23  describe the terms and effect of the Settlement and to apprise the Settlement Class Members of

24  their right to object to the proposed Settlement and to exclude themselves from the Settlement

25  Class.  No Settlement Class Member will be relieved from the terms and conditions of the

26  Settlement, including the releases provided for therein, based upon the contention or proof that

27  such Settlement Class Member failed to receive actual or adequate notice.

28

20.     All reasonable fees and expenses incurred in identifying and notifying Settlement Class Members, and in administering the Settlement, shall be paid as set forth in the Stipulation. In the event the Settlement is not finally approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff or any other plaintiff in the Action (collectively, "Plaintiffs"), nor any Plaintiffs' counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund, except as provided in the Stipulation.

21.     To be eligible to participate in any recovery from the Net Settlement Fund, if the Settlement becomes effective, each Settlement Class Member must take the following actions and be subject to the following conditions:

(a)     Within 120 calendar days after the deadline set by the Court for the Claims Administrator to mail the Notice to the Settlement Class (*see* ¶15), each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 to the Stipulation, signed under penalty of perjury and accompanied by adequate supporting documentation for the transactions reported therein as specified in the Proof of Claim, or by such other supporting documentation as is deemed adequate by the Claims Administrator;

(b)     Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim within such period, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation and Settlement set forth therein, but will, in all other respects, be subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Judgment.  Notwithstanding the foregoing, Class Counsel may, in its discretion (a) accept for processing late submitted claims, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed; and (b) waive what Class Counsel deem to be de

7

1    minimis or technical defects in any Proof of Claim submitted.  No Person

2    shall have any claim against Lead Plaintiff, Class Counsel, any Plaintiffs'

3    counsel, or the Claims Administrator by reason of any exercise of discretion

4    with respect to such late-submitted or technically deficient claims.

5    (c)    Each Proof of Claim shall be deemed to have been submitted when legibly

6    postmarked (if properly addressed and mailed by first class mail) provided

7    such Proof of Claim is actually received before the filing of a motion for an

8    Order of the Court approving distribution of the Net Settlement Fund.  Any

9    Proof of Claim submitted in any other manner shall be deemed to have been

10    submitted when it was actually received by the Claims Administrator at the

11    address designated in the Notice.

12    (d)    Once the Claims Administrator has considered a timely submitted Proof of

13    Claim, it shall determine whether such claim is valid, deficient or rejected.

14    For each claim determined to be either deficient or rejected, the Claims

15    Administrator shall send a deficiency letter or rejection letter as appropriate,

16    describing the basis on which the claim was so determined.  Persons who

17    timely submit a Proof of Claim that is deficient or otherwise rejected shall

18    be afforded twenty (20) calendar days to cure such deficiency if it shall

19    appear that such deficiency may be cured.  If any Claimant whose claim has

20    been rejected in whole or in part wishes to contest such rejection, the

21    Claimant must, within twenty (20) calendar days after the date of mailing

22    of the notice of such rejection, serve upon the Claims Administrator a notice

23    and statement of reasons indicating the Claimant's ground for contesting

24    the rejection along with any supporting documentation, and requesting a

25    review thereof by the Court.  If an issue concerning a claim cannot be

26    otherwise resolved, Class Counsel shall thereafter present the request for

27    review to the Court.

28

(e)     As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all of their Released Claims against the Released Defendant Persons as provided in the Stipulation.  No discovery shall be allowed on the merits of the Action or the Settlement in connection with the processing of any Proofs of Claim, nor shall any discovery from or of Defendants be allowed on any topic.

22.     Settlement Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the terms of the Stipulation and the Judgment, if entered and the Settlement becomes Effective, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Released Defendant Persons with respect to the Released Claims.

23.     Settlement Class Members shall be bound by all determinations and judgments in this Action whether favorable or unfavorable, unless such Persons timely and validly request exclusion from the Settlement Class, as hereinafter provided.  A Settlement Class Member wishing to make such request for exclusion shall mail it, in written form, by First Class Mail, postage prepaid, or otherwise deliver it on a delivery pre-paid basis, to the address for the Claims Administrator listed in the Notice.  Pursuant to ¶8.5 of the Stipulation, to be timely, requests for exclusion must be postmarked on or before the sixtieth (60th) calendar day after the Notice Mailing Date (said sixtieth day being hereafter referred to as the "Exclusion Deadline"), and requests for exclusion that are otherwise submitted via a pre-paid delivery service must be marked as having been submitted for delivery on or before said Exclusion Deadline. To be valid, an exclusion request must clearly (a) state the name, address, phone number, and any e-mail contact information of the Person seeking exclusion; (b) state that the sender "requests to be excluded from the Settlement Class in Abadilla v. Precigen Inc., Case No. 5:20-cv-06936-BLF"; and (c) state (i) the date, number of shares of Precigen common stock, and dollar amount of each of their purchases, acquisitions or sales of such shares during the Class Period; and (ii) the number of shares of Precigen common

9

1    stock they held as of the opening of trading on May 10, 2017 (the first day of the Class Period)

2    and September 25, 2020 (the last day of the Class Period).  To be valid, exclusion requests must

3    be submitted with documentary proof of (i) each purchase or acquisition and, if applicable, sale

4    transaction of Precigen shares during the Class Period; and (ii) the Person's status as a beneficial

5    owner of the Precigen shares at issue.  Any such request for exclusion must be signed and

6    submitted by the beneficial owner.  The request for exclusion shall not be effective unless it

7    provides the required information, is legible, and is made within the time stated above, or is

8    otherwise accepted by the Court.  The Claims Administrator and/or Class Counsel may contact

9    any Person filing a request for exclusion, or their attorney, to discuss the exclusion.  Consistent

10   with the terms of the Notice attached hereto as Exhibit 1, Class members may not seek to exclude

11   themselves by phone or email.

12   24.    The Claims Administrator shall provide copies of all requests for exclusion and

13   materials submitted therewith (including untimely requests and revocations of requests) to

14   Precigen's Counsel and to Class Counsel as soon as possible, and in any event no later than the

15   Exclusion Deadline or on receipt (if later than the Exclusion Deadline).  The Settlement Class will

16   not include any Person who delivers a valid and timely request for exclusion.

17   25.    Any Person that submits a request for exclusion may thereafter submit to the Claims

18   Administrator, Class Counsel, Precigen's Counsel, or the Court a written revocation of that request

19   for exclusion, provided that it is received no later than two (2) calendar days before the Fairness

20   Hearing, in which event that Person will be included in the Settlement Class.  All Persons who

21   submit a valid, timely, and unrevoked request for exclusion will be forever barred from receiving

22   any payments from the Net Settlement Fund.

23   26.    The Court will consider objections to the Settlement, the Plan of Allocation, and

24   the Fee and Expense Application, provided, however, that, absent further order of the Court, no

25   Settlement Class Member or other Person shall be heard or entitled to contest the approval of the

26   terms and conditions of the proposed Settlement, the Plan of Allocation, the Fee and Expense

27   Application or, if approved, the Judgment, or any other order relating thereto, unless that Person

28   has submitted an objection to the Court either by filing it electronically or in person at any location

of the United States District Court for the Northern District of California or by mailing it to the Class Action Clerk, United States District Court for the Northern District of California, San Jose Courthouse, 280 S. 1st St., San Jose, CA 95113, such that it is filed (or if mailed or sent by pre-paid delivery service, postmarked or marked as having been submitted for delivery) at least sixty (60) calendar days after the Notice Mailing Date, pursuant to ¶8.5 of the Stipulation. To be valid, a Settlement Class Member's objection must substantially comply with the following requirements, namely, it must set forth the Settlement Class Member's: (1) name, address, and telephone number, (2) a list of all of their purchases, acquisitions, sales, and dispositions shares of Precigen common stock during the Class Period (in order to show their membership in the Settlement Class), (3) all grounds for the objection, and (4) the name, address, and telephone number of the Settlement Class Member's counsel, if any. The objection must also state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection. The objection must be signed by the objector, even if the objection is filed by counsel for the objector. Attendance at the Fairness Hearing is not necessary but Persons wishing to be heard orally in opposition to approval of the Stipulation, the Plan of Allocation, and/or the Fee and Expense Application must state in their written objection that they intend to appear at the Fairness Hearing, and must identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Fairness Hearing, provided, however, that the Court may excuse such requirements upon a showing of good cause. Settlement Class Members need not appear at the Fairness Hearing or take any other action to show their approval.

27.    Unless otherwise ordered by the Court upon a finding of good cause shown, any Settlement Class Member who does not object in the manner prescribed above shall: be deemed to have waived all such objections; be forever foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, any Judgment approving the Settlement, and any orders approving the Plan of Allocation or the Fee and Expense Application; be bound by all the terms and provisions of the Stipulation and by all proceedings, orders, and judgments in the Action; and be foreclosed from appealing from any judgment or order entered in this Action.

28.     All papers in support of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application shall be filed and served no later than thirty-five (35) calendar days before the Fairness Hearing.

29.     Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application shall be filed no later than fourteen (14) calendar days prior to the Fairness Hearing.

30.     Defendants, their counsel, their insurers, and the other Released Defendant Persons shall have no responsibility for, or liability with respect to, the Plan of Allocation or the Fee and Expense Application (including any payments to the Class Representative) submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

31.     Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, maintain, or prosecute, and are hereby barred and enjoined from instituting, continuing, commencing, maintaining, or prosecuting, any action in any court or tribunal that asserts Released Claims against any of the Released Defendant Persons.

32.     All funds held by the Escrow Agent shall be deemed to be in the custody of, and subject to the jurisdiction of, the Court until such time as such funds are either distributed or returned pursuant to the Stipulation, the Plan of Allocation, and/or further order of the Court.

33.     Neither this Order, nor the Stipulation (including the Settlement contained therein) nor any act performed or document executed pursuant to or in furtherance of the Settlement:

(a)     is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by any Plaintiff, the sufficiency or deficiency of any defense that has been or could have been asserted in either Action, or of any deception, wrongdoing, liability, negligence, or fault of the Defendants, the Released Defendant Persons, or each or any of them, or that

1    any Plaintiff or Settlement Class Member was harmed or damaged by any

2    conduct by any Defendant;

3    (b)    is or may be deemed to be or may be used as an admission of, or evidence

4    of, any fault or misrepresentation or omission with respect to any statement

5    or written document attributed to, approved or made by the Defendants or

6    the Released Defendant Persons in any arbitration proceeding or any civil,

7    criminal, or administrative proceeding in any court, administrative agency

8    or other tribunal;

9    (c)    is or may be deemed to be or shall be used, offered or received against the

10    Parties, Defendants, the Released Defendant Persons, the Released Plaintiff

11    Persons, or any of them, as an admission, concession, or evidence of the

12    validity or invalidity of the Released Claims, the infirmity or strength of any

13    claim raised in the Action, the truth or falsity of any fact alleged by Lead

14    Plaintiff or the Settlement Class, or the availability or lack of availability of

15    meritorious defenses to the claims raised in the Action; and

16    (d)    is or may be deemed to be or shall be construed as or received in evidence

17    as an admission or concession against the Defendants, the Released

18    Defendant Persons, the Released Plaintiff Persons, or any of them, that any

19    of Lead Plaintiff's or Settlement Class Members' claims are with or without

20    merit, that a litigation class should or should not be certified, that damages

21    recoverable in the Action would have been greater or less than the

22    Settlement Fund, or that the consideration to be given pursuant to the

23    Stipulation represents an amount equal to, less than or greater than the

24    amount which could have or would have been recovered after trial.

25    34.    In the event the Settlement is not consummated in accordance with the terms of the

26    Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and except

27    as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no

28    further force or effect, and without prejudice to any Party, and may not be introduced as evidence

1   or used in any action or proceeding by any Person against the Parties, the Released Defendant

2   Persons or the Released Plaintiff Persons, and each Plaintiff and Defendant shall be restored to his,

3   her, or its respective litigation positions as they existed immediately prior to the execution of the

4   Stipulation.

5       35.     At least seven (7) calendar days before the Fairness Hearing, Precigen shall cause

6   to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding

7   its compliance with its notice requirements under the Class Action Fairness Act, 28 U.S.C. §1715,

8   et seq. ("CAFA") on behalf of all Defendants.

9       36.     The Court retains exclusive jurisdiction over the Action to consider all further

10  matters arising out of, or relating to, the Settlement and the Stipulation including, by way of

11  illustration and not limitation, the enforcement thereof.

12  DATED: __July 7_____, 2023        _____

13                                      HON. BETH LABSON FREEMAN
                                        UNITED STATES DISTRICT COURT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

**EXHIBIT 1**

Dear Recipient:

You have been identified as a potential Settlement Class Member ("Class Member") in a securities class action involving Precigen, Inc., formerly known as Intrexon Corporation ("Precigen" or the "Company") captioned *Abadilla v. Precigen, Inc., et. al,* Case No. 5:20-cv-06936-BLF (the "Action"). Enclosed is a Notice about the settlement of this Action. *If you purchased or acquired Precigen common stock during the period from May 10, 2017 through September 25, 2020, inclusive, you could receive a payment from this settlement.*

A federal court authorized the accompanying Notice. **This is not a solicitation from a lawyer**. **Your legal rights will be affected whether you act or do not act**. Important facts are highlighted below and are further explained in the accompanying Notice, which you should read carefully. All capitalized terms used in this cover letter, to the extent not otherwise defined herein, are defined in the accompanying Notice.

**Relevant Security and Time Period**: Precigen common stock (ticker PGEN, formerly XON) purchased or acquired between May 10, 2017 and September 25, 2020, inclusive (the "Class Period").

**Settlement Amount:** $13,000,000.00 in cash. Your individual recovery will depend on the number of publicly tradeable shares of Precigen (f/k/a Intrexon) common stock that you (and other Class Members who file valid claims) purchased and sold, and the prices at which, and the dates on which, you (and other Class Members who file valid claims) purchased and sold those shares. Based upon information currently available to Plaintiff and the analysis performed by his damages consultant, it is estimated that if Class Members submit claims for 100% of the Precigen (Intrexon) common stock eligible for distribution, the estimated average distribution will be approximately $0.13 per share of damaged Precigen (Intrexon) common stock (before deduction of Court-approved fees, expenses, plaintiff incentive awards, and costs of notice and claims administration).

**Reasons for Settlement**: Lead Plaintiff's and Lead Counsel's principal reason for entering into the Settlement is that it provides the Settlement Class ("Class") with a significant benefit now against the Defendants (consisting of Precigen and two its current or former officers and/or directors) without the risks or delays inherent in continued litigation. *See also* Notice at §5 below ("Why is There a Settlement?"). Defendants, who have denied and continue to deny all allegations of liability, have stated that their sole reason for entering into the Settlement is to eliminate the uncertainty, risk, costs and burdens inherent in complex cases such as this.

**Nature of Claims Asserted:**

Plaintiff alleges that the Defendants violated §10(b) of the Securities Exchange Act of 1934 ("Exchange Act") by making material misstatements and omissions concerning the Company's efforts (through its "MBP program"), to develop commercially usable methods to combine natural gas with certain biological organisms to manufacture certain valuable chemical byproducts, which allegedly caused the price of the Company's common stock to be artificially inflated during the Class Period. Plaintiff further alleges that Class Members suffered damages as the alleged truth about the Company's MBP program was gradually revealed to the market. The Defendants deny all allegations of wrongdoing and liability, and contend that the statements at issue regarding the Company's MBP program were all accurate and not misleading. Defendants also assert that they had several other valid defenses to the claims at issue, including that they never acted with any intent to deceive any investors. *See also* Notice at §2 below ("What is this lawsuit about?").

**If the Settlement Had Not Been Reached:** The claims asserted against the Defendants involve numerous complex legal and factual issues, and the District Court had already dismissed (with leave to amend) Lead Plaintiff's Second Amended Complaint. The issues on which the Parties disagree are many, but include: (1) whether Defendants made any materially false or misleading statements in violation of the federal securities laws; (2) whether Defendants have defenses to the claims at issue, including that their allegedly actionable statements were protected from liability as "forward-looking" statements or as non-actionable statements of opinion; (3) the extent to which the alleged misrepresentations and omissions affected the trading price of Precigen (Intrexon) common stock during the Class Period; and (4) the appropriate economic model for determining whether and/or the extent to which purchasers of the allegedly damaged Precigen (Intrexon) common stock suffered damages that are recoverable under applicable law. There is no assurance that Plaintiff's most recent complaint (the Third Amended Complaint) would survive an expected further round of motions to dismiss by Defendants, and even if it did there could be no assurance that the facts and relevant expert testimony would support a finding of liability against Defendants. The benefits of the Settlement should therefore be compared to the risk of ultimately obtaining little or no recovery at all against the Defendants after completion of fact and expert discovery, further briefing on contested dispositive motions, potentially disputed class certification proceedings, trial, and likely appeals.

**Statement of Attorneys' Fees and Expenses Sought.** Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel of up to 25% of the Settlement Amount (or roughly $3,250,000), plus interest earned at the same rate as earned by the Settlement Fund, and for litigation expenses not to exceed $111,000. In addition, the Lead Plaintiff will apply for awards for his reasonable time and expenses in representing the Class in an amount not to exceed $5,000. The requested attorneys' fees and expense awards, if granted in full, would amount to an average cost of approximately $0.03 per allegedly damaged share of Precigen (Intrexon) common stock.

**Dismissal and Releases**:  If the proposed Settlement is approved, the Court will enter a Judgment that, in sum, will dismiss and release all claims asserted against the Defendants (and their respective parents, subsidiaries, employees, directors and officers, in their capacities as such), and will bar all Class Members (unless they request exclusion from the Class) from ever bringing any such claims against those persons or entities.  The precise terms of the releases, including the meaning of the term "Released Claims," are set forth in the attached Notice.

**Important Dates and Deadlines:**

○ Deadline for Submitting Claim Form:  must be *postmarked or submitted electronically* by _____, 2023

○ Deadline for Filing Any Objections:  must be *postmarked* by _____, 2023

○ Deadline for Requesting Exclusion from the Class:  must be *postmarked* by _____, 2023  .

○ Date of the Court's Hearing on the Fairness of Settlement: October 19, 2023 at 9:00 a.m. Pacific Time (date and time are subject to change without further notice; *see* Notice at §19 below).

**More Information**:  You may contact the Claims Administrator, A.B. Data, Ltd., toll-free at 1-800-_____, by email at ____@_____.com, or by visiting www.PrecigenSecuritiesLitigation.com.  You may also contact representatives of counsel for the Settlement Class c/o William C. Fredericks, SCOTT+SCOTT ATTORNEYS AT LAW LLP, 230 Park Avenue, 17th Floor, New York, NY 10169-1820, tel. 1-800-404-7770, email: scottcases@scott-scott.com.

*Please Do Not Call the Court or Defendants with Questions About the Settlement.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN JOSEPH ABADILLA, et al., | Case No. 5:20-cv-06936-BLF |
| Plaintiffs, | |
| v. | **NOTICE OF: (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES** |
| PRECIGEN, INC, et al. | |
| Defendants. | |
| This Document Relates to: | |
| ALL CONSOLIDATED ACTIONS | |

**TO: ALL PERSONS WHO PURCHASED COMMON STOCK OF PRECIGEN, INC.,** formerly known as Intrexon **Corporation ("PRECIGEN") (NASDAQ ticker PGEN, formerly XON) DURING THE PERIOD FROM MAY 10, 2017 THROUGH SEPTEMBER 25, 2020, INCLUSIVE (THE "CLASS PERIOD") AND WERE DAMAGED THEREBY**

**\*\*\*A FEDERAL COURT AUTHORIZED THIS NOTICE\*\*\***

**THIS IS NOT A SOLICITATION FROM A LAWYER.**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") **POSTMARKED OR SUBMITTED ELECTRONICALLY ON OR BEFORE _____, 2023.**

The purpose of this Notice is to inform you of: (i) the pendency of this class action (the "Action"); (ii) the proposed $13,000,000 settlement (the "Settlement") of the Action reached between (a) Lead Plaintiff Raju Shah ("Plaintiff" or "Lead Plaintiff"); and (b) the Defendants (consisting of Precigen Inc. ("Precigen" or the "Company"), current Precigen director and former chief executive officer Randal J. Kirk ("Kirk"), and former Precigen officer Robert F. Walsh III ("Walsh" and collectively, with Precigen and Kirk, the "Defendants")); and (iii) a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, proposed Plan of Allocation, Plaintiff's Counsel's application for attorney's fees, costs, and expenses, and Lead Plaintiff's application

for an award (of no more than $5,000) for his reasonable time and expenses in representing the Class.  This notice (the "Notice") also describes what rights you have and what steps you may take in relation to the Settlement and this Action.[1]

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement.  Unless otherwise extended by the Court, **Claim Forms must be postmarked or submitted electronically to the Claims Administrator on or before _____, 2023.** *See Question 9 below.* |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that potentially allows you to ever be part of another lawsuit against the Defendants or any other Released Defendant Persons based on the matters being resolved by this Settlement. Unless otherwise extended by the Court, **exclusion requests must be mailed to the Claims Administrator, postmarked on or before _____, 2023.** *See Question 12 below.* |
| **OBJECT** | Write to the Court about why you do not like the Settlement, Plan of Allocation, and/or request for attorneys' fees and expenses.  You will still be a member of  the Class.  Unless otherwise extended by the Court, **objections must be filed electronically or in person with the Court on or before _____, 2023, or, if mailed to the Court, postmarked on or before _____, 2023.** *See Question 17 below.* |
| **ATTEND THE HEARING ON OCTOBER 19, 2023 AT 9:00 a.m. PACIFIC TIME** | Ask to speak in Court about the fairness of the Settlement.  Unless otherwise permitted by the Court, **requests to speak must be filed electronically or in person with the Court on or before _____, 2023, or, if mailed to the Court, postmarked on or before _____, 2023.** *See Questions 19-21 below.* |
| **DO NOTHING** | Receive no payment. You will, however, still be a member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Persons about the legal claims being resolved by this Settlement, and that you will be bound by any judgments or orders entered by the Court in the Action. *See Question 22 below.* |

You may submit a claim or object, or do both, or do nothing.  However, if you timely exclude yourself, that is the only thing you can do: you may not object in writing, you may not appear at the Fairness Hearing to state any objections, and you may not submit a claim.  The Court presiding over this case must decide whether to approve the Settlement.  Payments will be made only if the Court approves the Settlement, and only after resolution of any appeals and the review and processing of all Claim Forms.  Please be patient.

***Please Do Not Call the Court or Defendants with Questions About the Settlement.***

## <u>SUMMARY OF THIS NOTICE</u>

**BASIC INFORMATION**

1. Why Did I Get This Notice?
2. What Is This Lawsuit About, And What Has Happened In The Action So Far?
3. How Do I Know If I Am Part Of The Settlement?
4. What If I Am Still Unsure If I Am Included?

**THE SETTLEMENT**

5. Why Is There A Settlement?
6. What Does The Settlement Provide?
7. How Much Will My Payment Be?
8. What Is The Proposed Plan Of Allocation?

**HOW TO OBTAIN A PAYMENT – SUBMITTING A CLAIM FORM**

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein have the meanings provided in the Stipulation and Agreement of Settlement dated March 1, 2023 (the "Stipulation"), copies available at  www.PrecigenSecuritiesLitigation.com.

9.  How Can I Obtain A Payment?
10. When Will I Receive My Payment?
11. What Am I Giving Up To Receive A Payment?

**EXCLUDING YOURSELF FROM THE CLASS ACTION SETTLEMENT**

12. How Do I Exclude Myself ("Opt Out") Of The Class?
13. If I Do Not Exclude Myself, Can I Sue The Defendants For The Same Thing Later?
14. If I Exclude Myself, Can I Receive Money From The Settlement?

**THE LAWYERS REPRESENTING YOU**

15. Do I Have A Lawyer In The Case?
16. How Will The Lawyers Be Paid?

**OBJECTING TO THE SETTLEMENT**

17. How Do I Tell The Court If I Do Not Like The Settlement?
18. What Is The Difference Between Objecting And Excluding?

**THE COURT'S SETTLEMENT (OR "FINAL APPROVAL") HEARING**

19. When And Where Will The Court Decide Whether To Approve The Settlement?
20. Do I Have To Come To The Hearing?
21. May I Speak At The Hearing?

**IF YOU DO NOTHING**

22. What Happens If I Do Nothing?

**ADDITIONAL INFORMATION**

23. How Can I Get More Information?

**PROPOSED PLAN OF ALLOCATION**

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

## BASIC INFORMATION

### 1.  Why Did I Get This Notice?

The Court has directed that this Notice be sent to you because you or someone in your family may have purchased or acquired Precigen common stock during the Class Period of May 10, 2017 through September 25, 2020, inclusive. The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about the proposed Settlement and all of your options before the Court decides whether to approve the Settlement.

The Court in charge of this Action is the United States District Court for the Northern District of California (the "Court"). The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim or defenses in the Action, and the Court still has to decide whether to approve the Settlement.

### 2.  What Is This Lawsuit About, And What Has Happened In The Action So Far?

Defendant Precigen (previously known as Intrexon Corporation) is a company that, during the relevant time period, focused on using synthetic biology to develop various products. During the Class Period, Precigen's "Energy/Chemicals" segment was focused on developing the Company's Methane Bioconversion Platform ("MBP"), which sought to use natural gas to convert methanotrophic organisms into valuable chemicals (notably isobutanol, isobutyraldehyde, and various forms of butanediol). Plaintiffs allege that Defendants' statements made during the Class Period regarding the MBP program were materially false and/or misleadingly incomplete in violation of §10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), including various statements concerning the Company's claimed success in having developed "in the money" methods to use natural gas to convert methanotrophic organisms into valuable chemical byproducts. Plaintiffs further allege that, as a result, Precigen's stock price was artificially inflated during the Class Period. Defendants deny all allegations of wrongdoing or liability whatsoever in this lawsuit and, among other things, maintain that all statements made by or on behalf of Defendants during the Class Period were accurate and not materially misleading when made. *See also* §5 below ("Why Is There a Settlement?").

On May 18, 2021, following the filing of earlier complaints, Lead Plaintiff filed his Consolidated Amended Class Action Complaint (the "AC"), which asserted claims for violations of §10(b) and §20(a) of the Exchange Act against the Defendants, as well as two other former Precigen officers (former chief financial officer Rick Sterling and former chief operating officer Andrew J. Last). Defendants moved to dismiss the AC on August 2, 2021. Pursuant to a stipulation and Order, in lieu of responding to Defendants' motion to dismiss the AC, on September 27, 2021 Lead Plaintiff filed a Second Amended Class Action Complaint (the "SAC") as to the same defendants named in the AC, and on November 3, 2021 those defendants filed a motion to dismiss all claims asserted against them in the SAC.

After full briefing and oral argument, in a 19-page Order dated May 31, 2022 (the "MTD Order", available at www.PrecigenSecuritiesLitigation.com), the Court dismissed all of Plaintiff's claims asserted in the SAC, with leave to replead.

Shortly thereafter, in June 2022, the Parties commenced preliminary discussions about trying to resolve the claims at issue through mediation. While these discussions were still ongoing, on August 1, 2022, Lead Plaintiff filed his Third Amended Class Action Complaint (the "TAC"), which (*inter alia*) dropped Messrs. Last and Sterling as defendants. Shortly thereafter, the remaining Parties advised the Court that they had agreed to retain a highly experienced mediator (retired federal judge Layn R. Phillips ("Judge Phillips" or the "Mediator")), and the Court vacated its existing deadlines for briefing motions to dismiss the TAC to allow the remaining Parties time to try to reach a mediated settlement.

Thereafter, pursuant to Judge Phillips' instructions as Mediator, counsel for the Parties prepared and exchanged comprehensive mediation briefs and supporting materials in October 2022. In addition, as part of the mediation process, Precigen produced to Lead Plaintiff certain relevant Precigen documents that Lead Plaintiff had requested in advance of the mediation. The Parties then participated in a full day, arm's-length mediation session on November 17, 2022 under the auspices of the Mediator. Counsel for Precigen and Kirk participated in this mediation session on behalf of the Defendants.

At the end of this mediation session, Judge Phillips made a "mediator's proposal" for a settlement of all claims at issue, under which, in sum: (a) Lead Plaintiff (on behalf of himself and the putative class) would settle, compromise and release all claims against Precigen and its current and former officers, directors, employees, agents and representatives in exchange for the Defendants' payment of $13,000,000.00 in cash. Each Party accepted the "mediator's proposal" in principle, subject to resolution of certain non-monetary terms regarding the nature, scope and completion of confirmatory discovery to be provided to Lead Plaintiff by Precigen, and the Parties promptly notified the Court accordingly. Precigen subsequently produced to Lead Plaintiff more than 83,000 additional pages of documents concerning its MBP program. On January 20, 2023, Lead Plaintiff's counsel advised Precigen that their review had confirmed their original assessment that the proposed Settlement was fair, reasonable and adequate, and that Lead Plaintiff would elect to proceed with the Settlement. The Parties signed the Stipulation of Settlement ("Stipulation") on March 1, 2023. If approved, the Settlement will settle, resolve and dispose of all claims asserted, or previously asserted, in this Action.

## WHO IS IN THE SETTLEMENT

### 3.  How Do I Know If I Am Part Of The Settlement?

If you are a member of the Class you are subject to the Settlement, unless you timely request to be excluded. The Class consists of: all Persons who purchased or otherwise acquired shares of the common stock of Precigen (formerly known as Intrexon Corporation), NASDAQ ticker symbol PGEN, formerly XON) between May 10, 2017 and September 25, 2020, inclusive, and were damaged thereby. Excluded from the Class are (i) all Defendants; (ii) the past and current officers, directors, partners and managing partners of Precigen (and any of Precigen's subsidiaries or affiliates, including but not limited to MBP Titan LLC); (iii) the immediate family members, legal representatives, heirs, parents, subsidiaries, predecessors, successors, and assigns of any excluded Person, or that is or was controlled by any excluded Person; and (iv) any entity in which any excluded Person(s) have or had a majority ownership interest, or that is or was controlled by any excluded Persons.

### 4.  What If I Am Still Unsure If I Am Included?

If you are not sure whether you are included in the Class, you can ask for free help by calling the Claims Administrator at 1-800-        . You can also fill out and return the Claim Form described at §9 to see if you qualify or go to www.PrecigenSecuritiesLitigation.com (the "Settlement Website") for more information.

## THE SETTLEMENT AND WHAT YOU MAY GET

### 5.  Why Is There A Settlement?

The Court did not decide in favor of the Plaintiff or Defendants. Instead, the Plaintiff and the Defendants agreed to a Settlement. If approved, the Settlement will avoid the cost and uncertainties of further litigation, trial, and likely appeals as against all Defendants (and their "Related Persons", as defined in the Stipulation, in their capacities as such).

The court-appointed Lead Plaintiff and Lead Counsel for the Settlement Class believe that the claims that will be released under the Settlement have merit. They recognize, however, that continuing the litigation of the Released Claims through trial and likely appeals would be expensive and likely require additional years to resolve and would involve a very substantial risk that Plaintiff would be unable to prove (i) that the Defendants were liable, or (ii) that the Defendants (even if they were liable) had caused the Class to suffer legally recoverable damages. For example, Defendants argued that the TAC, like the previously filed SAC that the Court had already dismissed, (a) failed to adequately allege that any Defendant had acted with intent to defraud; and (b) failed to adequately allege that various statements were materially false or misleading and were instead merely immaterial puffery, non-actionable "opinion," or "forward-looking statements" that were immunized from liability because they were accompanied by adequate cautionary language and risk warnings. The Defendants also argued that none of the alleged misstatements or omissions caused any Class Members to suffer any damages on the grounds that the declines in Precigen's stock price that occurred on the "corrective disclosure" dates alleged by Plaintiff

did not relate to matters that had allegedly been misrepresented (or that, at worst for the Defendants, their liability would be limited to just a fraction of the losses allegedly suffered on those dates).

Because the Court had already dismissed the substantially similar claims alleged in Lead Plaintiff's prior complaints, there could be no assurance that the Court would not similarly dismiss the TAC. And even if the TAC ultimately survived dismissal, to obtain any recovery against Defendants, the Lead Plaintiff would also have to prevail at class certification, summary judgment and trial – and even then Lead Plaintiff and the Class would still face the risk of winning on the appeals that would likely follow any potential successful result at trial. Further litigation would therefore involve significant risks, and likely years of further proceedings.

Defendants, who deny all allegations of wrongdoing or liability whatsoever, state that they are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| 6. **What Does The Settlement Provide?** |
| --- |

The Settlement will result in a fund of $13,000,000 in cash in exchange for a release of the Released Claims (defined below) and the dismissal of the Action as against all current Defendants (as well as all persons formerly named as defendants). After deductions for taxes, Court-approved attorneys' fees and expenses, Plaintiff service awards, and costs of claims administration, the balance of the fund (the "Net Settlement Fund"), will be distributed *pro rata*, in accordance with a "Plan of Allocation," to Class Members who submit valid Claim Forms. The proposed Plan of Allocation, which is subject to approval by Court, is described in more detail at the end of this Notice.

| 7. **How Much Will My Payment Be?** |
| --- |

Your share of the Net Settlement Fund will depend on the number of valid Claim Forms that Class Members send in, the number of Precigen common shares you purchased during the relevant period, the timing of your purchases and sales, and the amount in fees and expenses approved by the Court. You will not receive a payment, however, if your proportionate share of the Net Settlement Fund is less than $10.00.

| 8. **What Is The Proposed Plan Of Allocation?** |
| --- |

You can calculate your Recognized Claim under the formulas set forth below in the Plan of Allocation. The payment you receive will reflect your Recognized Claim in relation to the Recognized Claims of all persons submitting valid Claim Forms. Because the total of all Recognized Claims is expected to exceed the amount of the Net Settlement Fund, your Recognized Claim is not the amount of the payment that you can expect, but is used to determine how the Net Settlement Fund will be allocated among all persons submitting claims.

### HOW TO OBTAIN A PAYMENT – SUBMITTING A CLAIM FORM

| 9. **How Can I Obtain A Payment?** |
| --- |

To be eligible for a payment from the proceeds of the Settlement, you must be an eligible Class Member and must submit a valid Claim Form. A Claim Form is enclosed with this Notice. You may also download a Claim Form from www.PrecigenSecuritiesLitigation.com, or request one from the Claims Administrator by calling 1-800-_____ toll free. Please read the Claim Form instructions carefully, provide all required information, include copies of the required supporting documents, sign the form, *and mail it so that it is postmarked (or if sent by private delivery service, marked as having been submitted for pre-paid delivery) no later than _____, 2023, or electronically submit it via the Settlement Website no later than _____, 2023.*

| 10. **When Will I Receive My Payment?** |
| --- |

The Court will hold its Fairness Hearing on October 19, 2023 at 9:00 a.m. Pacific Time, to decide whether to approve the Settlement and Plan of Allocation. Please note that the Fairness Hearing date is subject to change without further notice. *See* §19 below. If the Court approves the Settlement and Plan of Allocation, there may be appeals. It is always uncertain when appeals will be resolved, and even if no appeals are filed it also takes time for the Claims Administrator to process all Claim Forms and make payments. Please be patient.

| 11. **What Am I Giving Up To Receive A Payment?** |
| --- |

Unless you timely and validly exclude yourself from the Class by the _____, 2023 deadline (*see* §§12-14 below), if you fit within the definition of the Class you will continue to be a Class Member, which means that you cannot sue or be part of any other lawsuit that brings any of the Released Claims (including the claims asserted in this Action) against any of the Defendants or the other Released Defendant Persons. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Class Member, and if the Settlement is approved, you and each of your "Related Persons" (as defined below) will give up all "Released

Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Defendant Persons" (as defined below):

- "Released Claims" means any and all claims, rights, demands, obligations, damages, actions or causes of action, or liabilities whatsoever, of every nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common or foreign law or regulation, that have or could have been asserted in the Action against any of the Released Defendant Persons by Plaintiff or any Class Member that arising out of, relating to, or in connection with both: (a) the acts, facts, events, transactions, occurrences, statements, representations or omissions that were or could have been alleged in the Action; and (b) the purchase or acquisition of publicly-traded Precigen common stock during the Class Period, provided, however, that the following are expressly excluded from the definition of Released Claims: (i) all claims asserted in the Derivative Actions[2]; and (ii) any claims to enforce any of the terms of the Stipulation.

- "Released Defendant Persons" means (i) Precigen, Kirk and Walsh, and (ii) each of their respective Related Persons.

- "Related Persons", when used in reference to a Person, means (a) the Person; (b) for natural persons, each of that Person's respective immediate family members and any trust that such Person is the settlor of or which is for their benefit and/or the members of his or her family, and, for non-natural persons, each of their direct or indirect parents, subsidiaries, divisions, and departments; and (c), for any of the entities or Persons listed at (a) or (b) above, their respective past, present or future parents, subsidiaries and affiliates, and their respective officers, directors, managing directors, partners, members, principals, employees, auditors, accountants, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, and administrators, in their capacities as such, and any entity in which the Person has a controlling interest.

- "Unknown Claims" means (i) any Released Claims that Plaintiff or any Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which if known by him, her, or it, might have affected their decision(s) with respect to the Settlement, including, but not limited to, the decision not to object to the Settlement, provided such claim arises out of or relates to the purchase or acquisition of Precigen common stock; and (ii) any Released Defendants' Claims that any Defendant does not know or expect to exist in his, her, or its favor at the time of the release of such claims, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that upon the Effective Date, the Parties shall expressly waive, and each of the Class Members shall be deemed to have waived and by operation of the Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." The Parties and the Settlement Class Members may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of the Released Claims or the Released Defendants' Claims, but the Parties shall expressly settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of Judgment or Alternative Judgment, if applicable, shall have, fully, finally, and forever settled and released any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

In addition, if the Settlement is approved, each of the Defendants and each of their Related Persons will give up all "Released Defendants' Claims" against Class Members and the other Released Plaintiff Persons (as defined below):

- "Released Defendants' Claims" means all claims, demands, rights, remedies, liabilities, and causes of action of every nature and description whatsoever, whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation, including both known and Unknown Claims, by any of the Released Defendant Persons against Plaintiff, any members of the Settlement Class, or any of their Related Persons, including any Plaintiff's or Settlement Class Member's counsel, which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of this Action or the Released Claims, except for claims to enforce any of the terms of the Stipulation.

- "Released Plaintiff Persons" means (i) Lead Plaintiff and all Class Members; and (ii) each of their Related Persons.

---

[2] "Derivative Actions" means and includes *In re Precigen, Inc. Stockholder Litigation*, Case No. 2020-0767-PAF (Del. Ct. of Chancery), *Wright v. Alvarez, et al.*, Case No CL-2020-20013 (Va. Cir. Ct.), and *Kent v. Precigen, Inc.*, Case No. CL21-6349 (Va. Cir. Ct.).

## EXCLUDING YOURSELF FROM THE CLASS ACTION SETTLEMENT

If you do not want a payment from the Settlement and want to keep the right to sue on your own the Defendants or the other Released Defendant Persons to recover anything on the claims being released by the Settlement, then you must take steps to remove yourself from the Class.  This process is called excluding yourself from the Class – and is sometimes referred to as "opting out."

| **12.  How Do I Exclude Myself ("Opt-Out") Of The Class?** |
| --- |

To exclude yourself from the Class and the Settlement, you must send a letter by First Class Mail (or other postage pre-paid method of delivery) stating that you "request to be excluded from the Settlement Class in *In re Precigen, Inc. Securities Litigation*."  To be valid, your request must include (i) your name, address, telephone number, any e-mail contact information, (ii) your signature, (iii) the number of shares of Precigen, Inc. (f/k/a Intrexon Corporation) common stock that you purchased and/or sold during the Class Period (*i.e.* between May 10, 2017 and September 25, 2020 inclusive), together with the number of shares, dates, and prices for each such purchase or sale transaction, and (iv) the number of shares of Precigen, Inc. (f/k/a Intrexon Corporation) common stock held as of the opening of trading on May 10, 2017 (the first day of the Class Period) and September 25, 2020 (the last day of the Class Period).  A Person that requests exclusion from the Class must also include copies of documents sufficient to show: (i) how many shares of Precigen, Inc. (f/k/a Intrexon Corporation) common stock he, she, or it purchased and sold during the Class Period, including the dates of purchase or sale, the number of shares purchased and/or sold, and the price paid or received per share for each such purchase or sale, and (ii) his, her, or its status as a beneficial owner of the Precigen shares at issue.  Unless the deadline is otherwise extended by the Court, you must mail your exclusion request by First Class Mail, postage prepaid, or otherwise deliver it on a delivery pre-paid basis, so that if mailed, it is postmarked on or before _____, 2023 (the "Exclusion Deadline"), or if sent by a private service, it is marked as having been submitted for delivery on or before that date, to the following address:

Precigen Securities Litigation Settlement
EXCLUSIONS
c/o A.B. Data
P.O. Box _____
Milwaukee, WI 53217

Unless otherwise ordered by the Court, your exclusion request must comply with the above requirements in order to be valid.  ***Please note that you cannot exclude yourself on the phone or by e-mail***.  If you ask to be excluded, you will not be eligible to receive any payment from the Settlement and you cannot object to the class action Settlement, but you will not be legally bound by anything that happens in this Action, and you may be able to sue on your own the Defendants and the other Released Defendant Persons on the Released Claims in the future.

| **13.  If I Do Not Exclude Myself, Can I Sue the Defendants For the Same Thing Later?** |
| --- |

No.  Unless you exclude yourself from the Class, you give up any right to sue the Defendants and the other Released Defendant Persons on any and all Released Claims.  If you have a pending lawsuit against any of the Released Defendant Persons, speak to your lawyer in that case immediately, as you may need to exclude yourself from this Action to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2023.

| **14.  If I Exclude Myself, Can I Receive Money From The Settlement?** |
| --- |

No.  If you exclude yourself, do not send in a Claim Form.

## THE LAWYERS REPRESENTING YOU

| **15.  Do I Have A Lawyer In This Case?** |
| --- |

The Court appointed the law firm of Scott+Scott Attorneys at Law LLP to represent you and other Class Members.  These lawyers are called Lead Counsel.  You will not be personally liable for the fees and expenses incurred by these lawyers or any other lawyers working with or assisting them.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **16.  How Will The Lawyers Be Paid?** |
| --- |

Lead Counsel and the other Plaintiff's Counsel will submit a Fee and Expense Application asking the Court for an award of attorneys' fees of up to 25% of the Settlement Fund (or roughly $3,250,000) and for reimbursement of expenses up to $111,000 in connection with litigating the claims asserted in this Action that are being settled.  As part of that Application, the Lead Plaintiff will also request an award of up to $5,000 for his services and reasonable time and expenses incurred in representing the Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees, awards or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel and the other Plaintiff's Counsel for their efforts in achieving this Settlement and for their risk in undertaking, on a wholly-contingent basis, to represent Plaintiff and the Class Members in litigating the claims that are being settled. To date, none of Plaintiff's Counsel have been paid anything for their services in conducting this Action on behalf of Plaintiff and the Class, nor for their expenses. Plaintiff's Counsel collectively have expended more than 2,200 hours of attorney time to date in connection with litigating and settling the Settled Claims.

Lead Counsel will file a motion in support of Plaintiff's Counsel's Fee and Expense Application not later than thirty-five (35) days prior to the Fairness Hearing, which Application will be posted on the settlement website at www.PrecigenSecuritiesLitigation.com. The motion will argue that the requested fees are within the range of fees awarded to class counsel in other cases of this type. The Court will decide what Plaintiff's Counsel should receive from the Settlement Fund for fees and expenses and may award less than what is requested.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

### 17.  How Do I Tell The Court If I Do Not Like The Settlement?

If you are a Class Member, you can object to the proposed Settlement, the proposed Plan of Allocation, Plaintiff's Counsel's request for attorney's fees and expenses, and/or the Lead Plaintiff's request for an award for his service, time and expenses, and the Court will consider your views. To object, you must send a signed letter saying that you wish to file an objection to the proposed Settlement, Plan of Allocation and/or Fee and Expense Application in *In re Precigen, Inc. Securities Litigation,* Case No. 5:20-cv-06936-BLF. Include your name, address, telephone number, and your signature, and set forth the date(s), price(s), and number of shares of Precigen common stock you purchased and sold during the Class Period. The objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection. Unless otherwise permitted by the Court, your comments or objection must be submitted to the Court either by filing it electronically or in person at any location of the United States District Court for the Northern District of California or by mailing it to the Class Action Clerk, United States District Court for the Northern District of California, San Jose Courthouse, 280 S. 1st St., San Jose, CA 95113. ***Objections must be filed (or if mailed or sent by private delivery service, postmarked or marked as having been submitted for pre-paid delivery) on or before _____, 2023***. The Court has stated that it will consider any written objection, as long as it substantially complies with the above requirements.

### 18.  What Is The Difference Between Objecting And Excluding?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in (and do not exclude yourself from) the Class. If you object, but the Court approves the Settlement, you will be bound by the Settlement's terms in the same way as Class Members who do not object.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against the Defendants and the other Released Defendant Persons. If you exclude yourself, you cannot object to the Settlement because it will no longer affect you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

### 19.  When And Where Will The Court Decide Whether to Approve The Settlement?

The Court will hold a Fairness Hearing on October 19, 2023 at 9:00 a.m. Pacific Time, before the Hon. Beth Labson Freeman of the United States District Court for the Northern District of California. *Please note that the Court has ordered that the hearing be held remotely by video and/or telephone conferencing*, using the link referenced below. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will also consider how much to pay to Plaintiff's Counsel and whether the Plan of Allocation is fair, reasonable, and adequate. The Court may decide these issues at the hearing or take them under consideration for a later decision. If you want to attend the hearing, you can attend remotely by (a) accessing the following link: https://cand-uscourts.zoomgov.com/j/1607141430?pwd=OEszVGhPbTcxbjRGZngveGhmRnV5UT09; (b) inserting the following Webinar ID: 160 714 1430 and (c) inserting the following password: 773627. *Please note that the Court may change the date, time, location and/or manner of the Fairness Hearing, or the "log-in" information, without another notice being sent to you*. You should check with Lead Counsel or the Settlement Website, www.PrecigenSecuritiesLitigation.com, beforehand to be sure that the date, time, location/method, and relevant "log-in" information for the hearing have not changed.

### 20.  Do I Have To Attend The Fairness Hearing?

No.  Lead Counsel will answer questions the Court may have.  However, you are welcome to attend at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also ask your own lawyer to attend or participate (at your own expense), but it is not necessary.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| **21.  May I Speak At The Hearing?** |
|---|

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "intention to appear in *In re Precigen, Inc. Securities Litigation*, No. 5:20-cv-06936-BLF."  Be sure to include your name, address, telephone number, your signature, the number of shares of Precigen, Inc. (Intrexon Corporation) common stock you purchased and/or sold during the Class Period (*i.e.*, from May 10, 2017 through September 25, 2020, inclusive), and copies of documents evidencing those purchases and/or sales.  Persons who intend to object to the Settlement, the Plan of Allocation, any award of attorneys' fees and expense to Plaintiff's Counsel, and/or any award to Lead Plaintiff for their service, time and expenses representing the Class, and who desire to present evidence at the Fairness Hearing, must include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Fairness Hearing.  Your notice of intention to appear must be submitted to the Court either by filing it electronically or in person at any location of the United States District Court for the Northern District of California or by mailing it to the Class Action Clerk, United States District Court for the Northern District of California, San Jose Courthouse, 280 S. 1st St., San Jose, CA 95113.  *Your notice of intention to appear must be filed (or if mailed or sent by private delivery service, postmarked or marked as having been submitted for pre-paid delivery) on or before _____, 2023.*  However, if you wish to appear at the Fairness Hearing and object without having first submitted a written objection and a request to appear as set forth in this paragraph (or in Question 17 above), the Court may excuse your failure to do so *if* you can provide the Court with a "good cause" explanation of why you were unable to substantially comply with the requirements set forth above.

## IF YOU DO NOTHING

| **22.  What Happens If I Do Nothing?** |
|---|

If you do nothing, all of your Released Claims against the Released Defendant Persons will be released, and you will also not receive any money from the Settlement (because it is necessary to submit a valid and timely Claim Form to be eligible for a payment).

## GETTING MORE INFORMATION

| **23.  How Can I Get More Information?** |
|---|

This Notice summarizes the proposed Settlement.  For even more detailed information concerning the matters involved in this litigation, you can also obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-800-_____, and you can also review (i) copies of the Stipulation (which sets forth all the terms of the proposed Settlement), (ii) the pleadings in support of the Settlement, and (iii) other settlement-related papers, which have been posted on the Settlement website at www.PrecigenSecuritiesLitigation.com.  Copies of the foregoing materials may also be inspected at the Office of the Clerk of the United States District Court for the Northern District of California, U.S. Courthouse, San Jose Courthouse, 280 S. 1st Street, San Jose, CA, 95113, during regular business hours.  For a fee, all papers filed in this Action are also available at www.pacer.gov.  You may also contact a representative of Lead Counsel with any questions c/o:

SCOTT+SCOTT ATTYS AT LAW LLP
William C. Fredericks, Esq.
The Helmsley Building
230 Park Ave, 17th Floor
New York, NY 10169
1-800-404-7770
scottcases@scott-scott.com

***PLEASE DO NOT CALL OR WRITE THE COURT OR TO DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.***

## PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

Publicly tradable shares of the common stock of Precigen, Inc. (f/k/a Intrexon Corporation) ("Precigen") purchased on or after May 10, 2017 and on or before August 11, 2020 (collectively, the "Eligible Shares") are potentially eligible for damages.  Shares deemed purchased and sold on the same day shall not be eligible for damages. The damages for each purchased share will be based on their Recognized Loss and resulting total value of each Authorized Claimant's Recognized Claim (as a percentage of

the Aggregate Recognized claims of all Authorized Claimants), as set forth below.  The total number of damaged Eligible Shares is estimated to be no more than 101 million.  The gross recovery is expected to be at least $0.13 per share.

### A.  Calculation of Recognized Losses on Eligible Shares

For each Eligible Share purchased in the market or in a registered secondary offering from May 10, 2017, through August 11, 2020, inclusive, the Recognized Loss for each such share shall be based on the inflation per share on the date of purchase, minus the inflation per share on the date of sale, as set forth in the following Table A below; provided, however, that all such losses will be limited by the loss limitation rules set forth in ¶¶A.1-3 below (in which case the lower amount will apply).  If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.

**Table A:  Inflation per Share on Eligible Shares as of Relevant Purchase and Sale Dates**

| Period | Beginning Date | Ending Date | Inflation Per Share |
|--------|----------------|-------------|---------------------|
| 1 | 5/10/2017 | 11/9/2017 | $2.34 |
| 2 | 11/10/2017 | 11/08/2018 | $1.44 |
| 3 | 11/9/2018 | 2/28/2019 | $1.03 |
| 4 | 3/1/2019 | 11/11/2019 | $0.55 |
| 5 | 11/12/2019 | 2/28/2020 | $0.43 |
| 6 | 3/1/2020 | 8/10/2020 | $0.31 |
| 7 | 8/11/2020 | 8/11/2020 | $0.12 |
| 8 | 8/12/2020 | Current | $0.00 |

1.  For Eligible Shares sold before November 10, 2017, the Recognized Loss shall be zero.

2.  For Eligible Shares sold on or after November 10, 2017, but on or before September 27, 2020, the Recognized Loss for each share will be the lesser of: (a) the Inflation per Share at the time of purchase, minus the Inflation Per Share amount at the time of sale, as set forth in Table A; or (b) the price paid on the date of purchase ("Purchase Price") minus the price realized on the date of sale ("Sales Price").

3.  For Eligible Shares sold after September 27, 2020, but on or before December 24, 2020, the Recognized Loss will be the lesser of: (a) the Inflation Per Share amount on the date of purchase, minus the Inflation Per Share at the time of sale, as set forth in Table A; or (b) the lesser of the Purchase Price minus the greater of (i) the Sales Price or (ii) the Look-Back Average Price as set forth in Table B below[3].

4.  For Eligible Shares sold after December 24, 2020 (or that continue to be held after that date), the Recognized Loss will be the lesser of: (a) the Inflation Per Share amount at the time of Purchase as set forth in Table A; or (b) the Purchase Price minus $6.11.[4]

**Table B:  Look-Back Price Table for Loss Limitations**

| Date | Look-Back Price | | Date | Look-Back Price |
|------|-----------------|---|------|-----------------|
| 9/28/2020 | 3.58 | | 10/6/2020 | 3.75 |
| 9/29/2020 | 3.56 | | 10/7/2020 | 3.83 |
| 9/30/2020 | 3.54 | | 10/8/2020 | 3.89 |
| 10/1/2020 | 3.61 | | 10/9/2020 | 4.07 |
| 10/2/2020 | 3.64 | | 10/12/2020 | 4.16 |
| 10/5/2020 | 3.70 | | 10/13/2020 | 4.21 |

---

[3] This is a loss limitation pursuant to the Private Securities Litigation Reform Act of 1995.

[4] This is the 90-day Look-Back Price, as set forth in Table B, as of December 24, 2020.

| Date | Look-Back Price |
|------|-----------------|
| 10/14/2020 | 4.25 |
| 10/15/2020 | 4.30 |
| 10/16/2020 | 4.34 |
| 10/19/2020 | 4.35 |
| 10/20/2020 | 4.36 |
| 10/21/2020 | 4.36 |
| 10/22/2020 | 4.35 |
| 10/23/2020 | 4.36 |
| 10/26/2020 | 4.34 |
| 10/27/2020 | 4.34 |
| 10/28/2020 | 4.33 |
| 10/29/2020 | 4.33 |
| 10/30/2020 | 4.33 |
| 11/2/2020 | 4.33 |
| 11/3/2020 | 4.34 |
| 11/4/2020 | 4.37 |
| 11/5/2020 | 4.40 |
| 11/6/2020 | 4.42 |
| 11/9/2020 | 4.45 |
| 11/10/2020 | 4.50 |
| 11/11/2020 | 4.54 |
| 11/12/2020 | 4.58 |
| 11/13/2020 | 4.62 |
| 11/16/2020 | 4.67 |
| 11/17/2020 | 4.71 |
| 11/18/2020 | 4.74 |

| Date | Look-Back Price |
|------|-----------------|
| 11/19/2020 | 4.78 |
| 11/20/2020 | 4.82 |
| 11/23/2020 | 4.84 |
| 11/24/2020 | 4.87 |
| 11/25/2020 | 4.93 |
| 11/27/2020 | 4.99 |
| 11/30/2020 | 5.06 |
| 12/1/2020 | 5.13 |
| 12/2/2020 | 5.20 |
| 12/3/2020 | 5.27 |
| 12/4/2020 | 5.33 |
| 12/7/2020 | 5.39 |
| 12/8/2020 | 5.45 |
| 12/9/2020 | 5.50 |
| 12/10/2020 | 5.56 |
| 12/11/2020 | 5.61 |
| 12/14/2020 | 5.67 |
| 12/15/2020 | 5.70 |
| 12/16/2020 | 5.73 |
| 12/17/2020 | 5.77 |
| 12/18/2020 | 5.84 |
| 12/21/2020 | 5.91 |
| 12/22/2020 | 5.98 |
| 12/23/2020 | 6.05 |
| 12/24/2020 | 6.11 |

### B. Additional Provisions Relating to the Calculation of Recognized Losses

For Class Members who held Precigen common shares at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim. Under the FIFO method, sales of Precigen common shares ("Precigen Shares") during the Class Period will be matched, in chronological order, first against Precigen Shares held at the beginning of the Class Period. The remaining sales of Precigen Shares the Class Period will then be matched, in chronological order, against Precigen Shares purchased during the Class Period.

The date of purchase or date of sale is the "contract" or "trade" date as distinguished from the "settlement" date. All purchase, acquisition, and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise or operation of law of Precigen Shares during the Relevant Period shall not be deemed a purchase or sale of such shares for the calculation of a claimant's Recognized Claim, nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment.

For short sales, the date of covering a "short sale" is deemed to be the date of purchase of the Precigen Share. The date of a "short sale" is deemed to be the date of sale of the Precigen Share. The Recognized Loss on "short sales" is zero. If a claimant had an opening short position, the earliest purchases during the Class Period shall be matched until that short position is fully covered.

Option contracts are not securities eligible to participate in the Settlement. With respect to Precigen Shares purchased or sold through the exercise of an option, the purchase/sale date of the Precigen Share is the exercise date of the option, and the purchase/sale price of the Precigen Share is the exercise price of the option.

### C. Allocation of Net Settlement Proceeds Based on Recognized Losses

A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss amounts for their Eligible Shares, as determined in accordance with §§A and B above.

To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Precigen Shares during the Class Period, the value of the Claimant's Recognized Claim shall be zero, but such Claimants shall in any event be bound by the Settlement.  For the purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[5] and (ii) sum of the Claimant's Sales Proceeds[6] and the Claimant's Holding Value.[7]  To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Precigen Shares purchased during the Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

The Net Settlement Fund will be distributed to Authorized Claimants on a pro rata basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the aggregate Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

The Net Settlement Fund will not be distributed to Authorized Claimants unless and until the Court has (a) approved the Settlement and either this plan of allocation or a modified plan; and (b) the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.  Approval of the Settlement is separate from approval of this or any other plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.  Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants.

You should contact the Claims Administrator or Lead Counsel if you disagree with any determinations that may be made by the Claims Administrator regarding your Claim Form. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.  Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

The Court has ordered that if you held any shares of Precigen, Inc. (Intrexon Corporation) common stock purchased or acquired between May 10, 2017 through September 25, 2020, inclusive, as nominee for a beneficial owner, then, within seven (7) calendar days after you receive this Notice, you must either: (i) send a copy of this Notice and Claim Form ("the Notice Package") by first class mail to all such beneficial owners; or (ii) provide a list of the names and addresses of such beneficial owners to the Claims Administrator.  If you choose to mail the Notice Package yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.  Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for reasonable administrative costs actually incurred in connection with forwarding the Notice Package that would not have been incurred but for the obligation to forward it, upon submission of appropriate documentation to the Claims Administrator and subject to approval by the Court.  All communications concerning the foregoing should be directed to the Claims Administrator by email to _____@_____.com or by mail to:

Precigen Securities Litigation
c/o A.B. Data
P.O. Box _____
Milwaukee, WI 53217
www.PrecigenSecuritiesLitigation.com

Dated: _____, 2023                    BY ORDER OF THE UNITED STATES DISTRICT COURT
                                           FOR THE NORTHERN DISTRICT OF CALIFORNIA

---

[5] The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes, and commissions) for all such Precigen Shares purchased during the Class Period.

[6] The Claims Administrator shall match any sales of Precigen Shares during the Class Period first against the Claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received for sales of the remaining Precigen Shares sold during the Class Period is the "Sales Proceeds."

[7] For each Precigen Share purchased during the Class Period that was still held as of the close of trading at the end of the Class Period, the Claims Administrator shall ascribe a "Holding Value" of $3.58.

# EXHIBIT 2

**EXHIBIT 2**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN JOSEPH ABADILLA, et al.<br>    Plaintiffs,<br>v.<br><br>PRECIGEN, INC., et al.,<br>    Defendants. | Case No.: 5:20-cv-06936-BLF<br><br>CONSOLIDATED CLASS ACTION<br><br><br>PROOF OF CLAIM AND<br>RELEASE FORM |

To recover as a Settlement Class Member based on the claims asserted against the Released Defendant Persons in this Action, you must complete, ***sign*** and submit this Proof of Claim and Release Form ("Claim Form"). If you fail to submit a properly addressed Claim Form, your claim may be rejected, and you may be barred from any recovery from the Net Settlement Fund created under the proposed Settlement. YOU MUST SUBMIT YOUR COMPLETED AND SIGNED CLAIM FORM, TOGETHER WITH COPIES OF THE DOCUMENTS REQUESTED HEREIN, **POSTMARKED OR SUBMITTED ELECTRONICALLY ON THE SETTLEMENT WEBSITE <u>ON OR BEFORE _____, 2023</u>**. If you mail your claim, please send it to:

*Precigen Securities Litigation Settlement*
c/o A.B. Data
P.O. Box _____
Milwaukee, WI 53217
Online Submissions: www.PrecigenSecuritiesLitigation.com

**PART I:  GENERAL INSTRUCTIONS**

1.      It is important that you read and understand the Notice of Proposed Settlement of Class Action (the "Notice") that accompanies this Claim Form. The Notice describes the proposed Settlement and how Settlement Class Members' rights may be affected by it. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting the Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases that you will be giving if you submit a Claim Form.

2.      This Claim Form is directed to all Persons who purchased or otherwise acquired publicly traded shares of the common stock of Precigen, Inc. f/k/a/ Intrexon Corporation ("Precigen") (ticker PGEN, formerly XON) ("Precigen Common Shares") between May 10, 2017 and September 25, 2020, inclusive (the "Settlement Class Period"). If you fit within this definition, and (i) are not excluded from the class by reason of your relationship to one of the Defendants or their affiliates (*see* Notice at Response to Questions 3-4) and (ii) do not exclude yourself by submitting a request for exclusion (*see* Notice at Response to Question 12), then you are a Settlement Class Member.

3.      If you are NOT a Settlement Class Member, you may NOT participate in the Settlement, you should NOT submit a Claim Form, and any Claim Form you submit will be rejected.

4.      If you are a Settlement Class Member and you do not timely request exclusion, you will be bound by the terms of any judgment entered in this Action, including the releases provided for under the Settlement (*see* Notice at Question 11), whether or not you submit a Claim Form.

1

5.      Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, or by such other plan of allocation that is ultimately approved by the Court.

6.      Use Part I of this form, "Claimant Identification," to identify each purchaser or acquiror of the Precigen Common Shares that form the basis of this claim.  *THIS CLAIM FORM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OF THE PRECIGEN COMMON SHARES UPON WHICH THE CLAIM IS BASED, OR BY THEIR LEGAL REPRESENTATIVE.*

7.      Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form.  However, if a single person or legal entity had multiple accounts that were separately managed, separate Claim Forms may be submitted for each such account. The Claim Administrator reserves the right to request information on all holdings and transactions in Precigen Common Shares (including short sales) made on behalf of a single beneficial owner.

8.      All joint beneficial owners, purchasers or acquirers must sign this Claim Form.

9.      Agents, executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of Persons represented by them.  They must also (i) identify the capacity in which they are acting; (ii) identify the name, account number, Social Security Number (or Taxpayer Identification Number) of the beneficial owner (or other Person or entity on whose behalf they are acting); and (iii) provide documentary evidence of their authority to legally bind the person or entity on whose behalf they are acting to the Claim Form.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers who show only that they have discretionary authority to trade in another person's accounts.)

10.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under U.S. law.  Making false statements or submitting fraudulent documentation will result in the rejection of your Claim and may subject you to civil liability or criminal prosecution.

11.     Use Part II of this form, entitled "Schedule of Transactions in Precigen Common Shares," to supply all requested details of your transaction(s) in, including free transfers and deliveries, in, and holdings of, Precigen Common Shares.  On this schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Precigen Common Shares, whether such transactions resulted in a profit or a loss.  List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.  The date of covering a "short sale" is deemed to be the date of purchase of Precigen Common Shares.  The date of a "short sale" is deemed to be the date of sale of Precigen Common Shares. Failure to report all such transactions may result in your claim being rejected.  If you need more space, attach separate sheets giving all of the required information in substantially the same form.  ***Sign and print or type your name on each additional sheet***.

**12.     *COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN PRECIGEN COMMON SHARES MUST BE ATTACHED TO YOUR CLAIM.  FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.***

13.     ***YOUR CLAIM IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGMENT POSTCARD.***  The Claims Administrator will acknowledge receipt of your Claim Form by mail within 60 days.  If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll-free at 1-800-_____.

**NOTICE REGARDING ELECTRONIC FILES**:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All such claimants MUST also submit a manually signed paper Claim Form, whether or not they also submit

electronic copies. If you wish to submit your claim electronically, you must contact the Claims Administrator at ____@_____.com or 1-800-_____ to obtain the *mandatory* file layout. **Any file that does not comply with the required electronic filing format will be subject to rejection.** No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data. Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at ____@_____.com to inquire about your file and confirm it was received.

**PROOF OF CLAIM AND RELEASE ("CLAIM FORM")**
*Abadilla v. Precigen, Inc.,* Case No. 5:20-cv-06936-BLF (N.D. Cal.)

## PART II:  CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's Name ↓:

Co-Beneficial Owner's Name ↓:

Entity Name (if claimant is not an individual) ↓:

Representative or Custodian Name (if different from Benefical Owner(s) listed above) ↓:

Address 1 (street name and number) ↓:

Address 2 (apartment, unit, or box number) ↓:

City ↓:                                    State ↓:          Zip Code/Province ↓:                        Country ↓:

Last Four Digits of your Social Security No. or Taxpayer I.D. No. ↓:

Telephone Number (home/cell) ↓:                        Telephone Number (work) ↓:

Email Address ↓:

Account Number (if filing for multiple account types, file a separate Claim Form for each account type) ↓:

Claimant Account Type (check appropriate box):

❏ Individual (includes joint owner accounts)        ❏ Pension Plan
❏ Corporation                                       ❏ Estate
❏ IRA/401k                                          ❏ Trust
❏ Other (please specify): _____

4

**PART III:   SCHEDULE OF TRANSACTIONS IN PRECIGEN (f/k/a "Intrexon") COMMON SHARES**

Please be sure to include proper documentation with your Claim Form as described in the General Instructions.  Do not include information regarding securities other than Precigen Common Shares.

| | | | | |
|---|---|---|---|---|
| **1.  HOLDINGS AS OF MAY 9, 2017:** State total number of Precigen Common Shares, ticker symbol "PGEN" (formerly "XON"), you held as of the close of trading on May 9, 2017.  (Must document.)  If none, write "zero" or "0" here → _____ | | | | *Check box if proof of position is enclosed→* ☐ |

| | | | | |
|---|---|---|---|---|
| **2.  PURCHASES/ACQUISITIONS FROM MAY 10, 2017 THROUGH SEPTEMBER 25, 2020:** Separately list below each and every purchase or acquisition (including free receipts) of Precigen Common Shares from the opening of trading on May 10, 2017 through the close of trading on September 25, 2020.  (Must document.) ↓↓ | | | | |
| **Date of Purchase/ Acquisition (list chronologically by month/day/year)** | **# of Shares Purchased or Acquired** | **Purchase or Acquisition Price (Per Share)** | **Total Purchase or Acquisition Price (excluding any taxes, commissions, and fees)** | *Check box if copy of proof of purchase is enclosed* |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

| | | | | |
|---|---|---|---|---|
| **3.  PURCHASES/ACQUISITIONS FROM SEPTEMBER 26, 2020 THROUGH DECEMBER 24, 2020:**  State the total number of Precigen Common Shares purchased or acquired (including free receipts) from the opening of trading on September 26, 2020 through the close of trading on December 24, 2020.  If none, write "zero" or "0" here→_____ | | | | |

| | | | | |
|---|---|---|---|---|
| **4.  SALES FROM MAY 10, 2017 THROUGH DECEMBER 24, 2020, 2020:**  Separately list below each and every sale or disposition (including free deliveries) of Precigen Common Shares from the opening of trading on May 10, 2017 through the close of trading on December 24, 2020.  (Must document.) ↓↓ | | | | *If NONE, check box →* ☐ |
| **Date of Sale (list chronologically by month/day/year)** | **Number of Shares Sold** | **Sale Price Per Share** | **Total Sale Price Per Share (excluding any taxes, commissions, and fees)** | *Check box if copy of proof of sale is enclosed:* |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

| | | | | |
|---|---|---|---|---|
| **5.  HOLDINGS AS OF DECEMBER 24, 2020:**  State total number of Precigen Common Shares you held as of the close of trading on December 24, 2020. (Must document.)   If none, write "zero" or "0" here→ _____ | | | | *Check box if proof of position is enclosed→* ☐ |

| |
|---|
| *IF YOU REQUIRE ADDITIONAL SPACE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE, AND ALSO SIGN EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX →* ☐ |

Note:  Information about your transactions in Precigen Common Shares from September 26, 2020 through _____, 2021 is needed to validate your Claim; however, shares purchased after September 26, 2020 are **not eligible** for any recovery under the Settlement or the Plan of Allocation.

*YOU <u>MUST</u> READ AND SIGN THE RELEASE BELOW.*

## PART IV:  RELEASE

1.      I (we) hereby fully, finally, and forever settle, release, and discharge each of the Released Defendant Persons (as defined in the Notice) from each of the Released Claims (as defined in the Notice).

2.      I (we) hereby warrant and represent that I (we): have not assigned or transferred, voluntarily or involuntarily, any of my (our) Released Claims or any other part thereof; have not submitted any other claim covering the same purchases or acquisitions of Precigen Common Shares during the Class Period; and have no knowledge of any other Person having done so on my (our) behalf.

3.      I (we) hereby warrant and represent that I (we) have included herein true and correct information, and submitted true and correct copies of supporting documentation, as to all of my (our) transactions in Precigen Common Shares, as requested in Part III, from May 10, 2017 through December 24, 2020, inclusive, and the number of Precigen Common Shares held by me (us) at the close of trading on May 9, 2017 and on December 24, 2020.

4.      I (we) certify that I am (we are) ***NOT*** subject to backup tax withholding. (If the Internal Revenue Service has notified you that you are subject to backup withholding, please strike out the prior sentence.)

5.      I (we) submit to the jurisdiction of the U.S. District Court for the Northern District of California with respect to my (our) Claim as a Settlement Class Member and for purposes of enforcing the releases set forth above.

6.      I (we) declare under penalty of perjury under the laws of the United States that all of the information submitted by me (us) as part of this Claim Form is true and correct.


Signed on _____[month]/_____[day]/_____[Year]


_____          _____
(Signature of beneficial owner)                    (Signature of co-beneficial owner, if any)


_____          _____
(Type or print your name here)                     (Type or print your name here)


_____          _____
(Title if signing for corporate entity, or your      (Title if signing for corporate entity, or your
capacity if signing as, *e.g.*, executor, trustee,    capacity if signing as, *e.g.*, executor, trustee,
etc., and attach documentation of your authority)   etc., and attach documentation of your authority)

## **Reminder Checklist**:

1.      You must sign the above release and acknowledgment.
2.      Remember to attach copies of supporting documentation.
3.      Do not send originals of certificates or other documentation as they will not be returned.
4.      Keep a copy of your Claim Form and all supporting documentation for your records.
5.      If you move, please send your new address to the address below.
6.      Do not use red pen or highlighter on the Claim Form or any supporting documentation.
7.      Accurate claims processing takes significant time.  Thank you for your patience.

***Do not mail or send your Claim Form to the Court, the Parties, or their counsel.  Submit your Claim Form <u>only</u> to the Claims Administrator (A.B. Data) via the Settlement Website or mailed the address below:***

Online Submissions:
www.PrecigenSecuritiesLitigation.com

Mailed Submissions:
*Precigen Securities Litigation Settlement*
c/o A.B. Data
P.O. Box <mark>_____</mark>
Milwaukee, WI 53217

***Remember, this Claim Form must be submitted electronically or postmarked no later than*** <mark>_____</mark>***,***
***2023.***

# EXHIBIT 3

**EXHIBIT 3**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN JOSEPH ABADILLA, et al. <br>        Plaintiffs, <br> v. <br><br> PRECIGEN, INC., et al., <br>        Defendants. <br> _____ <br><br> *This Document Relates to:* <br><br> *ALL CONSOLIDATED ACTIONS* | Case No.: 5:20-cv-06936-BLF <br><br> <u>CONSOLIDATED CLASS ACTION</u> |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND**
**PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING;**
**AND (III) MOTION FOR ATTORNEY'S FEES AND LITIGATION EXPENSES**

**TO:  All Persons and entities who purchased or otherwise acquired publicly traded shares**
**of the common stock of Precigen Inc. (f/k/a Intrexon Corporation) ("Precigen")**
**(ticker: PGEN, formerly XON) between May 10, 2017 and September 25, 2020,**
**inclusive (the "Class Period") and were damaged thereby (the "Settlement Class"):[1]**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS MAY BE AFFECTED BY**
**A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil
Procedure and an Order of the United State District Court for the Northern District of California
(the "Court"), that the above-captioned litigation (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that the Lead Plaintiff in the Action, Raju Shah, has reached
a proposed settlement of the Action with Defendants Precigen, its former chief executive officer,
Randal J.Kirk, and its former officer, Robert F. Walsh III (collectively, the "Defendants"), that, if
approved, will (i) provide for the payment of U.S. $13,000,000.00 in cash for the benefit of the
Settlement Class, and (ii) resolve, settle, dismiss and release all claims asserted against in the
Action against the Defendants (and their Related Persons).

A hearing will be held on October 19, 2023 at 9:00 a.m. Pacific Time, before the Hon. Beth
Labson Freeman by telephone or videoconference.  At the hearing, the Court will determine
(i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii)

---

[1] Certain persons and entities are excluded from the Settlement Class by definition, as set forth in
the long-form Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness
Hearing; and (III) Motion for an Attorney's Fees and Litigation Expenses (the "Notice"), a copy of which
may be downloaded from the settlement website maintained by the Claims Administrator at
www.PrecigenSecuritiesLitigation.com.

whether the Action should be dismissed with prejudice against all Defendants, and whether the releases specified and described in the Stipulation and Agreement of Settlement, dated March 1, 2023, (and in the Notice) should be granted; (iii) whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiff should be certified as Class Representative for the Settlement Class, and Scott+Scott Attorneys at Law LLP ("Plaintiff's Lead Counsel") should be appointed as Class Counsel; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Plaintiff's counsel's application for an award of attorney's fees and reimbursement of litigation expenses (including an award to the Lead Plaintiff) should be approved.

**If you are a member of the Settlement Class (a "Settlement Class Member"), your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**.  If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator, A.B. Data, Ltd., at Precigen Securities Litigation, c/o A.B. Data, P.O. Box _____, Milwaukee, WI 53217, 1-800-_____.  Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator at www.PrecigenSecuritiesLitigation.com.

If you are a Settlement Class Member, to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked (if mailed), or online,* **no later than** _____, **2023**, in accordance with the instructions set forth in the Claim Form.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any releases, judgments, or orders entered by the Court in the Action.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *postmarked* **no later than** _____, **2023**, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Plaintiff's Counsel's Fee and Expense Application, must be filed with the Court and delivered to Plaintiff's Counsel and defendant Precigen's counsel such that they are *filed or postmarked* **no later than** _____, **2023**, in accordance with the instructions set forth in the Notice.

**Please do _not_ contact the Court, the Clerk's office, Precigen, the other Defendants, or their counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Plaintiff's Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to:

SCOTT+SCOTT ATTYS AT LAW LLP
William C. Fredericks, Esq.
The Helmsley Building
230 Park Ave, 17th Floor
New York, NY 10169
1-800-404-7770
scottcases@scott-scott.com

Requests for the Notice and Claim Form should be made to:

*Precigen Securities Litigation Settlement*
c/o A.B. Data
P.O. Box _____
Milwaukee, WI 53217
www.PrecigenSecuritiesLitigation.com

BY ORDER OF THE COURT