**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARTIN JOSEPH ABADILLA, et al., | Case No.: 5:20-cv-06936-BLF |
| Plaintiff, | **[PROPOSED] ORDER APPROVING FEE AND EXPENSE APPLICATION** |
| v. | |
| PRECIGEN, INC., et al., | Judge Beth Labson Freeman |
| Defendants. | |
| *This Document Relates to:* | |
| *ALL CONSOLIDATED ACTIONS* | |

WHEREAS, this matter is before the Court on Plaintiff's Counsel's Fee and Expense Application.

WHEREAS, the Court has considered all matters submitted to it in connection with the Application, including the Declaration of William C. Fredericks file September 14, 2023, and the exhibits thereto, and Plaintiff's Counsel's Motion and Memorandum in Support of Plaintiff's Counsel's Fee and Expense Application, filed September 14, 2023;

WHEREAS, the Court-approved form of Notice disseminated in this matter advised Settlement Class Members that Plaintiff's Counsel intended to submit a Fee and Expense Application in which they would apply for an award of attorneys' fees in an amount not to exceed

25% of the Settlement Fund, and for reimbursement of litigation expenses in an amount not to exceed $111,000, plus an award totaling no more than $5,000 to the Lead Plaintiff Raju Shah pursuant to 15 U.S.C. §78u-4(a)(4); and that all Class Members had the right to submit to the Court objections to the Fee and Expense Application or any portion thereof, by following the procedures set forth in the Notice;

WHEREAS, the Court has considered all materials submitted in connection with the Fee and Expense Application, and reviewed the relevant standards and factors for assessing the fairness and reasonableness of the requested Fee and Expense Application.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.   This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated March 1, 2023 (ECF No. 128) ("Stipulation") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation..

2.   The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3.   Plaintiff's Counsel is hereby awarded as attorneys' fees a sum equal to ___% of the Settlement Amount, plus $_____ in litigation expenses (both amounts to be paid from the Settlement Fund), together with any interest thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid pursuant to the terms set forth in the Stipulation. The Court finds that the amount of fees hereby awarded is fair, reasonable, and appropriate, after taking into consideration (among other things):

(a)   the results achieved by Plaintiff's Counsel for the benefit of the Settlement Class, notably the creation of an all-cash $13,000,000 Settlement Fund;

(b)   the significant litigation risks involved in pursuing the action, in terms of establishing both liability and damages, as well as in terms of collectability even assuming that Plaintiff was to ultimately prevail on the merits at trial, such that absent the Settlement there was a high risk that Plaintiff and the Settlement Class would have recovered little or nothing from the Defendants after trial;

(c)    the complexity of the claims alleged, and the perseverance, diligence, and skill required from Plaintiff's Counsel;

(d)    the fully contingent nature of the representation;

(e)    fee awards in similar cases, and the consistency of the awarded 25% fee with the Ninth Circuit's "benchmark" 25% fee standard;

(f)    the time and effort expended by Plaintiff's Counsel to the litigation and settlement of the Claims, which involved 2,328.70 hours of attorney and paraprofessional time with a combined lodestar value of $2,000,279.00;

(g)    consideration of a "lodestar cross-check," which indicates that the requested 25% fee (or $3,250,000 before interest) equates to an unexceptional multiplier of 1.62 on the value of Plaintiff's Counsel's above-referenced combined lodestar; and

(h)    the reaction of the Class, including that [no] [no more than ___] Settlement Class Members have objected to the requested fees or expenses.

4.    The Court also finds that the requested expenses are reasonable in amount and are for expenses of a type (*e.g.*, filing fees, electronic legal research fees, expert fees, mediation fees) that are customarily awarded in class action cases of this type.

5.    Such fees and expenses may be paid out of the Settlement Fund to Plaintiff's Counsel at any time after entry of this Order, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, PROVIDED, however, that such payments shall be subject to all of the terms, conditions and obligations (including repayment obligations) set forth in the Stipulation, which terms, conditions, and obligations are expressly incorporated herein.

6.    The Class Representative is hereby awarded $_____ pursuant to U.S.C. §78u-4(a)(4) for his reasonable costs and expenses (including lost wages) incurred in connection with his service as a representative of the Class, which sum the Court finds to be fair and reasonable.

7.    Any appeal or any challenge affecting this Court's order approving the Fee and Expense Application shall in no way disturb or affect the finality of the Court's Judgment

(substantially in the form of Exhibit B to the Stipulation) approving the Settlement, or any other judgment that may be entered in this Action.

SO ORDERED this _____ day of _____, 2023.

_____
THE HONORABLE BETH LABSON FREEMAN
United States District Judge