# EXHIBIT A

Dear Recipient:

You have been identified as a potential Settlement Class Member ("Class Member") in a securities class action involving Precigen, Inc., formerly known as Intrexon Corporation ("Precigen" or the "Company") captioned *Abadilla v. Precigen, Inc., et. al,* Case No. 5:20-cv-06936-BLF (the "Action"). Enclosed is a Notice about the settlement of this Action. *If you purchased or acquired Precigen common stock during the period from May 10, 2017 through September 25, 2020, inclusive, you could receive a payment from this settlement.*

A federal court authorized the accompanying Notice. **This is not a solicitation from a lawyer**. **Your legal rights will be affected whether you act or do not act**. Important facts are highlighted below and are further explained in the accompanying Notice, which you should read carefully. All capitalized terms used in this cover letter, to the extent not otherwise defined herein, are defined in the accompanying Notice.

**Relevant Security and Time Period**: Precigen common stock (ticker PGEN, formerly XON) purchased or acquired between May 10, 2017 and September 25, 2020, inclusive (the "Class Period").

**Settlement Amount:** $13,000,000.00 in cash. Your individual recovery will depend on the number of publicly tradeable shares of Precigen (f/k/a Intrexon) common stock that you (and other Class Members who file valid claims) purchased and sold, and the prices at which, and the dates on which, you (and other Class Members who file valid claims) purchased and sold those shares. Based upon information currently available to Plaintiff and the analysis performed by his damages consultant, it is estimated that if Class Members submit claims for 100% of the Precigen (Intrexon) common stock eligible for distribution, the estimated average distribution will be approximately $0.13 per share of damaged Precigen (Intrexon) common stock (before deduction of Court-approved fees, expenses, plaintiff incentive awards, and costs of notice and claims administration).

**Reasons for Settlement**: Lead Plaintiff's and Lead Counsel's principal reason for entering into the Settlement is that it provides the Settlement Class ("Class") with a significant benefit now against the Defendants (consisting of Precigen and two its current or former officers and/or directors) without the risks or delays inherent in continued litigation. *See also* Notice at §5 below ("Why is There a Settlement?"). Defendants, who have denied and continue to deny all allegations of liability, have stated that their sole reason for entering into the Settlement is to eliminate the uncertainty, risk, costs and burdens inherent in complex cases such as this.

**Nature of Claims Asserted:** Plaintiff alleges that the Defendants violated §10(b) of the Securities Exchange Act of 1934 ("Exchange Act") by making material misstatements and omissions concerning the Company's efforts (through its "MBP program"), to develop commercially usable methods to combine natural gas with certain biological organisms to manufacture certain valuable chemical byproducts, which allegedly caused the price of the Company's common stock to be artificially inflated during the Class Period. Plaintiff further alleges that Class Members suffered damages as the alleged truth about the Company's MBP program was gradually revealed to the market. The Defendants deny all allegations of wrongdoing and liability, and contend that the statements at issue regarding the Company's MBP program were all accurate and not misleading. Defendants also assert that they had several other valid defenses to the claims at issue, including that they never acted with any intent to deceive any investors. *See also* Notice at §2 below ("What is this lawsuit about?").

**If the Settlement Had Not Been Reached:** The claims asserted against the Defendants involve numerous complex legal and factual issues, and the District Court had already dismissed (with leave to amend) Lead Plaintiff's Second Amended Complaint. The issues on which the Parties disagree are many, but include: (1) whether Defendants made any materially false or misleading statements in violation of the federal securities laws; (2) whether Defendants have defenses to the claims at issue, including that their allegedly actionable statements were protected from liability as "forward-looking" statements or as non-actionable statements of opinion; (3) the extent to which the alleged misrepresentations and omissions affected the trading price of Precigen (Intrexon) common stock during the Class Period; and (4) the appropriate economic model for determining whether and/or the extent to which purchasers of the allegedly damaged Precigen (Intrexon) common stock suffered damages that are recoverable under applicable law. There is no assurance that Plaintiff's most recent complaint (the Third Amended Complaint) would survive an expected further round of motions to dismiss by Defendants, and even if it did there could be no assurance that the facts and relevant expert testimony would support a finding of liability against Defendants. The benefits of the Settlement should therefore be compared to the risk of ultimately obtaining little or no recovery at all against the Defendants after completion of fact and expert discovery, further briefing on contested dispositive motions, potentially disputed class certification proceedings, trial, and likely appeals.

**Statement of Attorneys' Fees and Expenses Sought.** Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel of up to 25% of the Settlement Amount (or roughly $3,250,000), plus interest earned at the same rate as earned by the Settlement Fund, and for litigation expenses not to exceed $111,000. In addition, the Lead Plaintiff will apply for awards for his reasonable time and expenses in representing the Class in an amount not to exceed $5,000. The requested attorneys' fees and expense awards, if granted in full, would amount to an average cost of approximately $0.03 per allegedly damaged share of Precigen (Intrexon) common stock.

**Dismissal and Releases:** If the proposed Settlement is approved, the Court will enter a Judgment that, in sum, will dismiss and release all claims asserted against the Defendants (and their respective parents, subsidiaries, employees, directors and officers, in their capacities as such), and will bar all Class Members (unless they request exclusion from the Class) from ever bringing any such claims against those persons or entities. The precise terms of the releases, including the meaning of the term "Released Claims," are set forth in the attached Notice.

### Important Dates and Deadlines:

- Deadline for Submitting Claim Form: must be ***postmarked*** by November 25, 2023

- Deadline for Filing Any Objections: must be ***received*** by September 26, 2023

- Deadline for Requesting Exclusion from the Class: must be ***received*** by September 26, 2023

- Date of the Court's Hearing on the Fairness of Settlement: October 19, 2023 at 9:00 a.m. Pacific Time (date and time are subject to change without further notice; *see* Notice at §19 below).

**More Information**: You may contact the Claims Administrator, A.B. Data, Ltd., toll-free at 1-866-540-4950, by email at info@PrecigenSecuritiesLitigation.com, or by visiting www.PrecigenSecuritiesLitigation.com. You may also contact representatives of counsel for the Settlement Class c/o William C. Fredericks, SCOTT+SCOTT ATTORNEYS AT LAW LLP, 230 Park Avenue, 17th Floor, New York, NY 10169-1820, tel. 1-800-404-7770, email: scottcases@scott-scott.com.

***Please Do Not Call the Court or Defendants with Questions About the Settlement.***

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN JOSEPH ABADILLA, et al.<br><br>  Plaintiffs,<br><br>v.<br><br>PRECIGEN, INC., et al.,<br><br>  Defendants. | Case No. 5:20-cv-06936-BLF<br><br>**NOTICE OF: (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES** |

**TO: ALL PERSONS WHO PURCHASED COMMON STOCK OF PRECIGEN, INC., formerly known as Intrexon Corporation ("PRECIGEN") (NASDAQ ticker PGEN, formerly XON) DURING THE PERIOD FROM MAY 10, 2017 THROUGH SEPTEMBER 25, 2020, INCLUSIVE (THE "CLASS PERIOD") AND WERE DAMAGED THEREBY**

*A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.*

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") *POSTMARKED* ON OR BEFORE November 25, 2023.

   The purpose of this Notice is to inform you of: (i) the pendency of this class action (the "Action"); (ii) the proposed $13,000,000 settlement (the "Settlement") of the Action reached between (a) Lead Plaintiff Raju Shah ("Plaintiff" or "Lead Plaintiff"); and (b) the Defendants (consisting of Precigen Inc. ("Precigen" or the "Company"), current Precigen director and former chief executive officer Randal J. Kirk ("Kirk"), and former Precigen officer Robert F. Walsh III ("Walsh" and collectively, with Precigen and Kirk, the "Defendants")); and (iii) a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, proposed Plan of Allocation, Plaintiff's Counsel's application for attorney's fees, costs, and expenses, and Lead Plaintiff's application for an award (of no more than $5,000) for his reasonable time and expenses in representing the Class. This notice (the "Notice") also describes what rights you have and what steps you may take in relation to the Settlement and this Action.[1]

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement.  Unless otherwise extended by the Court, **Claim Forms must be postmarked or submitted electronically to the Claims Administrator on or before November 25, 2023.** *See Question 9 below.* |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that potentially allows you to ever be part of another lawsuit against the Defendants or any other Released Defendant Persons based on the matters being resolved by this Settlement. Unless otherwise extended by the Court, **exclusion requests must be mailed to the Claims Administrator, postmarked on or before September 26, 2023.** *See Question 12 below.* |
| **OBJECT** | Write to the Court about why you do not like the Settlement, Plan of Allocation, and/or request for attorneys' fees and expenses.  You will still be a member of the Class. Unless otherwise extended by the Court, **objections must be filed electronically or in person with the Court on or before September 26, 2023, or, if mailed to the Court, postmarked on or before September 26, 2023.** *See Question 17 below.* |

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein have the meanings provided in the Stipulation and Agreement of Settlement dated March 1, 2023 (the "Stipulation"), copies available at www.PrecigenSecuritiesLitigation.com.

| | |
|---|---|
| **ATTEND THE HEARING ON OCTOBER 19, 2023 AT 9:00 a.m. PACIFIC TIME** | Ask to speak in Court about the fairness of the Settlement.  Unless otherwise permitted by the Court, **requests to speak must be filed electronically or in person with the Court on or before September 26, 2023, or, if mailed to the Court, postmarked on or before September 26, 2023.** *See Questions 19-21 below.* |
| **DO NOTHING** | Receive no payment. You will, however, still be a member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Persons about the legal claims being resolved by this Settlement, and that you will be bound by any judgments or orders entered by the Court in the Action. *See Question 22 below.* |

You may submit a claim or object, or do both, or do nothing. However, if you timely exclude yourself, that is the only thing you can do: you may not object in writing, you may not appear at the Fairness Hearing to state any objections, and you may not submit a claim. The Court presiding over this case must decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement, and only after resolution of any appeals and the review and processing of all Claim Forms. Please be patient.

## <u>SUMMARY OF THIS NOTICE</u>

**BASIC INFORMATION**

1. Why Did I Get This Notice?
2. What Is This Lawsuit About, And What Has Happened In The Action So Far?
3. How Do I Know If I Am Part Of The Settlement?
4. What If I Am Still Unsure If I Am Included?

**THE SETTLEMENT**

5. Why Is There A Settlement?
6. What Does The Settlement Provide?
7. How Much Will My Payment Be?
8. What Is The Proposed Plan Of Allocation?

**HOW TO OBTAIN A PAYMENT – SUBMITTING A CLAIM FORM**

9. How Can I Obtain A Payment?
10. When Will I Receive My Payment?
11. What Am I Giving Up To Receive A Payment?

**EXCLUDING YOURSELF FROM THE CLASS ACTION SETTLEMENT**

12. How Do I Exclude Myself ("Opt Out") Of The Class?
13. If I Do Not Exclude Myself, Can I Sue The Defendants For The Same Thing Later?
14. If I Exclude Myself, Can I Receive Money From The Settlement?

**THE LAWYERS REPRESENTING YOU**

15. Do I Have A Lawyer In The Case?
16. How Will The Lawyers Be Paid?

**OBJECTING TO THE SETTLEMENT**

17. How Do I Tell The Court If I Do Not Like The Settlement?
18. What Is The Difference Between Objecting And Excluding?

**THE COURT'S SETTLEMENT (OR "FINAL APPROVAL") HEARING**

19. When And Where Will The Court Decide Whether To Approve The Settlement?
20. Do I Have To Come To The Hearing?
21. May I Speak At The Hearing?

**IF YOU DO NOTHING**

22. What Happens If I Do Nothing?

**ADDITIONAL INFORMATION**

23. How Can I Get More Information?

**PROPOSED PLAN OF ALLOCATION**

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

## BASIC INFORMATION

### 1. Why Did I Get This Notice?

The Court has directed that this Notice be sent to you because you or someone in your family may have purchased or acquired Precigen common stock during the Class Period of May 10, 2017 through September 25, 2020, inclusive. The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about the proposed Settlement and all of your options before the Court decides whether to approve the Settlement.

The Court in charge of this Action is the United States District Court for the Northern District of California (the "Court"). The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim or defenses in the Action, and the Court still has to decide whether to approve the Settlement.

### 2. What Is This Lawsuit About, And What Has Happened In The Action So Far?

Defendant Precigen (previously known as Intrexon Corporation) is a company that, during the relevant time period, focused on using synthetic biology to develop various products. During the Class Period, Precigen's "Energy/Chemicals" segment was focused on developing the Company's Methane Bioconversion Platform ("MBP"), which sought to use natural gas to convert methanotrophic organisms into valuable chemicals (notably isobutanol, isobutyraldehyde, and various forms of butanediol). Plaintiffs allege that Defendants' statements made during the Class Period regarding the MBP program were materially false and/or misleadingly incomplete in violation of §10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), including various statements concerning the Company's claimed success in having developed "in the money" methods to use natural gas to convert methanotrophic organisms into valuable chemical byproducts. Plaintiffs further allege that, as a result, Precigen's stock price was artificially inflated during the Class Period. Defendants deny all allegations of wrongdoing or liability whatsoever in this lawsuit and, among other things, maintain that all statements made by or on behalf of Defendants during the Class Period were accurate and not materially misleading when made. *See also* §5 below ("Why Is There a Settlement?").

On May 18, 2021, following the filing of earlier complaints, Lead Plaintiff filed his Consolidated Amended Class Action Complaint (the "AC"), which asserted claims for violations of §10(b) and §20(a) of the Exchange Act against the Defendants, as well as two other former Precigen officers (former chief financial officer Rick Sterling and former chief operating officer Andrew J. Last). Defendants moved to dismiss the AC on August 2, 2021. Pursuant to a stipulation and Order, in lieu of responding to Defendants' motion to dismiss the AC, on September 27, 2021 Lead Plaintiff filed a Second Amended Class Action Complaint (the "SAC") as to the same defendants named in the AC, and on November 3, 2021 those defendants filed a motion to dismiss all claims asserted against them in the SAC.

After full briefing and oral argument, in a 19-page Order dated May 31, 2022 (the "MTD Order", available at www.PrecigenSecuritiesLitigation.com), the Court dismissed all of Plaintiff's claims asserted in the SAC, with leave to replead.

Shortly thereafter, in June 2022, the Parties commenced preliminary discussions about trying to resolve the claims at issue through mediation. While these discussions were still ongoing, on August 1, 2022, Lead Plaintiff filed his Third Amended Class Action Complaint (the "TAC"), which (*inter alia*) dropped Messrs. Last and Sterling as defendants. Shortly thereafter, the remaining Parties advised the Court that they had agreed to retain a highly experienced mediator (retired federal judge Layn R. Phillips ("Judge Phillips" or the "Mediator")), and the Court vacated its existing deadlines for briefing motions to dismiss the TAC to allow the remaining Parties time to try to reach a mediated settlement.

Thereafter, pursuant to Judge Phillips' instructions as Mediator, counsel for the Parties prepared and exchanged comprehensive mediation briefs and supporting materials in October 2022. In addition, as part of the mediation process, Precigen produced to Lead Plaintiff certain relevant Precigen documents that Lead Plaintiff had requested in advance of the mediation. The Parties then participated in a full day, arm's-length mediation session on November 17, 2022, under the auspices of the Mediator. Counsel for Precigen and Kirk participated in this mediation session on behalf of the Defendants.

At the end of this mediation session, Judge Phillips made a "mediator's proposal" for a settlement of all claims at issue, under which, in sum: (a) Lead Plaintiff (on behalf of himself and the putative class) would settle, compromise and release all claims against Precigen and its current and former officers, directors, employees, agents and representatives in exchange for the Defendants' payment of $13,000,000.00 in cash. Each Party accepted the "mediator's proposal" in principle, subject to resolution of certain non-monetary terms regarding the nature, scope and completion of confirmatory discovery to be provided to Lead Plaintiff by Precigen, and the Parties promptly notified the Court accordingly. Precigen subsequently produced to Lead Plaintiff more than 83,000 additional pages of documents concerning its MBP program. On January 20, 2023, Lead Plaintiff's counsel advised Precigen that their review had confirmed their original assessment that the proposed Settlement was fair, reasonable and adequate, and that Lead Plaintiff would elect to proceed with the Settlement. The Parties signed the Stipulation of Settlement ("Stipulation") on March 1, 2023. If approved, the Settlement will settle, resolve and dispose of all claims asserted, or previously asserted, in this Action.

## WHO IS IN THE SETTLEMENT

### 3. How Do I Know If I Am Part Of The Settlement?

If you are a member of the Class you are subject to the Settlement, unless you timely request to be excluded. The Class consists of: all Persons who purchased or otherwise acquired shares of the common stock of Precigen (formerly known as Intrexon Corporation), NASDAQ ticker symbol PGEN, formerly XON) between May 10, 2017 and September 25, 2020, inclusive, and were damaged thereby. Excluded from the Class are (i) all Defendants; (ii) the past and current officers, directors, partners and managing partners of Precigen (and any of Precigen's subsidiaries or affiliates, including but not limited to MBP Titan LLC); (iii) the immediate family members, legal representatives, heirs, parents, subsidiaries, predecessors, successors, and assigns of any excluded Person, or that is or was controlled by any excluded Person; and (iv) any entity in which any excluded Person(s) have or had a majority ownership interest, or that is or was controlled by any excluded Persons.

### 4. What If I Am Still Unsure If I Am Included?

If you are still not sure whether you are included in the Class, you can ask for free help by calling the Claims Administrator at 1-866-540-4950. You can also fill out and return the Claim Form described at §9 to see if you qualify or go to www.PrecigenSecuritiesLitigation.com for more information.

## THE SETTLEMENT AND WHAT YOU MAY GET

### 5. Why Is There A Settlement?

The Court did not decide in favor of the Plaintiff or Defendants. Instead, the Plaintiff and the Defendants agreed to a Settlement. If approved, the Settlement will avoid the cost and uncertainties of further litigation, trial, and likely appeals as against all Defendants (and their "Related Persons", as defined in the Stipulation, in their capacities as such).

The court-appointed Lead Plaintiff and Lead Counsel for the Settlement Class believe that the claims that will be released under the Settlement have merit. They recognize, however, that continuing the litigation of the Released Claims through trial and likely appeals would be expensive and likely require additional years to resolve and would involve a very substantial risk that Plaintiff would be unable to prove (i) that the Defendants were liable, or (ii) that the Defendants (even if they were liable) had caused the Class to suffer legally recoverable damages. For example, Defendants argued that the TAC, like the previously filed SAC that the Court had already dismissed, (a) failed to adequately allege that any Defendant had acted with intent to defraud; and (b) failed to adequately allege that various statements were materially false or misleading and were instead merely immaterial puffery, non-actionable "opinion", or "forward-looking statements" that were immunized from liability because they were accompanied by adequate cautionary language and risk warnings. The Defendants also argued that none of the alleged misstatements or omissions caused any Class Members to suffer any damages on the grounds that the declines in Precigen's stock price that occurred on the "corrective disclosure" dates alleged by Plaintiff did not relate to matters that had allegedly been misrepresented (or that, at worst for the Defendants, their liability would be limited to just a fraction of the losses allegedly suffered on those dates).

Because the Court had already dismissed the substantially similar claims alleged in Lead Plaintiff's prior complaints, there could be no assurance that the Court would not similarly dismiss the TAC. And even if the TAC ultimately survived dismissal, to obtain any recovery against Defendants, the Lead Plaintiff would also have to prevail at class certification, summary judgment and trial – and even then Lead Plaintiff and the Class would still face the risk of winning on the appeals that would likely follow any potential successful result at trial. Further litigation would therefore involve significant risks, and likely years of further proceedings.

Defendants, who deny all allegations of wrongdoing or liability whatsoever, state that they are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

### 6. What Does The Settlement Provide?

The Settlement will result in a fund of $13,000,000 in cash in exchange for a release of the Released Claims (defined below) and the dismissal of the Action as against all current Defendants (as well as all persons formerly named as defendants). After deductions for taxes, Court-approved attorneys' fees and expenses, Plaintiff service awards, and costs of claims administration, the balance of the fund (the "Net Settlement Fund"), will be distributed *pro rata*, in accordance with a "Plan of Allocation," to Class Members who submit valid Claim Forms. The proposed Plan of Allocation, which is subject to approval by Court, is described in more detail at the end of this Notice.

### 7. How Much Will My Payment Be?

Your share of the Net Settlement Fund will depend on the number of valid Claim Forms that Class Members send in, the number of Precigen common shares you purchased during the relevant period, the timing of your purchases and sales, and the amount in fees and expenses approved by the Court. You will not receive a payment, however, if your proportionate share of the Net Settlement Fund is less than $10.00.

| 8. What Is The Proposed Plan Of Allocation? |
| --- |

You can calculate your Recognized Claim under the formulas set forth below in the Plan of Allocation. The payment you receive will reflect your Recognized Claim in relation to the Recognized Claims of all persons submitting valid Claim Forms. Because the total of all Recognized Claims is expected to exceed the amount of the Net Settlement Fund, your Recognized Claim is not the amount of the payment that you can expect, but is used to determine how the Net Settlement Fund will be allocated among all persons submitting claims.

**HOW TO OBTAIN A PAYMENT – SUBMITTING A CLAIM FORM**

| 9. How Can I Obtain A Payment? |
| --- |

To be eligible for a payment from the proceeds of the Settlement, you must be an eligible Class Member and must submit a valid Claim Form. A Claim Form is enclosed with this Notice. You may also download a Claim Form from www.PrecigenSecuritiesLitigation.com, or request one from the Claims Administrator by calling 1-866-540-4950 toll free. Please read the Claim Form instructions carefully, provide all required information, include copies of the required supporting documents, sign the form, *and mail it so that it is postmarked (or if sent by private delivery service, marked as having been submitted for pre-paid delivery) no later than November 25, 2023, or electronically submit it via the Settlement Website no later than November 25, 2023.*

| 10. When Will I Receive My Payment? |
| --- |

The Court will hold its Fairness Hearing on October 19, 2023 at 9:00 a.m. Pacific Time, to decide whether to approve the Settlement and Plan of Allocation. Please note that the Fairness Hearing date is subject to change without further notice. *See* §19 below. If the Court approves the Settlement and Plan of Allocation, there may be appeals. It is always uncertain when appeals will be resolved, and even if no appeals are filed it also takes time for the Claims Administrator to process all Claim Forms and make payments. Please be patient.

| 11. What Am I Giving Up To Receive A Payment? |
| --- |

Unless you timely and validly exclude yourself from the Class by the September 26, 2023 deadline (*see* §§12-14 below), if you fit within the definition of the Class you will continue to be a Class Member, which means that you cannot sue or be part of any other lawsuit that brings any of the Released Claims (including the claims asserted in this Action) against any of the Defendants or the other Released Defendant Persons. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Class Member, and if the Settlement is approved, you and each of your "Related Persons" (as defined below) will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Defendant Persons" (as defined below):

- "Released Claims" means any and all claims, rights, demands, obligations, damages, actions or causes of action, or liabilities whatsoever, of every nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common or foreign law or regulation, that have or could have been asserted in the Action against any of the Released Defendant Persons by Plaintiff or any Class Member that arising out of, relating to, or in connection with both: (a) the acts, facts, events, transactions, occurrences, statements, representations or omissions that were or could have been alleged in the Action; and (b) the purchase or acquisition of publicly-traded Precigen common stock during the Class Period, provided, however, that the following are expressly excluded from the definition of Released Claims: (i) all claims asserted in the Derivative Actions[2];and (ii) any claims to enforce any of the terms of the Stipulation.

- "Released Defendant Persons" means (i) Precigen, Kirk and Walsh, and (ii) each of their respective Related Persons.

- "Related Persons", when used in reference to a Person, means (a) the Person; (b) for natural persons, each of that Person's respective immediate family members and any trust that such Person is the settlor of or which is for their benefit and/or the members of his or her family, and, for non-natural persons, each of their direct or indirect parents, subsidiaries, divisions, and departments; and (c), for any of the entities or Persons listed at (a) or (b) above, their respective past, present or future parents, subsidiaries and affiliates, and their respective officers, directors, managing directors, partners, members, principals, employees, auditors, accountants, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, and administrators, in their capacities as such, and any entity in which the Person has a controlling interest.

---

[2] "Derivative Actions" means and includes *In re Precigen, Inc. Stockholder Litigation*, Case No. 2020-0767-PAF (Del. Ct. of Chancery), *Wright v. Alvarez, et al.*, Case No CL-2020-20013 (Va. Cir. Ct.), and *Kent v. Precigen, Inc.*, Case No. CL21-6349 (Va. Cir. Ct.).

- "Unknown Claims" means (i) any Released Claims that Plaintiff or any Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which if known by him, her, or it, might have affected their decision(s) with respect to the Settlement, including, but not limited to, the decision not to object to the Settlement, provided such claim arises out of or relates to the purchase or acquisition of Precigen common stock; and (ii) any Released Defendants' Claims that any Defendant does not know or expect to exist in his, her, or its favor at the time of the release of such claims, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that upon the Effective Date, the Parties shall expressly waive, and each of the Class Members shall be deemed to have waived and by operation of the Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." The Parties and the Settlement Class Members may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of the Released Claims or the Released Defendants' Claims, but the Parties shall expressly settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of Judgment or Alternative Judgment, if applicable, shall have, fully, finally, and forever settled and released any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

In addition, if the Settlement is approved, each of the Defendants and each of their Related Persons will give up all "Released Defendants' Claims" against Class Members and the other Released Plaintiff Persons (as defined below):

- "Released Defendants' Claims" means all claims, demands, rights, remedies, liabilities, and causes of action of every nature and description whatsoever, whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation, including both known and Unknown Claims, by any of the Released Defendant Persons against Plaintiff, any members of the Settlement Class, or any of their Related Persons, including any Plaintiff's or Settlement Class Member's counsel, which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of this Action or the Released Claims, except for claims to enforce any of the terms of the Stipulation.

- "Released Plaintiff Persons" means (i) Lead Plaintiff and all Class Members; and (ii) each of their Related Persons.

### EXCLUDING YOURSELF FROM THE CLASS ACTION SETTLEMENT

If you do not want a payment from the Settlement and want to keep the right to sue on your own the Defendants or the other Released Defendant Persons to recover anything on the claims being released by the Settlement, then you must take steps to remove yourself from the Class. This process is called excluding yourself from the Class – and is sometimes referred to as "opting out."

| 12. How Do I Exclude Myself ("Opt-Out") Of The Class? |
|---|

To exclude yourself from the Class and the Settlement, you must send a letter by First Class Mail (or other postage pre-paid method of delivery) stating that you "request to be excluded from the Settlement Class in *In re Precigen, Inc. Securities Litigation*." To be valid, your request must include (i) your name, address, telephone number, any e-mail contact information, (ii) your signature, (iii) the number of shares of Precigen, Inc. (f/k/a Intrexon Corporation) common stock that you purchased and/or sold during the Class Period (*i.e.* between May 10, 2017 and September 25, 2020 inclusive), together with the number of shares, dates, and prices for each such purchase or sale transaction, and (iv) the number of shares of Precigen, Inc. (f/k/a Intrexon Corporation) common stock held as of the opening of trading on May 10, 2017 (the first day of the Class Period) and September 25, 2020 (the last day of the Class Period). A Person that requests exclusion from the Class must also include copies of documents sufficient to show: (i) how many shares of Precigen, Inc. (f/k/a Intrexon Corporation) common stock he, she, or it purchased and sold during the Class Period, including the dates of purchase or sale, the number of shares purchased and/or sold, and the price paid or received per share for each such purchase or sale, and (ii) his, her, or its status as a beneficial owner of the Precigen shares at issue. Unless the deadline is otherwise extended by the Court, you must mail your exclusion request so that it is **received no later than September 26, 2023**, to the following:

Precigen Securities Litigation Settlement
EXCLUSIONS
c/o A.B. Data
P.O. Box 173001
Milwaukee, WI 53217

Unless otherwise ordered by the Court, your exclusion request must comply with the above requirements in order to be valid. ***Please note that you cannot exclude yourself on the phone or by e-mail***. If you ask to be excluded, you will not be eligible to receive any payment from the Settlement and you cannot object to the class action Settlement, but you will not be legally bound by anything that

happens in this Action, and you may be able to sue on your own the Defendants and the other Released Defendant Persons on the Released Claims in the future.

### 13. If I Do Not Exclude Myself, Can I Sue the Defendants For the Same Thing Later?

No. Unless you exclude yourself from the Class, you give up any right to sue the Defendants and the other Released Defendant Persons on any and all Released Claims. If you have a pending lawsuit against any of the Released Defendant Persons, speak to your lawyer in that case immediately, as you may need to exclude yourself from this Action to continue your own lawsuit. Remember, the exclusion deadline is **September 26, 2023**.

### 14. If I Exclude Myself, Can I Receive Money From The Settlement?

No. If you exclude yourself, do not send in a Claim Form.

### THE LAWYERS REPRESENTING YOU

### 15. Do I Have A Lawyer In This Case?

The Court appointed the law firm of Scott+Scott Attorneys at Law LLP to represent you and other Class Members. These lawyers are called Lead Counsel. You will not be personally liable for the fees and expenses incurred by these lawyers or any other lawyers working with or assisting them. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 16. How Will The Lawyers Be Paid?

Lead Counsel and the other Plaintiff's Counsel will submit a Fee and Expense Application asking the Court for an award of attorneys' fees of up to 25% of the Settlement Fund (or roughly $3,250,000) and for reimbursement of expenses up to $111,000 in connection with litigating the claims asserted in this Action that are being settled. As part of that Application, the Lead Plaintiff will also request an award of up to $5,000 for his services and reasonable time and expenses incurred in representing the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees, awards or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel and the other Plaintiff's Counsel for their efforts in achieving this Settlement and for their risk in undertaking, on a wholly-contingent basis, to represent Plaintiff and the Class Members in litigating the claims that are being settled. To date, none of Plaintiff's Counsel have been paid anything for their services in conducting this Action on behalf of Plaintiff and the Class, nor for their expenses. Plaintiff's Counsel collectively have expended more than 2,200 hours of attorney time to date in connection with litigating and settling the Settled Claims.

Lead Counsel will file a motion in support of Plaintiff's Counsel's Fee and Expense Application not later than thirty-five (35) days prior to the Fairness Hearing, which Application will be posted on the settlement website at www.PrecigenSecuritiesLitigation.com. The motion will argue that the requested fees are within the range of fees awarded to class counsel in other cases of this type. The Court will decide what Plaintiff's Counsel should receive from the Settlement Fund for fees and expenses and may award less than what is requested.

You can tell the Court that you do not agree with the Settlement or any part of it.

### 17. How Do I Tell The Court If I Do Not Like The Settlement?

If you are a Class Member, you can object to the proposed Settlement, the proposed Plan of Allocation, Plaintiff's Counsel's request for attorney's fees and expenses, and/or the Lead Plaintiff's request for an award for his service, time and expenses, and the Court will consider your views.  To object,  you must send a signed letter saying that you wish to file an objection to the proposed Settlement, Plan of Allocation and/or Fee and Expense Application in *In re Precigen, Inc. Securities Litigation,* Case No. 5:20-cv-06936-BLF. Include your name, address, telephone number, and your signature, and set forth the date(s), price(s), and number of shares of Precigen common stock you purchased and sold during the Class Period. The objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection. Unless otherwise permitted by the Court, your comments or objection must be submitted to the Court either by filing it electronically or in person at any location of the United States District Court for the Northern District of California or by mailing it to the Class Action Clerk, United States District Court for the Northern District of California, San Jose Courthouse, 280 S. 1st St., San Jose, CA 95113. ***Objections must be filed (or if mailed or sent by private delivery service, postmarked or marked as having been submitted for pre-paid delivery) on or before September 26, 2023***. The Court has stated that it will consider any written objection, as long as it substantially complies with the above requirements.

| 18. What Is The Difference Between Objecting And Excluding? |
|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in (and do not exclude yourself from) the Class. If you object, but the Court approves the Settlement, you will be bound by the Settlement's terms in the same way as Class Members who do not object.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against the Defendants and the other Released Defendant Persons. If you exclude yourself, you cannot object to the Settlement because it will no longer affect you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

| 19. When And Where Will The Court Decide Whether to Approve The Settlement? |
|---|

The Court will hold a Fairness Hearing on October 19, 2023 at 9:00 a.m. Pacific Time, before the Hon. Beth Labson Freeman of the United States District Court for the Northern District of California. *Please note that the Court has ordered that the hearing be held remotely by video and/or telephone conferencing*, using the link referenced below. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will also consider how much to pay to Plaintiff's Counsel and whether the Plan of Allocation is fair, reasonable, and adequate. The Court may decide these issues at the hearing or take them under consideration for a later decision. If you want to attend the hearing, you can attend remotely by (a) accessing the following link: https://cand-uscourts.zoomgov.com/j/1607141430?pwd=OEszVGhPbTcxbjRGZngveGhmRnV5UT09; (b) inserting the following Webinar ID: 160 714 1430 and (c) inserting the following password: 773627. *Please note that the Court may change the date, time, location and/or manner of the Fairness Hearing, or the "log-in" information, without another notice being sent to you*. You should check with Lead Counsel or the Settlement Website, www.PrecigenSecuritiesLitigation.com, beforehand to be sure that the date, time, location/method, and relevant "log-in" information for the hearing have not changed.

| 20. Do I Have To Attend The Fairness Hearing? |
|---|

No. Lead Counsel will answer questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also ask your own lawyer to attend or participate (at your own expense), but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 21. May I Speak At The Hearing? |
|---|

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "intention to appear in *In re Precigen, Inc. Securities Litigation*, No. 5:20-cv-06936-BLF." Be sure to include your name, address, telephone number, your signature, the number of shares of Precigen, Inc. (Intrexon Corporation) common stock you purchased and/or sold during the Class Period (*i.e.*, from May 10, 2017 through September 25, 2020, inclusive), and copies of documents evidencing those purchases and/or sales. Persons who intend to object to the Settlement, the Plan of Allocation, any award of attorneys' fees and expense to Plaintiff's Counsel, and/or any award to Lead Plaintiff for their service, time and expenses representing the Class, and who desire to present evidence at the Fairness Hearing, must include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Fairness Hearing. Your notice of intention to appear must be submitted to the Court either by filing it electronically or in person at any location of the United States District Court for the Northern District of California or by mailing it to the Class Action Clerk, United States District Court for the Northern District of California, San Jose Courthouse, 280 S. 1st St., San Jose, CA 95113. ***Your notice of intention to appear must be filed (or if mailed or sent by private delivery service, postmarked or marked as having been submitted for pre-paid delivery) on or before September 26, 2023.*** However, if you wish to appear at the Fairness Hearing and object without having first submitted a written objection and a request to appear as set forth in this paragraph (or in Question 17 above), the Court may excuse your failure to do so *if* you can provide the Court with a "good cause" explanation of why you were unable to substantially comply with the requirements set forth above.

## IF YOU DO NOTHING

| 22. What Happens If I Do Nothing? |
|---|

If you do nothing, all of your Released Claims against the Released Defendant Persons will be released, and you will also not receive any money from the Settlement (because it is necessary to submit a valid and timely Claim Form to be eligible for a payment).

## GETTING MORE INFORMATION

| 23. How Can I Get More Information? |
|---|

This Notice summarizes the proposed Settlement. For even more detailed information concerning the matters involved in this litigation, you can also obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-866-540-4950, and you can also review (i) copies of the Stipulation (which sets forth all the terms of the proposed Settlement), (ii) the pleadings in support of the Settlement, and (iii) other settlement-related papers, which have been posted on the Settlement website at www.PrecigenSecuritiesLitigation.com. Copies of the foregoing materials may also be inspected at the Office of the Clerk of the United States District Court for the Northern District of California, U.S. Courthouse, San Jose Courthouse, 280 S. 1st Street, San Jose, CA, 95113, during regular business hours.

For a fee, all papers filed in this Action are also available at www.pacer.gov. You may also contact a representative of Lead Counsel with any questions c/o:

SCOTT+SCOTT ATTYS AT LAW LLP
William C. Fredericks, Esq.
The Helmsley Building
230 Park Ave, 17th Floor
New York, NY 10169
1-800-404-7770
scottcases@scott-scott.com

*PLEASE DO NOT CALL OR WRITE THE COURT OR TO DEFENDANTS OR
THEIR COUNSEL REGARDING THIS NOTICE.*

**PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS**

Publicly tradable shares of the common stock of Precigen, Inc. (f/k/a Intrexon Corporation) ("Precigen") purchased on or after May 10, 2017 and on or before August 11, 2020 (collectively, the "Eligible Shares") are potentially eligible for damages. Shares deemed purchased and sold on the same day shall not be eligible for damages. The damages for each purchased share will be based on their Recognized Loss and resulting total value of each Authorized Claimant's Recognized Claim (as a percentage of the Aggregate Recognized claims of all Authorized Claimants), as set forth below. The total number of damaged Eligible Shares is estimated to be no more than 101 million. The gross recovery is expected to be at least $0.13 per share.

*A. Calculation of Recognized Losses on Eligible Shares*

For each Eligible Share purchased in the market or in a registered secondary offering from May 10, 2017, through August 11, 2020, inclusive, the Recognized Loss for each such share shall be based on the inflation per share on the date of purchase, minus the inflation per share on the date of sale, as set forth in the following Table A below; provided, however, that all such losses will be limited by the loss limitation rules set forth in ¶¶A.1-3 below (in which case the lower amount will apply). If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.

**Table A: Inflation per Share on Eligible Shares as of Relevant Purchase and Sale Dates**

| Period | Beginning Date | Ending Date | Inflation Per Share |
|---|---|---|---|
| 1 | 5/10/2017 | 11/9/2017 | $2.34 |
| 2 | 11/10/2017 | 11/08/2018 | $1.44 |
| 3 | 11/9/2018 | 2/28/2019 | $1.03 |
| 4 | 3/1/2019 | 11/11/2019 | $0.55 |
| 5 | 11/12/2019 | 2/28/2020 | $0.43 |
| 6 | 3/1/2020 | 8/10/2020 | $0.31 |
| 7 | 8/11/2020 | 8/11/2020 | $0.12 |
| 8 | 8/12/2020 | Current | $0.00 |

1. For Eligible Shares sold before November 10, 2017, the Recognized Loss shall be zero.

2. For Eligible Shares sold on or after November 10, 2017, but on or before September 27, 2020, the Recognized Loss for each share will be the lesser of: (a) the Inflation per Share at the time of purchase, minus the Inflation Per Share amount at the time of sale, as set forth in Table A; or (b) the price paid on the date of purchase ("Purchase Price") minus the price realized on the date of sale ("Sales Price").

3. For Eligible Shares sold after September 27, 2020, but on or before December 24, 2020, the Recognized Loss will be the lesser of: (a) the Inflation Per Share amount on the date of purchase, minus the Inflation Per Share at the time of sale, as set forth in Table A; or (b) the lesser of the Purchase Price minus the greater of (i) the Sales Price or (ii) the Look-Back Average Price as set forth in Table B below[3]).

4. For Eligible Shares sold after December 24, 2020 (or that continue to be held after that date), the Recognized Loss will be the lesser of: (a) the Inflation Per Share amount at the time of Purchase as set forth in Table A; or (b) the Purchase Price minus $6.11.[4]

### Table B: Look-Back Price Table for Loss Limitations

| Date | Look-Back Price | Date | Look-Back Price |
|------|------|------|------|
| 9/28/2020 | $3.58 | 11/11/2020 | $4.54 |
| 9/29/2020 | $3.56 | 11/12/2020 | $4.58 |
| 9/30/2020 | $3.54 | 11/13/2020 | $4.62 |
| 10/1/2020 | $3.61 | 11/16/2020 | $4.67 |
| 10/2/2020 | $3.64 | 11/17/2020 | $4.71 |
| 10/5/2020 | $3.70 | 11/18/2020 | $4.74 |
| 10/6/2020 | $3.75 | 11/19/2020 | $4.78 |
| 10/7/2020 | $3.83 | 11/20/2020 | $4.82 |
| 10/8/2020 | $3.89 | 11/23/2020 | $4.84 |
| 10/9/2020 | $4.07 | 11/24/2020 | $4.87 |
| 10/12/2020 | $4.16 | 11/25/2020 | $4.93 |
| 10/13/2020 | $4.21 | 11/27/2020 | $4.99 |
| 10/14/2020 | $4.25 | 11/30/2020 | $5.06 |
| 10/15/2020 | $4.30 | 12/1/2020 | $5.13 |
| 10/16/2020 | $4.34 | 12/2/2020 | $5.20 |
| 10/19/2020 | $4.35 | 12/3/2020 | $5.27 |
| 10/20/2020 | $4.36 | 12/4/2020 | $5.33 |
| 10/21/2020 | $4.36 | 12/7/2020 | $5.39 |
| 10/22/2020 | $4.35 | 12/8/2020 | $5.45 |
| 10/23/2020 | $4.36 | 12/9/2020 | $5.50 |
| 10/26/2020 | $4.34 | 12/10/2020 | $5.56 |
| 10/27/2020 | $4.34 | 12/11/2020 | $5.61 |
| 10/28/2020 | $4.33 | 12/14/2020 | $5.67 |
| 10/29/2020 | $4.33 | 12/15/2020 | $5.70 |
| 10/30/2020 | $4.33 | 12/16/2020 | $5.73 |
| 11/2/2020 | $4.33 | 12/17/2020 | $5.77 |
| 11/3/2020 | $4.34 | 12/18/2020 | $5.84 |
| 11/4/2020 | $4.37 | 12/21/2020 | $5.91 |
| 11/5/2020 | $4.40 | 12/22/2020 | $5.98 |
| 11/6/2020 | $4.42 | 12/23/2020 | $6.05 |
| 11/9/2020 | $4.45 | 12/24/2020 | $6.11 |
| 11/10/2020 | $4.50 | | |

---

[3] This is a loss limitation pursuant to the Private Securities Litigation Reform Act of 1995.

[4] This is the 90-day Look-Back Price, as set forth in Table B, as of December 24, 2020.

### B. Additional Provisions Relating to the Calculation of Recognized Losses

For Class Members who held Precigen common shares at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim. Under the FIFO method, sales of Precigen common shares ("Precigen Shares") during the Class Period will be matched, in chronological order, first against Precigen Shares held at the beginning of the Class Period. The remaining sales of Precigen Shares the Class Period will then be matched, in chronological order, against Precigen Shares purchased during the Class Period.

The date of purchase or date of sale is the "contract" or "trade" date as distinguished from the "settlement" date. All purchase, acquisition, and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise or operation of law of Precigen Shares during the Relevant Period shall not be deemed a purchase or sale of such shares for the calculation of a claimant's Recognized Claim, nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment.

For short sales, the date of covering a "short sale" is deemed to be the date of purchase of the Precigen Share. The date of a "short sale" is deemed to be the date of sale of the Precigen Share. The Recognized Loss on "short sales" is zero. If a claimant had an opening short position, the earliest purchases during the Class Period shall be matched until that short position is fully covered.

Option contracts are not securities eligible to participate in the Settlement. With respect to Precigen Shares purchased or sold through the exercise of an option, the purchase/sale date of the Precigen Share is the exercise date of the option, and the purchase/sale price of the Precigen Share is the exercise price of the option.

### C. Allocation of Net Settlement Proceeds Based on Recognized Losses

A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss amounts for their Eligible Shares, as determined in accordance with §§A and B above.

To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Precigen Shares during the Class Period, the value of the Claimant's Recognized Claim shall be zero, but such Claimants shall in any event be bound by the Settlement. For the purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[5] and (ii) sum of the Claimant's Sales Proceeds[6] and the Claimant's Holding Value.[7] To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Precigen Shares purchased during the Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

The Net Settlement Fund will be distributed to Authorized Claimants on a pro rata basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the aggregate Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

The Net Settlement Fund will not be distributed to Authorized Claimants unless and until the Court has (a) approved the Settlement and either this plan of allocation or a modified plan; and (b) the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired. Approval of the Settlement is separate from approval of this or any other plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form. Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants.

You should contact the Claims Administrator or Lead Counsel if you disagree with any determinations that may be made by the Claims Administrator regarding your Claim Form. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a

---

[5] The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes, and commissions) for all such Precigen Shares purchased during the Class Period.

[6] The Claims Administrator shall match any sales of Precigen Shares during the Class Period first against the Claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received for sales of the remaining Precigen Shares sold during the Class Period is the "Sales Proceeds."

[7] For each Precigen Share purchased during the Class Period that was still held as of the close of trading at the end of the Class Period, the Claims Administrator shall ascribe a "Holding Value" of $3.58.

written request. Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

The Court has ordered that if you held any shares of Precigen, Inc. (Intrexon Corporation) common stock purchased or acquired between May 10, 2017 through September 25, 2020, inclusive, as nominee for a beneficial owner, then, within seven (7) calendar days after you receive this Notice, you must either: (i) send a copy of this Notice and Claim Form ("the Notice Package") by first class mail to all such beneficial owners; or (ii) provide a list of the names and addresses of such beneficial owners to the Claims Administrator. If you choose to mail the Notice Package yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing. Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for reasonable administrative costs actually incurred in connection with forwarding the Notice Package that would not have been incurred but for the obligation to forward it, upon submission of appropriate documentation to the Claims Administrator and subject to approval by the Court. All communications concerning the foregoing should be directed to the Claims Administrator by email to info@PrecigenSecuritiesLitigation.com or by mail to:

Precigen Securities Litigation
c/o A.B. Data
P.O. Box 173117
Milwaukee, WI 53217
www.PrecigenSecuritiesLitigation.com

Dated: July 7, 2023                                 BY ORDER OF THE UNITED STATES DISTRICT COURT
                                                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN JOSEPH ABADILLA, et al.<br>  Plaintiffs,<br>v.<br><br>PRECIGEN, INC., et al.,<br>  Defendants. | Case No.: 5:20-cv-06936-BLF |

**PROOF OF CLAIM AND RELEASE FORM**

To recover as a Settlement Class Member based on the claims asserted against the Released Defendant Persons in this Action, you must complete, *sign* and submit this Proof of Claim and Release Form ("Claim Form"). If you fail to submit a properly addressed Claim Form, your claim may be rejected and you may be barred from any recovery from the Net Settlement Fund created under the proposed Settlement. YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED CLAIM FORM, TOGETHER WITH COPIES OF THE DOCUMENTS REQUESTED HEREIN, ***ON OR BEFORE NOVEMBER 25, 2023***, TO:

*Precigen Securities Litigation Settlement*
c/o A.B. Data
P.O. Box 173117
Milwaukee, WI 53217
Online Submissions: www.PrecigenSecuritiesLitigation.com

**PART I: GENERAL INSTRUCTIONS**

1.  It is important that you read and understand the Notice of Proposed Settlement of Class Action (the "Notice") that accompanies this Claim Form. The Notice describes the proposed Settlement and how Settlement Class Members' rights may be affected by it. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting the Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases that you will be giving if you submit a Claim Form.

2.  This Claim Form is directed to all Persons who purchased or otherwise acquired publicly traded shares of the common stock of Precigen, Inc. f/k/a/ Intrexon Corporation ("Precigen") (ticker PGEN, formerly XON) ("Precigen Common Shares") between May 10, 2017, and September 25, 2020, inclusive (the "Settlement Class Period"). If you fit within this definition, and (i) are not excluded from the class by reason of your relationship to one of the Defendants or their affiliates (*see* Notice at Response to Questions 3-4) and (ii) do not exclude yourself by submitting a request for exclusion (*see* Notice at Response to Question 12), then you are a Settlement Class Member.

3.  If you are NOT a Settlement Class Member, you may NOT participate in the Settlement, you should NOT submit a Claim Form, and any Claim Form you submit will be rejected.

4.  If you are a Settlement Class Member and you do not timely request exclusion, you will be bound by the terms of any judgment entered in this Action, including the releases provided for under the Settlement (*see* Notice at Question 11), whether or not you submit a Claim Form.

5.  Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, or by such other plan of allocation that is ultimately approved by the Court.

6.  Use Part II of this form, "Claimant Identification," to identify each purchaser or acquiror of the Precigen Common Shares that form the basis of this claim. *THIS CLAIM FORM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OF THE PRECIGEN COMMON SHARES UPON WHICH THE CLAIM IS BASED, OR BY THEIR LEGAL REPRESENTATIVE.*

7.  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claim Forms may be submitted for each such account. The Claim Administrator reserves the right to request information on all holdings and transactions in Precigen Common Shares (including short sales) made on behalf of a single beneficial owner

8.    All joint beneficial owners, purchasers or acquirers must sign this Claim Form.

9.    Agents, executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of Persons represented by them. They must also (i) identify the capacity in which they are acting; (ii) identify the name, account number, Social Security Number (or Taxpayer Identification Number) of the beneficial owner (or other Person or entity on whose behalf they are acting); and (iii) provide documentary evidence of their authority to legally bind the person or entity on whose behalf they are acting to the Claim Form. (Authority to complete and sign a Claim Form cannot be established by stockbrokers who show only that they have discretionary authority to trade in another person's accounts.)

10.   By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under U.S. law. Making false statements or submitting fraudulent documentation will result in the rejection of your Claim and may subject you to civil liability or criminal prosecution.

11.   Use Part III of this form, entitled "Schedule of Transactions in Precigen (f/k/a "Intrexon") Common Shares," to supply all requested details of your transaction(s) in, including free transfers and deliveries, in, and holdings of, Precigen Common Shares. On this schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Precigen Common Shares, whether such transactions resulted in a profit or a loss. List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list. The date of covering a "short sale" is deemed to be the date of purchase of Precigen Common Shares. The date of a "short sale" is deemed to be the date of sale of Precigen Common Shares. Failure to report all such transactions may result in your claim being rejected. If you need more space, attach separate sheets giving all of the required information in substantially the same form. ***Sign and print or type your name on each additional sheet***.

**12.** ***COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN PRECIGEN COMMON SHARES MUST BE ATTACHED TO YOUR CLAIM. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.***

13.   ***YOUR CLAIM IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGMENT POSTCARD***. The Claims Administrator will acknowledge receipt of your Claim Form by mail within 60 days. If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll-free at 1-866-540-4950.

<u>NOTICE REGARDING ELECTRONIC FILES</u>: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All such claimants MUST also submit a manually signed paper Claim Form, whether or not they also submit electronic copies. If you wish to submit your claim electronically, you must contact the Claims Administrator at info@PrecigenSecuritiesLitigation.com or 1-866-540-4950 to obtain the ***mandatory*** file layout. **Any file that does not comply with the required electronic filing format will be subject to rejection.** No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data. Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at efiling@abdata.com to inquire about your file and confirm it was received.

**PROOF OF CLAIM AND RELEASE ("CLAIM FORM")**
*Abadilla v. Precigen, Inc.,* Case No. 5:20-cv-06936-BLF (N.D. Cal.)

## PART II: CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Benefical Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit, or box number)

City          State                  Zip Code/Province                  Country

Last Four Digits of your Social Security No. or Taxpayer I.D. No.

Telephone Number (home/cell)              Telephone Number (work)

Email Address :

Account Number (if filing for multiple account types, file a separate Claim Form for each account type) :

Claimant Account Type (check appropriate box):
- ❏ Individual (includes joint owner accounts)
- ❏ Corporation
- ❏ IRA/401k
- ❏ Other (please specify): _____

- ❏ Pension Plan
- ❏ Estate
- ❏ Trust

**PART III: SCHEDULE OF TRANSACTIONS IN PRECIGEN (f/k/a "Intrexon") COMMON SHARES**

Please be sure to include proper documentation with your Claim Form as described in the General Instructions. Do not include information regarding securities other than Precigen Common Shares.

| | |
|---|---|
| **1. HOLDINGS AS OF MAY 9, 2017:** State total number of Precigen Common Shares, ticker symbol "PGEN" (formerly "XON"), you held as of the close of trading on May 9, 2017. (Must document.) If none, write "zero" or "0" here _____ | *Check box if proof of position is enclosed* □ |

**2. PURCHASES/ACQUISITIONS FROM MAY 10, 2017 THROUGH SEPTEMBER 25, 2020:** Separately list below each and every purchase or acquisition (including free receipts) of Precigen Common Shares from the opening of trading on May 10, 2017 through the close of trading on September 25, 2020. (Must document.)

| Date of Purchase/ Acquisition (list chronologically by month/day/year) | Number of Shares Purchased or Acquired | Purchase or Acquisition Price (Per Share) | Total Purchase or Acquisition Price (excluding any taxes, commissions, and fees) | *Check box if copy of proof of purchase is enclosed* |
|---|---|---|---|---|
| / / | | $ | $ | □ |
| / / | | $ | $ | □ |
| / / | | $ | $ | □ |
| / / | | $ | $ | □ |
| / / | | $ | $ | □ |
| / / | | $ | $ | □ |

**3. PURCHASES/ACQUISITIONS FROM SEPTEMBER 26, 2020 THROUGH DECEMBER 24, 2020:** State the total number of Precigen Common Shares purchased or acquired (including free receipts) from the opening of trading on September 26, 2020 through the close of trading on December 24, 2020. If none, write "zero" or "0" here→_____

| | |
|---|---|
| **4. SALES FROM MAY 10, 2017 THROUGH DECEMBER 24, 2020:** Separately list below each and every sale or disposition (including free deliveries) of Precigen Common Shares from the opening of trading on May 10, 2017 through the close of trading on December 24, 2020. (Must document.) | *If NONE, check box* □ |

| Date of Sale (list chronologically by month/day/year) | Number of Shares Sold | Sale Price (Per Share) | Total Sale Price Per Share (excluding any taxes, commissions, and fees) | *Check box if copy of proof of sale is enclosed:* |
|---|---|---|---|---|
| / / | | $ | $ | □ |
| / / | | $ | $ | □ |
| / / | | $ | $ | □ |
| / / | | $ | $ | □ |
| / / | | $ | $ | □ |
| / / | | $ | $ | □ |

| | |
|---|---|
| **5. HOLDINGS AS OF DECEMBER 24, 2020:** State total number of Precigen Common Shares you held as of the close of trading on December 24, 2020. (Must document.) If none, write "zero" or "0" here _____ | *Check box if proof of position is enclosed* □ |

*IF YOU REQUIRE ADDITIONAL SPACE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE, AND ALSO SIGN EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX* ☐

Note: Information about your transactions in Precigen Common Shares from September 26, 2020 through December 24, 2020 is needed to validate your Claim; however, shares purchased on/or after September 26, 2020 are **not eligible** for any recovery under the Settlement or the Plan of Allocation.

*YOU **MUST** READ AND SIGN THE RELEASE BELOW.*

**PART IV: RELEASE**

1.     I (we) hereby fully, finally, and forever settle, release, and discharge each of the Released Defendant Persons (as defined in the Notice) from each of the Released Claims (as defined in the Notice).

2.     I (we) hereby warrant and represent that I (we): have not assigned or transferred, voluntarily or involuntarily, any of my (our) Released Claims or any other part thereof; have not submitted any other claim covering the same purchases or acquisitions of Precigen Common Shares during the Class Period; and have no knowledge of any other Person having done so on my (our) behalf.

3.     I (we) hereby warrant and represent that I (we) have included herein true and correct information, and submitted true and correct copies of supporting documentation, as to all of my (our) transactions in Precigen Common Shares, as requested in Part III, from May 10, 2017 through December 24, 2020, inclusive, and the number of Precigen Common Shares held by me (us) at the close of trading on May 9, 2017 and on December 24, 2020.

4.     I (we) certify that I am (we are) *NOT* subject to backup tax withholding. (If the Internal Revenue Service has notified you that you are subject to backup withholding, please strike out the prior sentence.)

5.     I (we) submit to the jurisdiction of the U.S. District Court for the Northern District of California with respect to my (our) Claim as a Settlement Class Member and for purposes of enforcing the releases set forth above.

6.     I (we) declare under penalty of perjury under the laws of the United States that all of the information submitted by me (us) as part of this Claim Form is true and correct.

Signed on _____[month]/_____[day]/_____[Year]

_____          _____
(Signature of beneficial owner)                                            (Signature of co-beneficial owner, if any)

_____          _____
(Type or print your name here)                                            (Type or print your name here)

_____          _____
(Title if signing for corporate entity, or your capacity if           (Title if signing for corporate entity, or your capacity if
signing as, *e.g.*, executor, trustee, etc., and attach               signing as, *e.g.*, executor, trustee, etc., and attach
documentation of your authority)                                         documentation of your authority)

**Reminder Checklist**:

1.  You must sign the above release and acknowledgment.
2.  Remember to attach copies of supporting documentation.
3.  Do not send originals of certificates or other documentation as they will not be returned.
4.  Keep a copy of your Claim Form and all supporting documentation for your records.
5.  If you move, please send your new address to the address below.
6.  Do not use red pen or highlighter on the Claim Form or any supporting documentation.
7.  Accurate claims processing takes significant time. Thank you for your patience.

*Do not mail or send your Claim Form to the Court, the Parties, or their counsel. Submit your Claim Form **only** to the Claims Administrator (A.B. Data) at the email or online address listed below. Remember, this Claim Form must be submitted online or mailed no later than November 25, 2023, to:*

*Precigen Securities Litigation Settlement*
c/o A.B. Data
P.O. Box 173117
Milwaukee, WI 53217
Online Submissions: www.PrecigenSecuritiesLitigation.com

# EXHIBIT C

# Scott+Scott Attorneys at Law LLP Announce Pendency of Class Action And Proposed Settlement For All Persons and Entities Who Purchased or Otherwise Acquired Publicly Traded Shares of the Common Stock of Precigen Inc., Between May 10, 2017 and September 25, 2020, Inclusive

NEWS PROVIDED BY
**Scott+Scott Attorneys at Law LLP →**
14 Aug, 2023, 10:00 ET

NEW YORK, Aug. 14, 2023 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN JOSEPH ABADILLA, et al. <br><br> Plaintiffs, <br><br> v. <br><br> PRECIGEN, INC., et al., <br> Defendants. | Case No.: 5:20-cv-06936-BLF <br><br> <u>CONSOLIDATED CLASS ACTION</u> |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND**

**PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING;**

**<u>AND (III) MOTION FOR ATTORNEY'S FEES AND LITIGATION EXPENSES</u>**

**TO:** All Persons and entities who purchased or otherwise acquired publicly-traded shares of the common stock of Precigen Inc. (f/k/a Intrexon Corporation) ("Precigen") (ticker: PGEN, formerly XON) between May 10, 2017 and September 25, 2020, inclusive (the "Class Period") and were damaged thereby (the "Settlement Class"):[1]

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United State District Court for the Northern District of California (the "Court"), that the above-captioned litigation (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that the Lead Plaintiff in the Action, Raju Shah, has reached a proposed settlement of the Action with Defendants Precigen, its former chief executive officer, Randal J. Kirk, and its former officer, Robert F. Walsh III (collectively, the "Defendants"), that, if approved, will (i) provide for the payment of U.S. $13,000,000.00 in cash for the benefit of the Settlement Class, and (ii) resolve, settle, dismiss and release all claims asserted in the Action against the Defendants (and their Related Persons).

A hearing will be held on October 19, 2023 at 9:00 a.m. Pacific Time, before the Hon. Beth Labson Freeman by telephone or videoconference.  At the hearing, the Court will determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against all Defendants, and whether the releases specified and described in the Stipulation and Agreement of Settlement, dated March 1, 2023 (and in the Notice) should be granted; (iii) whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiff should be certified as Class Representative for the Settlement Class, and Scott+Scott Attorneys at Law LLP ("Plaintiff's Lead Counsel") should be appointed as Class Counsel; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Plaintiff's counsel's application for an award of attorney's fees and reimbursement of litigation expenses (including an award to the Lead Plaintiff) should be approved.

**If you are a member of the Settlement Class (a "Settlement Class Member"), your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**.  If you have not yet received the Notice and Claim Form, you may obtain

copies of these documents by contacting the Claims Administrator, A.B. Data, Ltd., at Precigen Securities Litigation, c/o A.B. Data, P.O. Box 173117, Milwaukee, WI 53217, 1-866-540-4950.  Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator at www.PrecigenSecuritiesLitigation.com.

If you are a Settlement Class Member, to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form **postmarked (if mailed), or online, no later than November 25, 2023**, in accordance with the instructions set forth in the Claim Form.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any releases, judgments, or orders entered by the Court in the Action.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is **postmarked no later than September 26, 2023**, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Plaintiff's Counsel's Fee and Expense Application, must be filed with the Court and delivered to Plaintiff's Counsel and defendant Precigen's counsel such that they are **filed or postmarked no later than September 26, 2023**, in accordance with the instructions set forth in the Notice.

**Please do _not_ contact the Court, the Clerk's office, Precigen, the other Defendants, or their counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Plaintiff's Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to:

SCOTT+SCOTT ATTORNEYS AT LAW LLP

William C. Fredericks, Esq.

The Helmsley Building

230 Park Ave., 17th Floor

New York, NY 10169

1-800-404-7770

scottcases@scott-scott.com


Requests for the Notice and Claim Form should be made to:


*Precigen Securities Litigation Settlement*

c/o A.B. Data

P.O. Box 173117

Milwaukee, WI 53217

www.PrecigenSecuritiesLitigation.com


                                                           BY ORDER OF THE COURT

---

[1]   Certain persons and entities are excluded from the Settlement Class by definition, as set forth in the long-form Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Attorney's Fees and Litigation Expenses (the "Notice"), a copy of which may be downloaded from the settlement website maintained by the Claims Administrator at www.PrecigenSecuritiesLitigation.com


SOURCE Scott+Scott Attorneys at Law LLP



# PRN Top Stories Newsletters

Sign up to get PRN's top stories and curated news delivered to your inbox weekly!

Enter Your Email

Select Country

Submit

By signing up you agree to receive content from us.
Our newsletters contain tracking pixels to help us deliver unique content based on each subscriber's engagement and interests. For more information on how we will use your data to ensure we send you relevant content please visit our PRN Consumer Newsletter Privacy Notice. You can withdraw your consent at any time in the footer of every email you'll receive.