

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN RE PRECIGEN INC.SECURITIES
LITIGATION

Case No. 5:20-cv-06936-BLF

NOTICE OF OBJECTION BY
LAWRENCE B DVORES TO
PROPOSED SETTLEMENT AND
AWARD OF ATTORNEYS FEES
IN THIS CLASS ACTION

## INTRODUCTION

I am a member of this class action purportedly represented by plaintiff's counsel. Below is the list of trade dates for my purchases and sales of Precigen common stock formerly known as Intrexon both before and during the period covered by the terms of this class action.

CAPITAL LOSSES

05/08/2017 300 bought at $20.194        12/19/2022 300 sold at $1.53
$5,599.20

05/11/2017 400 bought at $22.607        12/19/2022 400 sold at $1.53
$8,436.80

05/15/2017 200 bought at $26.442        12/19/2022 200 sold at $1.53
$4,982.40

11/10/2017 600 bought at $12.370        12/19/2022 600 sold at $1.53
$6,504.00

**TOTAL CAPITAL LOSS IF ALL FOUR PURCHASES ARE INCLUDED   $25,522.40**

**TOTAL CAPITAL LOSS IF MAY 8, 2017 PURCHASE IS EXCLUDED   $19,923.20**

**Total recovery provided by terms of proposed settlement for this class action $2 ,268**

I am objecting to the proposed settlement of this class action for total of  only $13,000,000.  I am also objecting to plaintiff's counsel application for an award of $3,250,000 for attorneys' fees to be paid from the settlement.

I am entering this objection on a pro se basis and I do not represent any other class member. I have no connection to any of the parties and no connection with any of the attorneys and law firms involved in this case.

## REASONS FOR OBJECTION

### THE LIMITATIONOF THE CLASS MEMBERSHIP PERIOD TO BEGIN MAY 10, 2017 IS ILLOGICAL AND UNREASONABLE.

The limitation of the class membership period to begin on May 10,2017 is illogical and unreasonable. In particular, the  defendants' misleading statements and efforts  to mislead investors regarding its leadership in the field of Synthetic Biology and  progress of its plan to  use   cheap natural gas in place of more expensive pure methane  for   producing high value organic compounds began well before May 10. 2017, the date selected by plaintiffs' counsel as the beginning of the class action period simply because this was the date of certain false reports filed with the SEC.

As previously declared in the INTRODUCTION, I  made my first purchase of Precigen on May 8, 2017  (300 shares at $20.194 )  I made this purchase without checking SEC filings. Instead like many other investors , I  relied on the various broker analyst reports which had positive comments about Precigen since they apparently were also duped by defendants' phony claims about non-existent progress to the goal of using natural gas as cheap feedstock for making huge profits from high value organic compounds.

Based on my own experience in buying Precigen at inflated prices shortly before May 10, 2017, I contend the period for this class action is too narrowly focused on Defendants SEC violations which although significant should not serve to exclude other Precigen shareholders  from being treated as similarly situated and eligible for inclusion in this class action even if the shares were bought before May 10, 2017.

## 2.

## THE SETTLEMENT OFFER IS UNFAIR AND INADEQUATE.

The settlement offer of $13,000,000 or about $.10 per share after deduction of up to $3,250,000 for attorneys' fees plus some other miscellaneous expenses is grossly unfair and inadequate compared to the extended period of misrepresentations and federal security violations committed by defendants which resulted in huge losses of many dollars per share for public shareholders.

In my own situation as reported in the INTRDUCTION, I had a total capital loss of $19,923.20 if my May 8, 2017 purchase is excluded as outside the dates  of this class action and therefore my settlement recovery would be limited to $2,268 before deduction of any award for attorneys' fees and other expenses . I calculate this as a gross recovery of $.1138 per share. I consider this inadequate and unfair and a breakdown of our system of justice and the public policy goal of protecting public shareholders from corporate management misconduct and misrepresentation.

## 3.

## THE NOTICE OF THE PROPOSED SETLEMENT SENT TO SHAREHOLDERS OMITS A MATERIAL FACT  BEARING ON WHETHER THE SETTLEMENT IS REASONABLE OR SHOULD BE REJECTED.    IN PARTICULAR,  THE NOTICE OF THE PROPOSED SETTLEMENT IS DEFECTIVE  SINCE   IT DID NOT GIVE CLASS MEMBERS IMPORTANT INFORMATION ABOUT SEC ACTIONS WHICH  HELP PROVE  PLAINTIFFS ALLEGATIONS ABOUT DEFENDANTS' FRAUD AND MISCONDUCT.

In accordance with class action rules of procedure, plaintiff's counsel has submitted a Notice about the proposed settlement for class members to examine to learn about the litigation and the proposed settlement to end the litigation. This notice should summarize all material factors which shareholders should consider in deciding whether to approve or reject the settlement. Accordingly ,plaintiffs counsel has provided a detailed explanation of defendants' defenses to avoid liability and prevent a judgment in favor of the class. The Notice also asks members to   consider the further delay and  risk  of a much smaller or no recovery  if  the settlement is rejected

This is all pretty standard and appropriate. However, it seems rather odd that plaintiffs counsel failed to mention that  the SEC began an investigation in 2018 into the claims against defendants which form the basis for the class action complaint and that following this investigation on September 25, 2020  the SEC issued a cease -and desist order against  Precigen. In addition, the company agreed to pay a $2,500.000 penalty to the SEC.  I contend this is a material factor in evaluating which side has the upper hand in this litigation and whether the plaintiff class members have a good chance of prevailing in a jury trial of this lawsuit.

The failure to include this information about this SEC action in this Proposed Settlement Notice seems incomprehensible.  In  any event it effectively prevented class members from having a fair opportunity to evaluate their chances of prevailing  in a  jury trial of this class action  and this is another reason why the proposed settlement should be rejected

4.

## PLAINTIFFS' COUNSEL APPLICATION FOR AN AWARD OF $3,250,000 FOR ATTORNEYS FEES IS UNJUSTIFIED AND SHOULD BE REJECTED.

I recognize that  plaintiffs' attorneys, Scott + Scott Attorneys at Law LLP is a top level   national and global law firm with expertise in complex securities cases and a record of major victories and recoveries in securities class actions whether by trial or by settlement.  It is also clear that the Scott + Scott attorneys serving as

plaintiffs' attorneys in this class action are highly qualified  professionals and this is  confirmed by the various actions, pleadings, and other filings which are referenced in the Notice of the proposed settlement sent to plaintiff class members.

Based on these factors I am very disappointed by the proposed settlement which I regard as almost a giveaway to the defendants compared to the huge losses suffered by the class and  because defendants are getting a comprehensive total release from the consequences of  their misconduct as a result of this settlement.

Under the Federal Rules for Class Actions, the basic test for awarding attorneys' fees must be based on results and not the efforts of the plaintiff's attorneys. Accordingly, based on the overall results in this case, and its potential if taken to a jury trial,  plaintiffs' attorneys have not met this test and do not deserve an award of $3,250,00 which represents 25% of a very  low  gross settlement.

Respectfully submitted,                                          Dated: September 26, 2023

Lawrence B. Dvores                                              973-535-5000  (office)
28 Sherbrooke Parkway
Livingston, N.J. 07039                                          ldvores@yahoo.com