John T. Jasnoch (CA 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
jjasnoch@scott-scott.com

William C. Fredericks (*pro hac vice*)
Jeffrey P. Jacobson (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6464
Facsimile:  212-223-6334
wfredericks@scott-scott.com
jjacobson@scott-scott.com

*Attorneys for Lead Plaintiff Raju Shah and*
*Lead Counsel for the Putative Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| MARTIN JOSEPH ABADILLA, et al.,<br><br>      Plaintiff,<br><br>v.<br><br>PRECIGEN, INC., et al.,<br><br>      Defendants. | Case No.: 5:20-cv-06936-BLF<br><br>Dept.:  Courtroom 3, 5th Floor<br>Judge: Hon. Beth Labson Freeman |
| *This Document Relates to:*<br><br>*ALL CONSOLIDATED ACTIONS* | |

**PLAINTIFF'S UNOPPOSED MOTION FOR AUTHORIZATION TO DISTRIBUTE NET SETTLEMENT FUND AND MEMORANDUM OF LAW IN SUPPORT**

**TABLE OF CONTENTS**

STATEMENT OF ISSUES TO BE DECIDED ............................................................................ii

MEMORANDUM OF POINTS & AUTHORITIES ....................................................................1

      I.      BACKGROUND...................................................................................................1

      II.     CLAIMS PROCESSING........................................................................................1

      III.    A.B. DATA'S CLAIM DETERMINATIONS...........................................................3

      IV.    FEES & EXPENSES IN CONNECTION WITH INITIAL DISTRIBUTION ....................................................................................................4

      V.     DISTRIBUTION PLAN FOR THE NET SETTLEMENT FUND.............................4

      VI.    CONCLUSION ...................................................................................................5

**NOTICE OF MOTION**

TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that lead plaintiff Raju Shah ("Lead Plaintiff"), by and through his counsel ("Lead Counsel"), hereby moves this Court for an Order: (i) approving the Claims Administrator's administrative determinations to accept or reject claims submitted herein; (ii) authorizing the distribution of the Net Settlement Fund to Class Members whose claims have been accepted as valid and approved by the Court, pursuant to the Distribution Plan (defined below); (iii) establishing a bar date beyond which new claims will not be allowed and claims cannot be adjusted; and (iv) authorizing the destruction of Claim Forms after the distribution is complete.[1]

Pursuant to the Stipulation (ECF No. 128), Defendants have no interest in the relief sought by this motion. *See* Stip., ¶2.3 ("The Settlement is non-recapture, *i.e.*, it is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Released Defendant Person, or any other Person or entity who or which paid any portion of the Settlement Amount (including, without limitation, any Defendants' insurance carriers), shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever."). Additionally, Lead Counsel has conferred with counsel for Defendants, and they take no position on the relief requested by this Motion.

This Motion is supported by the following memorandum of points and authorities and the accompanying Watler Decl. A proposed Distribution Order (defined below) is submitted herewith.

**STATEMENT OF ISSUES TO BE DECIDED**

(i)    Whether the Court should approve the Claims Administrator's administrative determinations to accept or reject claims submitted herein.

(ii)    Whether the Court should authorize the distribution of the Net Settlement Fund to Class Members whose claims have been accepted as valid and approved by the Court, pursuant to the Distribution Plan proposed by the Claims Administrator

---

[1]    Unless otherwise indicated herein, all capitalized terms herein shall maintain the same meanings as those set forth in the Stipulation and Agreement of Settlement, dated March 1, 2023, (ECF No. 128) ("Stip.") or Declaration of Adam D. Walter in Support of Plaintiff's Motion for Authorization to Distribute Net Settlement Fund ("Walter Decl."), concurrently filed herewith.

## MEMORANDUM OF POINTS & AUTHORITIES

### I.    BACKGROUND

The Court has approved the Stipulation entered into by Lead Plaintiff, on behalf of himself and the Class, and Defendants.[2]  The Stipulation sets forth the terms of the Settlement, which represents the resolution of this Action with respect to Defendants Precigen, Inc. ("Precigen"), Randal J. Kirk, and Robert F. Walsh III (collectively, "Defendants").  Pursuant to the terms of the Settlement, $13,000,000.00 in cash was deposited in escrow for the benefit of the Settlement Class.

In accordance with the Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement, for Issuance of Notice to the Class, and for Scheduling of Fairness Hearing, dated July 7, 2023 (ECF No. 135) (the "Preliminary Approval Order"), A.B. Data has mailed the Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing, and Motion for Award of Attorneys' Fee and Reimbursement of Expenses ("Notice") and Proof of Claim and Release Form ("Claim Form") (collectively, "Notice Packet")[3] to potential Class Members, brokers, and other nominees.  As set forth in the accompanying Walter Decl., A.B. Data has disseminated 72,583 Notice Packets to potential Class Members and nominees.  Walter Decl., ¶4.  The Notice informed Class Members that if they wished to be eligible to participate in the distribution of the Net Settlement Fund, they were required to submit Proofs of Claim by no later than November 25, 2023.

The Court-approved the Plan of Allocation[4] and the Settlement's Effective Date has occurred.  Stip., ¶10.1.  Accordingly, the Net Settlement Fund may be distributed to Authorized Claimants, subject to Court approval.  *Id.*, ¶4.14.  Pursuant to the Stip., Lead Plaintiff respectfully requests the Court to enter the proposed Distribution Order, as set forth herein.

### II.    CLAIMS PROCESSING

As detailed in the Walter Decl. (¶3), all 18,961 claims received by A.B. Data through August 5, 2024, have been processed in accordance with the Stip. and Court-approved Plan of Allocation set

---

[2]    Order (1) Granting Final Approval of Class Action Settlement and Plan of Allocation and (2) Granting Motion for Attorneys' Fees and Costs and Class Representative Service Award (ECF No. 151) (the "Final Approval Order"); Final Judgement (ECF No. 152).

[3]    Preliminary Approval Order, Exhibits 1 & 2.

[4]    Preliminary Approval Order, ¶5; Final Approval Order, 18-19.

forth in the Notice, and A.B. Data has worked with Claimants to help them perfect their claims.  Many of the claims initially submitted were deficient or ineligible for one or more reasons, including not being signed, not being properly documented, or being otherwise deficient.  *Id.*, ¶¶21, 25.

If a paper claim or online claim submitted through the case website was determined to be defective or ineligible, a Notice of Rejection of Claim or a Notice of Partial Rejection of Claim ("Deficiency Notice") was sent to the Claimant describing the defect(s) and what was necessary to cure any "curable" defect(s) in the claim.  *Id.*, ¶23.  Large claims, containing hundreds or thousands of transactions, were submitted electronically to A.B. Data's Securities Team for processing ("Electronic Claims").  If an Electronic Claim was determined to be defective or ineligible, A.B. Data notified the filer of the deficiencies or conditions of ineligibility by emailing a Transaction Report, which listed the specific claims that were incomplete along with a list of the specific portions of claims that were incorrect or incomplete so that the conditions could be cured.  *Id.*, ¶25.

A.B. Data carefully reviewed Claimants' responses to the Deficiency Notices and worked with them to resolve deficiencies where possible.  *Id.*, ¶¶24, 26, 31-33. The administration was also subject to A.B. Data's rigorous quality assurance reviews and screening for potentially fraudulent filers.  *Id.*, ¶¶34-36.  Consistent with the terms of the Stipulation (¶4.9), the Deficiency Notices and emails to Electronic Claim Filers specifically advised the Claimant or filer that he, she, or it had the right, within 20 days after the mailing of the notification, to contest the rejection of the claim and request Court review of the administrative determination of the claim.  Walter Decl., ¶¶23, 25.  An example of such a letter is attached as Exhibit A to the Walter Decl.

A.B. Data received requests for a review by the Court of its administrative determinations for 16 Claims (by 12 Claimants).  *Id.*, ¶27.  A.B. Data attempted to contact each of the Claimants requesting Court review in order to explain A.B. Data's claim determinations, respond to questions, and facilitate the submission of missing information or documentation.  *Id.*  As a result of these efforts, 12 Claims (by 11 Claimants) for which Court review had been requested have either been cured or retracted.  *Id.*  Four disputed Claims (by one Claimant) remains ("Disputed Claims").  *Id.*, ¶28. The Disputed Claims have no Recognized Loss under the Court-approved Plan of Allocation because they had a "market gain" for the purchases and sales during the Class Period.  *Id.*; Exhibit B.  Pursuant to

2

the Plan of Allocation, "To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Precigen Shares during the Class Period, the value of the Claimant's Recognized Claim shall be zero."  Notice at 13.

## III.    A.B. DATA'S CLAIM DETERMINATIONS

As set forth in the Walter Decl., of the 18,961 claims received and processed by A.B. Data through August 5, 2024, A.B. Data has determined that 7,105 are acceptable, in whole or in part, and that 11,856 should be wholly rejected because they are ineligible for payment from the Net Settlement Fund.  Walter Decl., ¶37. A.B. Data rejected claims for: (a) failing to report an eligible purchase during the Class Period (3,595), (b) not resulting in a Recognized Loss under the Court-approved Plan of Allocation (6,624), and (c) being duplicates or withdrawn claims (1,637).  *Id*.  The Court should affirm A.B. Data's rejection of these claims.  *Sudunagunta v. Nantkwest, Inc.*, No. 16-cv-1947, 2019 WL 13060483, at \*1 (C.D. Cal. Dec. 9, 2019) (affirming rejection of claims that did not report an eligible class period purchase, did not result in a recognized loss, and duplicate and withdrawn claims).

The 18,961 claims processed by A.B. Data include 3,430 claims that were postmarked or received after the Court-approved claim filing deadline of November 25, 2023, of which 1,075 are, but for the late submission, otherwise eligible.  Walter Decl., ¶29.  While these claims were late, they were received while the processing of timely claims was ongoing, and due to the amount of time needed to process the timely claims received, the processing of these late claims did not delay the completion of the claims administration process or the distribution of the Net Settlement Fund.  Lead Counsel has discretion to accept claims submitted after the filing deadline.[5]  It is respectfully submitted that it would be unfair to prevent an otherwise eligible Claimant from participating in the Net Settlement Fund solely because a claim was submitted after the Court-approved claim filing deadline, when it was submitted while timely claims were still being processed.

To facilitate the efficient distribution of the Net Settlement Fund, however, there must be a final cut-off date for claims.  Lead Counsel, in consultation with A.B. Data, respectfully request the

---

[5]    *See* Preliminary Approval Order, ¶21(b) ("Notwithstanding the foregoing, Class Counsel may, in its discretion (a) accept for processing late submitted claims, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed; and (b) waive what Class Counsel deem to be *de minimis* or technical defects in any Proof of Claim submitted").

3

Court order that any new claims and any adjustments to previously filed claims, which would result in an increased Recognized Claim amount, received after August 5, 2024, be barred.[6]  Walter Decl., ¶30.

A list of the Claims submitted and their ultimate disposition is attached to the Walter Decl. at Exhibit C: Exhibit C-1 lists all timely filed, provisionally-accepted Claims and states each Claim's Recognized Claim; Exhibit C-2 lists all late-filed (*i.e.*, Claims with a postmark or received after November 25, 2023, and received on or before August 5, 2024), provisionally-accepted Claims and states each Claim's Recognized Claim; and Exhibit C-3 lists all wholly-rejected Claims and states the reason for each rejection.  Lead Plaintiff respectfully requests the Court approve A.B. Data's administrative determinations accepting and rejecting claims as set forth in the Walter Decl.

## IV.    FEES & EXPENSES IN CONNECTION WITH INITIAL DISTRIBUTION

Lead Counsel received reports on all of the work A.B. Data has performed in administering the Settlement to date.  *Id.*, ¶40.  Exhibit D to the Walter Decl. are copies of all A.B. Data invoices for its work performed and an estimate for work and costs that will be performed and incurred in connection with the Initial Distribution.  As set forth on these invoices, the cost of administration for this project through the Initial Distribution is $267,150.75.  To date, A.B. Data has received payment in the amount of $232,815.11.  If the estimate to complete the Initial Distribution is greater than the actual costs, A.B. Data will promptly refund the difference to the Net Settlement Fund.  *Id.*

## V.    DISTRIBUTION PLAN FOR THE NET SETTLEMENT FUND

A.B. Data recommends the following plan for the distribution of the Net Settlement Fund, which is set forth in ¶41 of the Walter Decl. (the "Distribution Plan").

### A.    Distribution of Net Settlement Fund

Pursuant to the proposed Distribution Plan, A.B. Data will distribute 100% of the Net Settlement Fund, after deducting distribution payments, any estimated taxes (and the costs of preparing tax returns), and any bank escrow fees, to Authorized Claimants who would receive at least $10.00 based on their Recognized Claim amount calculated pursuant to the Plan of Allocation.  *Id.*[7]

---

[6]    Should an adjustment received result in a lower Recognized Claim amount, that adjustment will be made and the Recognized Claim amount will be reduced accordingly.  Walter Decl., ¶30 n. 3.

[7]    Such "*de minimis*" amounts are regularly established to promote cost effective distributions and to avoid incurring costs that surpass the amounts paid to claimants.

4

To encourage Authorized Claimants to promptly deposit their checks, Lead Plaintiff proposes the distribution checks bear the following notation: "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 60 DAYS OF DISTRIBUTION." Those who do not negotiate their checks within the time allotted or on the conditions set forth in Walter Decl., ¶41 will irrevocably forfeit all recovery from the Settlement and uncashed funds will be available to be distributed to other Authorized Claimants in subsequent distribution.

### B.    Additional Distribution(s) of Net Settlement Fund

After A.B. Data has made reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks, no earlier than six months after the Initial Distribution, A.B. Data will, if Lead Counsel, in consultation with A.B. Data, determine that it is cost effective to do so, conduct a second distribution of the Net Settlement Fund (the "Second Distribution"). In the Second Distribution, any amounts remaining in the Net Settlement Fund after the Initial Distribution, after deducting A.B. Data's fees and expenses incurred administering the Settlement for which it has not yet been paid (including the estimated costs of a Second Distribution), and after payment of any taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants who cashed their Initial Distribution check and would receive at least $10.00. *Id.*

If cost effective, subsequent distributions of the funds remaining in the Net Settlement Fund to Authorized Claimants who have cashed their prior checks will take place in reasonable intervals thereafter until it is no longer economically feasible to do so. *Id.* At such time as Lead Counsel, in consultation with A.B. Data, determine that further distribution is not cost effective, the remaining balance of the Net Settlement Fund will be contributed to Investor Protection Trust, a non-profit Section 501(c)(3) organization devoted to investor education. *Id.*; Stip., ¶4.15.

### VI.    CONCLUSION

Lead Plaintiff respectfully requests that the Court approve this unopposed motion and enter the proposed Distribution Order submitted herewith.[8]

---

[8]    Pursuant to the Northern District of California's Procedural Guidelines for Class Action Settlements, within 21 days after the settlement checks become stale, Lead Counsel will file (and post on the Action's website) a Post-Distribution Accounting containing all required information.

5

DATED:  August 20, 2024

Respectfully submitted

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*s/ William C. Fredericks*

William C. Fredericks (*pro hac vice*)
Kristen M. Anderson (CA 246108)
Jeffrey P. Jacobson (*pro hac vice*)
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6464
Facsimile:  212-223-6334
wfredericks@scott-scott.com
kanderson@scott-scott.com
jjacobson@scott-scott.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
John T. Jasnoch (CA 281605)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
jjasnoch@scott-scott.com

*Lead Counsel for the Putative Class and Attorneys for Lead Plaintiff Raju Shah*

**THE SCHALL LAW FIRM**
Brian J. Schall (CA 290685)
1880 Century Park East, Suite 404
Los Angeles, CA 90067-1604
Telephone: 310-301-3335
Facsimile:  310-388-0192
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Raju Shah*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 20, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.


        s/ *William C. Fredericks*
        William C. Fredericks

---

7